# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci

        Debtors.

_____/

Teodor Gelov,

        Plaintiff,

v.

Joseph G. DuMouchelle and Melinda
J. Adducci,

        Defendants.

_____/

Chapter 7

Case No. 19-54531

Honorable Phillip J. Shefferly

Adversary Pro. No. 20-04172

## **PLAINTIFF'S REPORT OF PARTIES RULE 26(f) CONFERENCE**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, made applicable to this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure, the parties, Teodor Gelov ("Plaintiff") and Joseph G, DuMouchelle and Melinda J. Adducci (collectively, "Defendants") began discussions and exchanges of a draft Rule 26(f) Report on May 14, 2020 ("Report"). Although counsel for Plaintiff and Defendants agreed to a form of Report, subject to client approval, Defendants have not yet authorized the filing of the Report. Therefore, Plaintiff is submitting its portion of the Report, based on today being the due date for the Report.

**Parties participating in the Rule 26(f) conference:**

    Jay L. Welford, on behalf of Plaintiff.

    Robert Bassel, on behalf Defendants.

**I.**    **Date of the Rule 26(f) conference:**

    May 14-20, 2020.

## II.     Certification:

The undersigned counsel certifies that, after consultation with its client, it has discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with its client, has developed the following proposed case management plan.  Counsel further certifies that it has forwarded a copy of this report to its client.

## III.    Jurisdiction:

### A.     Subject Matter Jurisdiction

Subject matter jurisdiction is not contested.  This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).  This adversary proceeding is a core proceeding.  Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1391 and 1409.

### B.     Personal Jurisdiction

Personal jurisdiction is not contested.

## IV.    BRIEF DESCRIPTION OF CASE

Plaintiff has described his claims or defenses, in his own words, without input or alteration by any other party.

### A.     Claims of Plaintiff.

Plaintiff seeks a determination that the indebtedness owed to Plaintiff is non-dischargeable under 11 U.S.C. §§ 523.  Specifically, that the indebtedness owed to Plaintiff was:  (a) procured through false pretenses, false representations and actual fraud, pursuant to 11 U.S.C. §523(a)(2); (b) was the result of fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, pursuant to 11 U.S.C. §523(a)(4); and (c) constituted willful and malicious injury by Defendants to Plaintiff and Plaintiff's property, pursuant to 11 U.S.C. §523(a)(6).

**B.**     **Claims of Defendant**

[To be supplied].

**IV.**     **Discovery Plan**

A.     <u>Initial Disclosures required by Federal Rule of Civil Procedure 26(a)(1)</u>

The parties shall file their initial disclosures by June 15, 2020.

B.     <u>Discovery Plan.</u>

1.     The parties propose to take discovery on all of Plaintiff's claims and Defendants' defenses. Specifically, discovery will relate to establishing or defeating the factual allegations set forth in the Complaint and any defenses and affirmative defenses of Defendants.

2.     All discovery is to be completed by October 31, 2020. There is no perceived need to conduct discovery in phases or limited or focused on a particular issue. If, based on the pending criminal proceedings involving Defendants, a plea arrangement results in a waiver of the previously invoked Fifth Amendment privilege, then the parties may seek a modification of the discovery schedule, based on such a change in circumstance.

3.     There shall be no limit on the number of depositions, interrogatories, requests for production of documents or requests for admission, although the parties agree to an expedited hearing on a party's request that discovery posed be revised or limited, if perceived by the receiving party to be vexatious or interposed for the purpose of delay or harassment. In this proceeding, Defendants have failed to substantively answer any of the allegations of the Complaint, on the basis of the invocation of their Fifth Amendment privilege. Therefore, Plaintiff will be required to prove portions of its case from multiple sources, as it is not anticipated that interrogatories, document production requests, depositions or requests for admissions directed to Defendants will provide any substantive responses, admissions or information.

4.     Any discovery requests shall be responded to within 30 days from the date of service.

5.     Reports from expert witness(es), if any, shall be due on September 30, 2020.

6.     Supplementation under Rule 26(e) shall be required.

7.     Plaintiff agrees that, pursuant to E.D. Mich. LBR 7026-4, the Model Order Relating to the Discovery of Electronically Stored Information approved by the United States District Court for the Eastern District of Michigan on September 20, 2013, subject to any amendments or revisions made to such

Model Order by the United States District Court for the Eastern District of Michigan, shall apply.

8.  The extent to which Defendants shall be permitted to assert their Fifth Amendment privilege may require Court determination.

9.  No orders of the Court under Rule 26(c) or Rule 16(b) or (c) are contemplated.

10. All potentially dispositive motions should be filed by November 15, 2020.

11. The proceeding should be ready for trial by the later of 15 days after determination of any dispositive motions, or December 15, 2020.

12. Trial is expected to take approximately one (1) trial day.

13. A jury trial was not demanded and is waived.

14. This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding.

JAFFE, RAITT, HEUER & WEISS, P.C.

/s/ Jay L. Welford
Jay L. Welford (P34471)
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
jwelford@jaffelaw.com
Dated: May 27, 2020