# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Debtor(s)*

Bankruptcy Petition No. 19-54531-pjs
Hon. Phillip J Shefferly
Chapter 7

---

TEODOR GELOV,

*Plaintiff,*

v.

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Defendant(s)*

Adv. Pro. No. 20-04172-pjs
Hon. Phillip J Shefferly

## RESPONSE TO PLAINTIFF GELOV'S
## MOTION FOR PROTECTIVE ORDER

**NOW COME** the Defendants, JOSEPH G. DUMOUCHELLE and

MELINDA J. ADDUCCI, by and through their counsel, JOHN R. FOLEY, P.C.,

and in *Response and Objection* to Plaintiff's *Motion for Protective Order*, hereby

state as follows:

## Introduction

Nothing about Defendants' Deposition Notice and the Discovery Requests

were or are intended to harass Plaintiff, nor do they in fact harass the Plaintiff.

Further, Plaintiff's claim that he was a "victim of a criminal enterprise" is made

without any offer of facts in support. It has yet to be demonstrated in this litigation whether the Defendants even owe a non-dischargeable sum to Plaintiff, much less the existence of some mythical "criminal enterprise."

Plaintiff is correct that the undersigned knew that Plaintiff is a resident of Indiana; but to the extent this knowledge is offered as evidence of harassment, such claim is nothing more than conjecture and projection. In fact, Plaintiff chose to do business in this jurisdiction and avail himself of the Court of this jurisdiction. There is no reason that he cannot attend an in person deposition at Defendants' counsel's office in Dearborn, Michigan, which office is the nearest to the courthouse.

Plaintiff's statement that "Defendants' counsel scheduled Plaintiffs deposition ... at a time that Defendants' counsel knew that Plaintiff's counsel would be in the State of California[,]" is perhaps the most absurd of all of the allegations. First, Plaintiff's counsel fails to acknowledge that Defendants' counsel *offered to extend all discovery deadlines* in light of Plaintiff's counsel's statement that he, in the middle of this case, determined he would take a four week vacation that just happen to coincide with four of the last six weeks of the discovery period. **Exhibit B**. Plaintiff's counsel declined that offer. **Exhibit B**. Plaintiff appears to suggest that because Plaintiff's counsel determined it appropriate to take a four-week vacation to California, that Defendants should simply have not availed themselves of their right to discovery. Plaintiff does not cite a rule in support of this argument because no

such rule exists. Second, the Court may take judicial notice of the fact that Plaintiff is represented by one of Michigan's largest and most well-regarded law firms. Jaffe Raite Heuer & Weiss, P.C., could, presumably, cover this matter with ease while one of the firm's attorneys takes a well-earned vacation.

In light of the foregoing, Plaintiff's statement that, "No effort whatsoever was made by Defendants' counsel to select a date compatible with the deponent or Plaintiffs counsel's availability[,]" is false. **Exhibit B.**

As to Plaintiff's allegation that Defendants' discovery requests were "facially intended to harass and are not intended to reach the underlying merits of the suit[,]" it is hard to imagine how Plaintiff reached this conclusion when the sum of the discovery was to ask for detailed explanation of, and all documentation supporting, Plaintiff's claims in his complaint.

Plaintiff is correct in pointing out that the exchange regarding the deposition occurred while Defendants and Plaintiff have pending motions to dismiss or for summary judgment. Again, Defendants' counsel, obviously aware of this issue, *offered to extend* the discovery deadlines and subsequent dates by stipulation, and Plaintiff's counsel refused that request. **Exhibit B**.

In fact, the inanity of Plaintiff's current motion can best be understood through this timeline and simplified pseudo-dialogue:

| Plaintiff: | Will you give me an extra two weeks to respond to your motion, since I am going on vacation for four of the last six weeks of discovery? |
|---|---|
| Defendant: | Yes. But please know that I am also about to issue discovery, so we should just extend all of the dates and deadlines, since you will be out of town. |
| Plaintiff: | No. |
| Defendant: | (Issues discovery requests.) |
| Plaintiff: | Can I still have a 1-day extension since it is a holiday for me? |
| Defendant: | Certainly. **Exhibit D.** |
| Plaintiff: | (Files three motions and a discovery request during vacation) |
| Plaintiff to Court: | Please extend discovery. [Dock. No. 54 p.3] |

Not only is Plaintiff *not* entitled to a protective order, but instead Defendant should be awarded costs and fees for having to respond to this blatant attempt by Plaintiff (by far the financially more "enabled" party) to harass the Defendants and drive up the costs of litigation.

## The Legal Standard

Defendants do not object to the legal standard set forth by the Plaintiff.

