# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI,<br>*Debtor(s)* | Bankruptcy Petition No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| TEODOR GELOV,<br>*Plaintiff,*<br>v.<br>JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI,<br>*Defendant(s)* | Adv. Pro. No. 20-04172<br>Hon. Lisa S. Gretchko |

## REPORT OF PARTIES' RULE 26(f) CONFERENCE

Pursuant to Fed. R. Bankr. P. 7026 and Fed. R. Civ. P. 26(f), a conference was held on August 31, 2022 and was participated in by:

Jay L. Welford (P34471) on behalf of Plaintiff
Patrick A. Foley (P74323) on behalf of Defendants

This is submitted as the required report of that conference.

(1)     Initial Disclosures required by Fed. R. Civ. P. 26(a)(1).

      [X]     The parties will provide such by October 10, 2022; or

      [  ]     The parties agree to provide the following at the times indicated:

(2)     Discovery Plan.  The parties jointly propose to the Court the following discovery plan:

      (a)     Discovery will be needed on the following subjects: The allegations contained in Plaintiff's complaint and defenses asserted in the Defendants' answer and affirmative defenses.

(b)     All discovery commenced in time to be completed by May 22, 2023.

(c)     Interrogatories:

**The parties agree:**
Maximum of 25 interrogatories by Plaintiff and 25 interrogatories from the Defendants. Responses due 30 days after service, plus 3 days pursuant to Fed. R. Bankr. P. 9006(f) if service by U.S. Mail.

**Plaintiff Proposes:**
*Additional wording:* "This limitation does not apply to subparts."
**Defendants Propose:**
*Defendants disagree with Plaintiff, and believe the limitation should apply to subparts.*

(d)     Depositions:

**Plaintiff proposes:**
"There is no limitation on the number of depositions."

**Defendant proposes:**
"Maximum of 4 depositions by Plaintiff and 4 by Defendants."

(e)     Each deposition limited to maximum of 3 hours unless extended by agreement of parties.

(f)     Reports from retained experts under Rule 26(a)(2) due:
from Plaintiff by March 27, 2023
from Defendants by March 27, 2023

(g)     Supplementations under Rule 26(e) shall be timely submitted within 14 days of discovery of the additional materials or information being the cause of the need to supplement. In the event that a disclosure is made after the close of discovery, or without adequate time remaining in the discovery period for the non-supplementing party to adequately investigate the claim, the parties shall stipulate to a suitable adjournment/extension of dates and deadlines, not less than 30 days, in order to provide said non-supplementing adequate time to investigate the disclosure. The non-

supplementing party may file a motion if an agreement as to the extension/adjournment cannot be reached.

(h)     Each of these limitations may be extended by written stipulation of the parties or by Order of the Court.

(i)     Discovery of electronically stored information:

>   (1)     This adversary proceeding **does** involve the discovery of electronically stored information.
>
>   (2)     Pursuant to E.D. Mich. LBR 7026-4, the Model Order Relating to the Discovery of Electronically Stored Information approved by the District Court **will** apply.

(3)     <u>Other Agreed Upon Items</u>.

(a)     Plaintiff is granted leave through, and the deadline is January 22, 2023 to join additional parties and/or to amend the pleadings.

(b)     Defendants are granted leave through, and the deadline is January 22, 2023 to join additional parties and/or to amend the pleadings.

(c)     All potentially dispositive motions should be filed by June 23, 2023.

(d)     The proceeding should be ready for trial by August 18, 2023.  The trial is expected to take approximately 2 trial days.

(e)     Jury Trial Matters.

>   (i)     [ X ]  a jury trial was <u>not</u> timely demanded and <u>is</u> waived; or
>
>           [   ]  a jury trial was timely demanded, but is waived; or
>
>           [   ]  a jury trial was timely demanded but not waived.
>
>   (ii)    [   ]  the parties consent to the Bankruptcy Court conducting the jury trial; or

[  ]  the parties do not at this time consent to the Bankruptcy Court conducting the jury trial.

(f)    The parties agree that:

[ X ]  This is a core proceeding; or

[   ]  This is a non-core proceeding otherwise related to the bankruptcy case.

(g)    [ X ]  The parties consent to the Bankruptcy Court entering a final order or judgment in this proceeding; or

[   ]  The parties do not consent to the Bankruptcy Court entering a final order or judgment in this proceeding.

(4)    Other matters.
        None.

(5)    Matters not agreed upon or insufficiently addressed by the foregoing.
        None.

Respectfully submitted,

**JAFFE, RAITT, HEUER & WEISS, P.C.**
*Counsel for Plaintiff*

By: /s/ Jay L. Welford_____
Jay L. Welford (P34471)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: (248) 351-3000
Email: jwelford@jeaffelaw.com

Date: September 7, 2022

**JOHN R. FOLEY, P.C.**
*Counsel for Defendants*

By: /s/ Patrick A. Foley__
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

Date: September 7, 2022