## Motion to Strike the Deposition Notice

1.     Admitted. However, a Notice was properly served to all parties on September 16, 2020 (**Exhibit** A). Plaintiff's Counsel was also notified via E-mail on Sep 15th and given the option to extend the discovery deadline and response to

Defendant's motion. (**Exhibit** B)

2.      Admitted.

3.      Admitted as to what the rule states. And further, that Defendants counsel made exactly such contact. (**Exhibit** C)

4.      Denied. The notice was filed properly to all parties on September 16, 2020. Plaintiff's Counsel was notified 14 days prior to the Deposition via the Court's CM/ECF System. The deposition notice is within reason. (**Exhibit** A)

5.      Denied. Plaintiff's counsel was notified Via E-mail on September 15, 2020 that Defendant's Counsel would be issuing Discovery on September 16, 2020. Defendant's counsel was also willing to give Plaintiff's Counsel two extra weeks to respond to Defendant's Motion. (**Exhibit** B)

6.      Admitted that said email was sent by Plaintiff's counsel, and that Defendants' counsel had yet to respond, three business days later, when Plaintiff's counsel filed this motion that had obviously been drafted in the intervening time. Defendants hazard no guesses as to Plaintiff's motives.

7.      Neither admitted nor denied.

8.      Denied. "The examining party may set the place for deposition of another party wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2)" *New Paradigm Promotional Mktg., Inc. v. ACF Global Imports, LLC*, CIVIL ACTION NO. 14-cv-11320, 6 (E.D. Mich. Nov. 9, 2015).  Protective orders are not handed out like candy; rather, the movant must show good cause.  Here, Plaintiff has provided no genuine evidence of annoyance, embarrassment, oppression, or undue burden or expense. Plaintiff has thus failed to show good cause for a protective order.

9.      Denied. Defendant's Counsel has taken all proper precautions per the CDC in order to guarantee a safe and non-threatening environment for all parties involved. Defendant's counsel's office is routinely cleaned and disinfected

completely. Defendant's Counsel's office requires all visitors to comply to CDC guidelines for a safe and non-threatening environment.

a. Denied for lack of information as to what Plaintiff means by "higher risk," as Plaintiff provides no cite for this assertion. Furthermore, Defendant's Counsel has taken all proper precautions per the CDC in order to guarantee a safe and non-threatening environment for all parties involved regardless of age. Defendant's Counsel also notes that the name partner of the firm is also over 50, as are many of the firm's clients.

b. Denied for lack of information as to what Plaintiff means by "higher risk," as Plaintiff provides no cite for this assertion. Furthermore, Defendant's Counsel has taken all proper precautions per the CDC in order to guarantee a safe and non-threatening environment for all parties involved regardless of age. Defendant's Counsel also notes that the name partner of the firm is also over 60, as are many of the firm's clients.

c. This order was vacated by the Michigan Supreme Court.

d. This order was vacated by the Michigan Supreme Court.

e. This order was vacated by the Michigan Supreme Court. Further and regardless, Plaintiff and Plaintiff's Counsel are considered essential visitors.

f. Admitted.

g. Denied. Plaintiff did not file a "Motion" but issued a Notice of Taking Deposition.

h. Denied. There is no need to reduce any backlog or dispose of any new cases in this scenario. It is within the Defendant's rights to hold this deposition in Dearborn, Michigan at Defendant's Counsel's Office.

Defendant's Counsel has taken all proper precautions per the CDC in order to guarantee a safe and non-threatening environment for all parties involved. Defendant's office is routinely cleaned and disinfected completely. Defendant's Counsel's office requires all visitors to comply to CDC guidelines for a safe and non-threatening environment. In any event, the deposition at counsel's office has no effect on the Court's use of technology.

      i.   Admitted, and further noted that the deposition is not a hearing that takes place in a public forum.

10.    Denied. The EOs were invalidated by the Michigan Supreme Court, and further, Defendants' Notice of Taking Deposition, and the manner in which he intended to take the in-person deposition, was not in violation of any such orders.

11.    Denied. "The examining party may set the place for deposition of another party wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2)" *New Paradigm*, CIVIL ACTION NO. 14-cv-11320 at 6. There has been no evidence of annoyance, embarrassment, oppression, or undue burden or expense. Plaintiff's Counsel has failed to provide good cause to issue a protective order.

12.    Denied. Defendant's Counsel has taken all proper precautions per the CDC in order to guarantee a safe and non-threatening environment for all parties involved. Defendant's office is routinely cleaned and disinfected completely. Defendant's Counsel's office requires all visitors to comply to CDC guidelines for a safe and non-threatening environment.

13.    Denied. Plaintiff does not state the crime of which he is allegedly the victim, nor has he proven any crime related to the instant case as he seems to imply. In fact, he has not yet even proven his *civil* case to this Court. This paragraph is hyperbole.

14.     This paragraph is a request for relief and no response is required.

**Motion for Protective Order Related to the Discovery Requests**

15.     Denied, Plaintiff's Counsel has failed to provide good cause.

16.     Admitted.

17.     Denied as untrue. Plaintiff's argument in this paragraph appears to overlook the fact that discovery is intended not only to flush out all information that the other party may have in support of his or her claim, but also to limit the ability of the other party to conduct a "trial by surprise." Hence, Defendants' requests ask for all information or documentation that Plaintiff has in support of each allegation. Thoroughness should not be confused with aggression.

18.     Again, Defendants' discovery requests are intended to flush out all information that the Plaintiff may have, in order to avoid a trial by surprise. There is nothing wrong with the very classic triplicate approach taken by the Defendants in their discovery requests.

19.     Denied as untrue. In this case, thoroughness should not be confused with laziness.  Moreover, specific interrogatories go beyond what is in the Complaint to discover, *e.g.*, Plaintiff's experience with offering promissory notes.

20.     Admitted.

21.     Denied as untrue, because the Court's Adversary Proceeding Scheduling Order (Doc. 19, entered June 2, 2020), **Exhibit E**, adopts the REPORT OF PARTIES RULE 26(f) CONFERENCE  for the "Discovery Plan", and said REPORT OF PARTIES RULE 26(f) CONFERENCE (Doc. 16, filed May 27, 2020), **Exhibit F,** states that, "[t]here shall be no limit on the number of depositions, interrogatories, requests for production of documents or requests for admission."

22.     Denied as untrue. Rule 30 does not reference interrogatories. Regardless, the Court's Adversary Proceeding Scheduling Order (Doc. 19, entered June 2, 2020), **Exhibit E**, adopts the REPORT OF PARTIES RULE 26(f)

CONFERENCE for the "Discovery Plan", and said REPORT OF PARTIES RULE 26(f) CONFERENCE (Doc. 16, filed May 27, 2020), **Exhibit F,** states that, "[t]here shall be no limit on the number of depositions, interrogatories, requests for production of documents or requests for admission."

23. Denied. Regardless, the Court's Adversary Proceeding Scheduling Order (Doc. 19, entered June 2, 2020), **Exhibit E**, adopts the REPORT OF PARTIES RULE 26(f) CONFERENCE for the "Discovery Plan", and said REPORT OF PARTIES RULE 26(f) CONFERENCE (Doc. 16, filed May 27, 2020), **Exhibit F,** states that, "[t]here shall be no limit on the number of depositions, interrogatories, requests for production of documents or requests for admission."

24. Denied as untrue. Rule 30 does not reference interrogatories.

25. Denied as untrue that the Plea Agreement relates in any way to this adversary proceeding, or that the Plea Agreement in any way negates Defendants' ability to conduct meaningful discovery in defense of this case. Further, the Plea Agreement speaks nothing about Defendant Melinda Adducci. Further, on advice of their respective criminal attorneys, Defendants (both) may absolutely still assert their Fifth Amendment privileges and, in fact, continue to do so.

26. Denied as untrue. Defendant Joseph DuMouchelle *may* update his discovery to the extent that he can do so without waiving his Fifth Amendment privilege. Melinda Adducci, however, is not a party to the Plea Agreement.

27. Admitted as to the statement of law; Plaintiff provides no support for his legal conclusion and it is inaccurate. Defendant further notes that Defendant Joseph DuMouchelle has not been sentenced, and Defendant Melinda Adducci has not even entered into a Plea Agreement.

28. Denied as untrue. The Plea Agreement relates to a separate matter involving a Mr. Ritter, not Mr. Gelov. Accordingly, Fifth Amendment privileges as to other matters, such as the instant case (and more broadly), remain in effect.

29.     Denied. Defendant did not seek information irrelevant to this proceeding. There is no need to amend discovery requests.

30.     Denied. Defendant's Discovery requests cannot be answered within (a) defendant's own personal knowledge or (b) obtained from sources more convenient to Defendant and less burdensome to Plaintiff. Defendant is not in violation of Rule 26(b)(1) and Rule 30(b)(2)(c). Further, and possibly more importantly, as Defendants stated above, discovery is also intended to flush out all of Plaintiff's information in order for Defendants to understand what is being leveled against them, and to prevent trial by surprise. For this reason alone the requests are accurate, important, and should be allowed.

31.     Denied. Defendant's Discovery Request does not seek information intended as harassment. All information requested is considered relevant.

32.      Denied. All of defendant's requests are relevant and submitted in good faith. There is no need for a protective order.

33.     Admitted subject to the clarification that: (a) Defendants' counsel requested just such an extension; and (b) the Court should stay this case, or at a minimum, extend the dates and deadlines  all out for at least three months, in order to allow the criminal matter to be resolved. Such request is in the best interest of both parties.

34.     Denied as untrue.

## Plaintiff is Entitled to An Award of Costs

35.     It may be inferred from his motion that Plaintiff was offended by the Deposition notice, but Defendants broke no rules and acted entirely within their rights to conduct discovery. The deposition notice was not in violation with L.B.R. 2004-1. A Notice was properly served to all parties on September 16, 2020 (**Exhibit

**A**). Plaintiff's Counsel was also notified via E-mail on Sep 15th and given the option to extend the discovery deadline and response to Defendant's motion (**Exhibit B**). Defendant's Discovery Request does not seek information intended as harassment. All information requested is considered relevant.

  **WHEREFORE,** Defendants, Joseph G. DuMouchelle and Melinda J. Adducci, requests that this Honorable Court deny Plaintiff's *Motion for Protective Order* and Order any additional relief that the Court may deem appropriate.

            Respectfully submitted,
            **JOHN R. FOLEY, P.C.**

            By: */s/ Patrick A. Foley*
            Patrick A. Foley (P74323)
            *Counsel for Defendants*
            18572 W. Outer Dr.
            Dearborn, Michigan 48128
            **telephone**: (313) 274-7377
            **facsimile**: (313) 274-5946
**dated**: October 6, 2020    **email**: pafoley@jrfpc.net

**In the matter of:**

|  |  |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtor(s)* | Bankruptcy Petition No. 19-54531-pjs<br>Hon. Phillip J Shefferly<br>Chapter 7 |
| TEODOR GELOV, *Plaintiff,*<br>v.<br>JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Defendant(s)* | Adv. Pro. No. 20-04172-pjs<br>Hon. Phillip J Shefferly |

## PROOF OF SERVICE

Patrick A. Foley hereby certifies that on October 6, 2020 a copy of the foregoing *Response to Motion for Protective Order* was served upon the following persons via the Court's CM/ECF System:

- Jay L. Welford  jwelford@jaffelaw.com
- Patrick A. Foley  pafoley@jrfpc.net, heidi@jrfpc.net, jesse@jrfpc.net

Respectfully submitted,
**JOHN R. FOLEY, P.C.**

By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
*Counsel for Defendants*
18572 W. Outer Dr.
Dearborn, Michigan 48128
**telephone**: (313) 274-7377
**facsimile**: (313) 274-5946
**dated**: October 6, 2020  **email**: pafoley@jrfpc.net



EXHIBIT

A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Debtor(s)*

Bankruptcy Petition No. 19-54531-pjs
Hon. Phillip J Shefferly
Chapter 7

TEODOR GELOV,
*Plaintiff,*

v.

Adv. Pro. No. 20-04172-pjs
Hon. Phillip J Shefferly

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Defendant(s)*

## NOTICE OF TAKING DEPOSITION OF TEODOR GELOV

**NOW COME** the defendants JOSEPH G. DUMOUCHELLE and MELINDA J. ADDUCCI ("Defendants"), by and through their counsel, JOHN R. FOLEY, P.C., who hereby states as follows:

**PLEASE TAKE NOTICE** that, pursuant Federal Rule of Civil Procedure 30(b)(1) made applicable to this Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7030, the deposition of **TEODOR GELOV** will be conducted by Plaintiffs, through their counsel, on **September 30, 2020** at **9:00 AM** at the offices of John R. Foley, P.C., **18572 W. Outer Drive, Dearborn, MI 48128**. Such deposition shall continue from one day to the next until deemed completed by counsel for the Defendants.

*(Signature on following page)*

Page 1 of 4
20-04172-pjs   Doc 48   Filed 09/16/20   Entered 09/16/20 15:11:43   Page 1 of 4
20-04172-lsg   Doc 62   Filed 10/06/20   Entered 10/06/20 19:18:46   Page 13 of 27

Respectfully submitted,
**JOHN R. FOLEY, P.C.**

By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
*Counsel for Defendants*
18572 W. Outer Dr.
Dearborn, MI 48128
**telephone**: (313) 274-7377
**facsimile**: (313) 274-5946
**dated**: September 16, 2020          **email**: pafoley@jrfpc.net

Page 2 of 4
20-04172-pjs   Doc 48   Filed 09/16/20   Entered 09/16/20 15:11:43   Page 2 of 4
20-04172-lsg   Doc 62   Filed 10/06/20   Entered 10/06/20 19:18:46   Page 14 of 27

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Debtor(s)*

Bankruptcy Petition No. 19-54531-pjs
Hon. Phillip J Shefferly
Chapter 7

---

TEODOR GELOV,
                    *Plaintiff,*

v.

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Defendant(s)*

Adv. Pro. No. 20-04172-pjs
Hon. Phillip J Shefferly

## PROOF OF SERVICE

Patrick A. Foley hereby certifies that on September 16, 2020 a copy of the foregoing <u>Notice of Taking Deposition of Teodor Gelov</u> was served upon the following persons via the Court's CM/ECF System:

- Jay L. Welford        jwelford@jaffelaw.com
- Patrick A. Foley      pafoley@jrfpc.net, heidi@jrfpc.net, jesse@jrfpc.net

… and via email to
- Elliot Crowder        ecrowder@sbplclaw.com

… and via USPS 1st Class Mail to:
- Office of the U.S. Trustee 211 W Fort Street, Suite 700, Detroit, MI 48226

*(Signature on following page)*

Page 3 of 4

20-04172-pjs    Doc 48    Filed 09/16/20    Entered 09/16/20 15:11:43    Page 3 of 4
20-04172-lsg    Doc 62    Filed 10/06/20    Entered 10/06/20 19:18:46    Page 15 of 27

Respectfully submitted,
**JOHN R. FOLEY, P.C.**

By: */s/ Patrick A. Foley*
Patrick A. Foley (P74323)
*Counsel for Defendants*
18572 W. Outer Dr.
Dearborn, MI 48128
**telephone:** (313) 274-7377
**facsimile:** (313) 274-5946
**dated:** September 16, 2020          **email:** pafoley@jrfpc.net

Page 4 of 4
20-04172-pjs    Doc 48    Filed 09/16/20    Entered 09/16/20 15:11:43    Page 4 of 4
20-04172-lsg    Doc 62    Filed 10/06/20    Entered 10/06/20 19:18:46    Page 16 of 27

**EXHIBIT**
tabbies*
*B*

| | |
|---|---|
| **From:** | Patrick Foley |
| **Sent:** | Tuesday, September 15, 2020 3:21 PM |
| **To:** | Jay Welford |
| **Subject:** | RE: Gelov |

In that case, please know that I intend to issue discovery tomorrow.

I presume you would also like to extend the discovery deadline.

Please let me now, and I will draft up a stipulation deadlines out for 2 months, and giving you and extra 2 weeks for the response to the motion.

Please let me know.

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@jrfpc.net
Web: www.jrfpc.net

-----Original Message-----
From: Jay Welford <jwelford@jaffelaw.com>
Sent: Tuesday, September 15, 2020 3:12 PM
To: Patrick Foley <pafoley@jrfpc.net>
Subject: Re: Gelov

I am heading to LA for a month on Saturday.

Jay L. Welford
Jaffe Raitt Heuer & Weiss P.C.
27777 Franklin Road  Ste. 2500
Southfield MI 48034
248-727-1466
jwelford@jaffelaw.com

On Sep 15, 2020, at 3:05 PM, Patrick Foley <pafoley@jrfpc.net> wrote:

**EXTERNAL EMAIL - Be Cautious with Links and Attachments** _____ Mr. Welford:

For how long are you out of town on vacation?

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377

Jaffe Raitt Heuer & Weiss P.C.
27777 Franklin Road Ste. 2500
Southfield MI 48034
248-727-1466
jwelford@jaffelaw.com



EXHIBIT
B

On Sep 15, 2020, at 3:05 PM, Patrick Foley <pafoley@jrfpc.net> wrote:


**EXTERNAL EMAIL - Be Cautious with Links and Attachments**
Mr. Welford:

For how long are you out of town on vacation?


Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@jrfpc.net<mailto:pafoley@jrfpc.net>
Web: www.jrfpc.net<http://www.jrfpc.net>

From: Jay Welford <jwelford@jaffelaw.com>
Sent: Tuesday, September 15, 2020 1:17 PM
To: Patrick Foley <pafoley@jrfpc.net>
Cc: Jay Welford <jwelford@jaffelaw.com>
Subject: Gelov

Can I have a 2 week extension to respond to your motion? I am leaving for a vacation on Saturday.

Jay Welford
jwelford@jaffelaw.com<mailto:jwelford@jaffelaw.com>
248.727.1466

JAFFE RAITT HEUER & WEISS, P.C.
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
www.jaffelaw.com<http://www.jaffelaw.com>

<http://>
<image001.jpg>


Signature: Nothing in this communication is intended to constitute an electronic signature. This email does not establish a contract or engagement.
Confidentiality: This communication may contain confidential privileged information intended for the named recipient(s) only.
If you received this by mistake, please destroy it and notify us of the error.

EXHIBIT

C

| | |
|---|---|
| **From:** | Jay Welford <jwelford@jaffelaw.com> |
| **Sent:** | Wednesday, September 16, 2020 1:36 PM |
| **To:** | Patrick Foley |
| **Cc:** | Jay Welford |
| **Subject:** | RE: Gelov |

We'll stick to the current schedule.

**Jay Welford**
jwelford@jaffelaw.com
248.727.1466

**JAFFE RAITT HEUER & WEISS, P.C.**
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
www.jaffelaw.com

Jaffe
JAFFE RAITT HEUER & WEISS

Signature: Nothing in this communication is intended to constitute an electronic signature. This email does not establish a contract or engagement.
Confidentiality: This communication may contain confidential privileged information intended for the named recipient(s) only.
If you received this by mistake, please destroy it and notify us of the error.

**From:** Patrick Foley <pafoley@jrfpc.net>
**Sent:** Tuesday, September 15, 2020 3:21 PM
**To:** Jay Welford <jwelford@jaffelaw.com>
**Subject:** RE: Gelov

**\*\*EXTERNAL EMAIL - Be Cautious with Links and Attachments\*\***

In that case, please know that I intend to issue discovery tomorrow.

I presume you would also like to extend the discovery deadline.

Please let me now, and I will draft up a stipulation deadlines out for 2 months, and giving you and extra 2 weeks for the response to the motion.

Please let me know.

Sincerely,
Patrick A. Foley
JOHN R. FOLEY, P.C.
Phone: (313) 274-7377
Email: pafoley@jrfpc.net
Web: www.jrfpc.net

-----Original Message-----
**From:** Jay Welford <jwelford@jaffelaw.com>
**Sent:** Tuesday, September 15, 2020 3:12 PM
**To:** Patrick Foley <pafoley@jrfpc.net>
**Subject:** Re: Gelov

I am heading to LA for a month on Saturday.

Jay L. Welford

**Patrick Foley**

---

**From:** Patrick Foley
**Sent:** Monday, September 21, 2020 2:09 PM
**To:** Jay Welford
**Subject:** Re: Motion to Dismiss; Gelov

Of course.

Sincerely,
Patrick A. Foley

On Sep 21, 2020, at 12:47 PM, Jay Welford <jwelford@jaffelaw.com> wrote:

> Day 14 of the response period is Yom Kippur, the holiest day in the Jewish religion and one on which I do not work. Will you grant a one day extension for the filing of the response?

| **Jay Welford** | **JAFFE RAITT HEUER & WEISS, P.C.** | |
| jwelford@jaffelaw.com | 27777 Franklin Rd., Suite 2500 | <image001.jpg> |
| 248.727.1466 | Southfield, MI 48034 | |
| | www.jaffelaw.com | |

Signature: Nothing in this communication is intended to constitute an electronic signature. This email does not establish a contract or engagement.
Confidentiality: This communication may contain confidential privileged information intended for the named recipient(s) only.
If you received this by mistake, please destroy it and notify us of the error.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:

Joseph G. DuMouchelle and Melinda J.        Case No.   19-54531
Adducci                                     Chapter   7
                                           Hon. Phillip J. Shefferly

_____Debtor(s),_____/

Teodor Gelov
           Plaintiff(s),

v.

                                     Adv. Proc. No.   20-04172

Joseph G. DuMouchelle and Melinda J.
Adducci

_____Defendant(s),_____/

## ADVERSARY PROCEEDING SCHEDULING ORDER

On April 29, 2020, the Court issued a notice scheduling an initial conference in this adversary proceeding for June 1, 2020. The notice required the parties to confer in advance and file a joint written report of their conference under Fed. R. Bankr. P. 7016 and 7026.

On May 27, 2020, the Plaintiff filed a draft of the report (ECF No. 16) that stated that it was not approved by the Defendants. On June 1, 2020, the Court held the conference. Counsel for the Defendants advised the Court that he had received an email the morning of the conference informing him that the Defendants were terminating his services. Further, he advised the Court that the Defendants had not authorized him to approve the proposed report filed by the Plaintiff.

After conferring with counsel for the Plaintiff and counsel for the Defendants, the Court noted that the dates and deadlines set forth in the Plaintiff's proposed report were reasonable and that the Court would adopt the proposed report (hereafter the "26(f) Report") as the parties' report under Fed. R. Civ. P. 26(f) for the purposes of scheduling further proceedings. The Court further noted that the this was without prejudice to the Plaintiff's right to seek relief against the Defendants for their failure to participate in the preparation and filing of a report before the scheduling conference. Accordingly,

**IT IS HEREBY ORDERED** that further proceedings in this case shall be governed by the following:

I.

<u>Discovery Plan and Other Provisions of Rule 26(f) Report</u>

The Rule 26(f) Report is adopted as an order of this Court and incorporated herein, except that the date for initial disclosures shall be **July 8, 2020.**

II.

<u>Filing of Joint Final Pretrial Order</u>

A joint final pretrial order prepared in accordance with E.D.Mich.LBR 7016-1 shall be submitted for entry at least seven (7) days before the final pretrial conference.    In the portion of the joint final pretrial order designated "Issues of Law to be Litigated", each party shall provide after each listed issue, that party's three strongest reported cases in support of its view of the law.

III.

<u>Mediation</u>

The Court encourages the parties to consider mediation of this adversary proceeding pursuant to E.D.Mich.LBR 7016-2.    If all parties agree to mediation, the parties should file a stipulation and submit to the Court a proposed order appointing the mediator.   If the parties have agreed to select a mediator from the list of approved mediators on the Court's website, the proposed order should contain the name of the mediator when it is submitted to the Court for entry.    If the parties have not agreed on the name of the mediator, the proposed order appointing the mediator should be submitted without a mediator's name and the Court will then select a mediator from the approved list and indicate such person's name in the order that is entered.    All mediation must be concluded no later than five days before the final pretrial conference scheduled by this order.   The Court will not adjourn the final pre-trial conference or the trial to permit mediation to continue past the deadline set by this order.    If the parties desire to further discuss mediation with the Court, the parties shall jointly contact Jan Zielinski, Judge Shefferly's Judicial Assistant, to arrange a time for a conference call or a conference in chambers with the Court.

IV.

<u>Final Pretrial Conference</u>

A final pretrial conference will be held on **<u>January 18, 2021 at 10:00 a.m.</u>** at 211 W. Fort Street, 19th Floor, Courtroom 1975, Detroit, Michigan.

V.

Trial Date(s) in Bankruptcy Court

THE TRIAL OF THIS MATTER SHALL COMMENCE ON **January 27, 2021 and January 28, 2021 each day beginning at 9:30 a.m.** at 211 W. Fort Street, 19th Floor, Courtroom 1975, Detroit, Michigan.

VI.

Miscellaneous Matters

(a)     Adjournment(s) or Changes in this Order

     Requests for adjournment of the final pre-trial conference or the trial are governed by E.D.Mich.LBR 5071-1.   Any changes in any other dates or provisions of this order are to be sought in accordance with E.D.Mich.LBR 9014-1, or by written stipulation provided that in any case good cause shall be shown, and approval of the Court is required.

(b)     Exhibits and Discovery Disputes

     The parties shall bring all proposed exhibits to the final pre-trial conference for marking, and, if possible, admission into evidence by stipulation.   Parties are encouraged to resolve disputes before a motion regarding discovery is filed, and are directed to strictly comply with E.D.Mich.LBR 9014-1(g) and (h) if a motion is ultimately required.

(c)     Settlement

     Note should be taken of E.D.Mich.LBR 9019-1 relative to settlements.

(d)     Status or Pretrial Conference Request

     Any party may request a status conference (or a conference to discuss or further consult in reference to this order) by a communication, in writing, addressed to the Court with copies to opposing or other counsel and/or any pro se parties.   Upon receipt of such a request (or sua sponte) the Court will schedule such a conference (in person or by phone) if the Court believes it will advance or be helpful in the disposition of this proceeding.

(e)     Filing of Discovery Materials

     See E.D.Mich.LBR 7026-1 regarding the filing of discovery materials.

**Signed on June 1, 2020**



**/s/ Phillip J. Shefferly**

**Phillip J. Shefferly**
**United States Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci

          Debtors.

_____/

Teodor Gelov,

        Plaintiff,

v.

Joseph G. DuMouchelle and Melinda
J. Adducci,

     Defendants.

_____/

Chapter 7

Case No. 19-54531

Honorable Phillip J. Shefferly

Adversary Pro. No. 20-04172

## <u>PLAINTIFF'S REPORT OF PARTIES RULE 26(f) CONFERENCE</u>

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, made applicable to this action by Rule 7026 of the Federal Rules of Bankruptcy Procedure, the parties, Teodor Gelov ("Plaintiff") and Joseph G, DuMouchelle and Melinda J. Adducci (collectively, "Defendants") began discussions and exchanges of a draft Rule 26(f) Report on May 14, 2020 ("Report"). Although counsel for Plaintiff and Defendants agreed to a form of Report, subject to client approval, Defendants have not yet authorized the filing of the Report. Therefore, Plaintiff is submitting its portion of the Report, based on today being the due date for the Report.

**Parties participating in the Rule 26(f) conference:**

    Jay L. Welford, on behalf of Plaintiff.

    Robert Bassel, on behalf Defendants.

**I.**     **Date of the Rule 26(f) conference:**

    May 14-20, 2020.

**II.    Certification:**

The undersigned counsel certifies that, after consultation with its client, it has discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with its client, has developed the following proposed case management plan.  Counsel further certifies that it has forwarded a copy of this report to its client.

**III.    Jurisdiction:**

    **A.    Subject Matter Jurisdiction**

Subject matter jurisdiction is not contested.  This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).  This adversary proceeding is a core proceeding.  Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §§ 1391 and 1409.

    **B.    Personal Jurisdiction**

Personal jurisdiction is not contested.

**IV.    BRIEF DESCRIPTION OF CASE**

Plaintiff has described his claims or defenses, in his own words, without input or alteration by any other party.

    **A.    Claims of Plaintiff.**

Plaintiff seeks a determination that the indebtedness owed to Plaintiff is non-dischargeable under 11 U.S.C. §§ 523.  Specifically, that the indebtedness owed to Plaintiff was:  (a) procured through false pretenses, false representations and actual fraud, pursuant to 11 U.S.C. §523(a)(2); (b) was the result of fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, pursuant to 11 U.S.C. §523(a)(4); and (c) constituted willful and malicious injury by Defendants to Plaintiff and Plaintiff's property, pursuant to 11 U.S.C. §523(a)(6).

**B.**     **Claims of Defendant**

[To be supplied].

**IV.    Discovery Plan**

A.     Initial Disclosures required by Federal Rule of Civil Procedure 26(a)(1)

The parties shall file their initial disclosures by June 15, 2020.

B.     Discovery Plan.

1.     The parties propose to take discovery on all of Plaintiff's claims and Defendants' defenses. Specifically, discovery will relate to establishing or defeating the factual allegations set forth in the Complaint and any defenses and affirmative defenses of Defendants.

2.     All discovery is to be completed by October 31, 2020. There is no perceived need to conduct discovery in phases or limited or focused on a particular issue. If, based on the pending criminal proceedings involving Defendants, a plea arrangement results in a waiver of the previously invoked Fifth Amendment privilege, then the parties may seek a modification of the discovery schedule, based on such a change in circumstance.

3.     There shall be no limit on the number of depositions, interrogatories, requests for production of documents or requests for admission, although the parties agree to an expedited hearing on a party's request that discovery posed be revised or limited, if perceived by the receiving party to be vexatious or interposed for the purpose of delay or harassment. In this proceeding, Defendants have failed to substantively answer any of the allegations of the Complaint, on the basis of the invocation of their Fifth Amendment privilege. Therefore, Plaintiff will be required to prove portions of its case from multiple sources, as it is not anticipated that interrogatories, document production requests, depositions or requests for admissions directed to Defendants will provide any substantive responses, admissions or information.

4.     Any discovery requests shall be responded to within 30 days from the date of service.

5.     Reports from expert witness(es), if any, shall be due on September 30, 2020.

6.     Supplementation under Rule 26(e) shall be required.

7.     Plaintiff agrees that, pursuant to E.D. Mich. LBR 7026-4, the Model Order Relating to the Discovery of Electronically Stored Information approved by the United States District Court for the Eastern District of Michigan on September 20, 2013, subject to any amendments or revisions made to such

Model Order by the United States District Court for the Eastern District of Michigan, shall apply.

8.     The extent to which Defendants shall be permitted to assert their Fifth Amendment privilege may require Court determination.

9.     No orders of the Court under Rule 26(c) or Rule 16(b) or (c) are contemplated.

10.    All potentially dispositive motions should be filed by November 15, 2020.

11.    The proceeding should be ready for trial by the later of 15 days after determination of any dispositive motions, or December 15, 2020.

12.    Trial is expected to take approximately one (1) trial day.

13.    A jury trial was not demanded and is waived.

14.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(N). The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding.


JAFFE, RAITT, HEUER & WEISS, P.C.


/s/ Jay L. Welford
Jay L. Welford (P34471)
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
jwelford@jaffelaw.com
Dated: May 27, 2020