UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

    Debtors.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Teodor Gelov

    Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

    Defendants.
_____/

Adversary Pro. No. 20-04172

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANTS

Plaintiff Teodor Gelov ("Plaintiff") through his undersigned counsel, serves the following *First Set of Interrogatories and Document Requests* (collectively, the "Discovery Requests") upon each of defendants Joseph DuMouchelle and Melinda Adducci, pursuant to Fed. R. Bankr. P. 7033/Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7034/Fed. R. Civ. P. 34 (the "Applicable Rules"). Defendants shall each submit their responses within 30 days of the date hereof pursuant to the Applicable Rules.

1

4855-2217-1216.v4
20-04172-lsg   Doc 126   Filed 02/14/23   Entered 02/14/23 12:42:36   Page 1 of 14

These Discovery Requests shall be deemed continuing, and supplemental responses are required and must be provided pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26.

## INSTRUCTIONS AND DEFINITIONS

1. In answering the following Discovery Requests, produce all of the requested information and documents in either of the Defendants' possession, custody, or control.

2. These Discovery Requests are ongoing. If any information or documents come to your attention or into your possession, custody, or control after you have served your response, which information or documents were not included in your response, such information or documents must be promptly furnished to the undersigned.

3. The term "including" means including without limitation.

4. The terms "relate to" and "relating to" mean in any way concerning, constituting, referring to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, negating or listing, unless qualified by a word of limitation. "Refer to" and "referring to" have the same meaning as stated herein.

5. The term "explain" means provide a comprehensive, accurate, and

detailed explanation of information requested in the propounded interrogatory.

6. The term "documents" means any medium upon which information is or may be recorded, and refers to and includes, but is not limited to, the originals, non-identical copies and drafts of the following, whether written, printed, typed, digitally or electronically created and/or stored, magnetically recorded, optically recorded, electronically recorded or reproduced by hand: correspondence, memoranda, publications, sales literature, compilations, inter-office communications, records, summaries of personal conversations or interviews, minutes, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, statements, books of account, ledgers, checks, wire transfers, telegrams, telexes, telefaxes, e-mails (including e-mails not yet deleted, e-mails deleted but not physically destroyed, e-mails maintained on system backup disks or tapes, e-mails and text messages transmitted through any wireless networks, and paper printouts of e-mails), voice-mails, books, notes, reports, logs, diaries, data, tape recordings, transcripts of recordings, blueprints, charts, graphs, notebooks, drawings, plans, films, photographs, videotapes, electronic files, computer programs, computer hard drives, CDs, DVDs, discs, printouts, attachments and all other tangible things.

7. The term "communication(s)" means any transmittal of information (i.e., facts, ideas, inquiries, etc.), whether done orally, electronically, or in writing

from one person or entity to another, or to oneself or to any file, archive or system, including, but not limited to, any inquiries, discussions, conferences, electronic mail, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten), telegrams, telexes or other forms of communication.

8. The term "Adversary Proceeding" shall mean the above captioned adversary proceeding.

9. The term "Complaint" shall mean and refer to Plaintiff's First Amended Complaint in this matter.

10. The term "Interrogatories" shall mean and refer to these Interrogatories.

11. The term "Answer" shall mean and refer to the Defendants' Answer to Plaintiff's First Amended Complaint in this matter.

12. The term "Defendant Joseph" shall mean and refer to Defendant Joseph DuMouchelle.

13. The term "Defendant Melinda" shall mean and refer to Defendant Melinda Adducci.

14. The term "Defendants" shall mean and refer to Joseph DuMouchelle and Melinda Adducci collectively.

15. The term "Plaintiff" means the plaintiff in this adversary proceeding,

Thomas T. Ritter.

16. The terms "you," "your," "yours" shall mean and refer to both Defendants or each Defendant specifically addressed in the particular Interrogatory.

17. The Term $1,800,000 Note" shall mean and refer to the promissory note Defendants executed in Plaintiff's favor dated August 3, 2018, in the principal amount of $1,800,000 and identified as Exhibit 1 in Plaintiff's Complaint.

18. The term "DuMouchelle Jewellers" shall mean and refer to Joseph DuMouchelle Fine & Estate Jewellers, LLC, its Affiliates, as well as its current and former agents, officers, directors, members, employees, representatives (including attorneys and accountants), and all other persons acting or purporting to act on its behalf.

19. The term "Affiliate(s)" includes but is not limited to DuMouchelle Jewellers and any other foreign or domestic legal entity such as a corporation, limited liability or other legal entity in which either Defendant or DuMouchelle Jewellers has a direct or indirect interest or ownership in that is equal to or greater than 10 percent of the entity's membership, shares or other evidence of ownership and shall also include any non-Defendant business partner, co-owner, co-venturer or other business relationship by either Defendant or DuMouchelle Jewellers with any non-Defendant natural persons or legal entities.

20. The "Chase Bank Account" shall mean and refer to the account titled

to DuMouchelle Jewellers ending in 0024.

21. "Initial Disclosures" shall mean the initial disclosure statement you filed on July 22, 2020, pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26 at Dkt. 46.

22. "Second Initial Disclosures" shall mean the second disclosures you filed on December 18, 2020 at Dkt. 80.

23. The term "identify" with respect to a person means to provide, to the fullest extent possible, the person's full name, present (or last known) home and business address, home and business telephone and cell phone number, and last known place of employment.

24. The term "identify" with respect to a document means to provide, to the fullest extent possible, the (1) type; (2) general subject matter; (3) date; (4) author(s); (5) addressee(s); and (6) any other recipient(s).

25. The term "identify" with respect to an inspection, communication or other event, means (1) to state the date of such inspection, communication or other event; (2) to identify each person participating therein and each person who was present; (3) to state what was said by each participant in the course of such inspection, communication or other event, or, if not known or recalled, the substance; (4) to state whether there are any documents which set forth, summarize or refer to any portions of such inspection, communication or other event; and (5)

if such documents exist, to identify each such document and each person having custody of the document.

26. If you consider any document or communication to be privileged, separately with regard to each such document or communication, provide the following information:

> (a) Describe the contents generally and the date of the document or communication;
>
> (b) Explain fully the basis for the claimed privilege;
>
> (c) Identify the author or maker and all signatures on the document or communication;
>
> (d) Identify all persons or entities who have, or have had, access to any such matter referred to or involved in such document or communication; and
>
> (e) Identify the custodian of the original and all copies of the document.

27. If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

28. The term "any" shall include the collective as well as the singular and shall mean "each", "all", and "every." These terms shall be interchangeable.

29. The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests information which might otherwise be construed to be outside

7
4855-2217-1216.v4
20-04172-lsg    Doc 126    Filed 02/14/23    Entered 02/14/23 12:42:36    Page 7 of 14

the scope of Discovery Requests.

30. All electronic data created by Defendants from January 1, 2014, through present must be preserved. Please ensure that all current back-up tapes, disks or drives are not rewritten. Stop any rotation, alteration and/or destruction of electronic media that may result in the alteration or loss of any electronic data relating to the issues in this lawsuit. Do not alter and/or erase active, deleted files or file fragments on any electronic media that may have any relation to this matter. Do not conduct any maintenance such as defragging, reformatting or upgrading any hard drives that may contain data relevant to this litigation. Do not dispose of any electronic media storage devices replaced due to failure and/or upgrade that may contain electronic data having any relation to this matter.

31. All such electronically stored information must be produced in "native format," including all metadata.

### INTERROGATORIES

1. Provide the names of all current and prior members and officers (including their titles) of DuMouchelle Jewellers, the date of admission of each member and the term of each officership.

2. Provide a description of each expenditure, transfer and/or withdrawal made (including the name and address of the recipient, the amount paid to such

recipient and the assets received or the liability paid in exchange therefor), utilizing the proceeds received from Plaintiff with respect to the $1,800,000 Note.

3. For each of the expenditures, transfers and/or withdrawals identified in your response to Interrogatory No. 2, identify which of Defendants initiated, caused, signed for or otherwise participated in each and which Defendants had contemporaneous and/or after the fact knowledge of each.

4. As to each of the items of jewelry set forth on Exhibit A to the $1,800,000 Note, identify: (a) the owner (including name and address) of each item of jewelry on the date the $1,800,000 Note was executed; (b) the date each item of jewelry was purchased by either of Defendants or its Affiliates and the amount paid; (c) the date each item of jewelry was sold by either of Defendants or its Affiliates, the amount received and the purchaser of each; and (e) the disposition made of the proceeds received from each item of jewelry sold (including the bank name and account number into which the proceeds were deposited and disbursed).

5. Explain the roles each Defendant played in each of the actions set forth in Interrogatory No. 4. and which Defendants had contemporaneous and/or after the fact knowledge of each action.

6. State who compiled and who typed the list of 16 items attached to the $1,800,000 Note.

9

7. State who compiled the photos contained in the October 31, 2018 email from Joseph DuMouchelle attached to Plaintiff's Amended Complaint and the source of each of the photos.

8. Identify the current location of all computers and servers used by Defendants or their Affiliates during the years 2016-2022 and if no longer in Defendants' or their Affiliates' possession, the disposition made of each, the date of disposition and the method of disposition.

9. Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendants or their Affiliates during the years 2016-2022, including QuickBooks, RMC, RFC, and ACT.

10. Identify all documents upon which you will rely upon at the time of trial.

11. Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and Plaintiff, related to or touching upon the transactions by and between either of Defendants and Plaintiff, for the period of January 1, 2018 through December 31, 2019, including all correspondence, emails, email attachments, phone discussions and text messages.

12. Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and

any family members of Defendants (including children, in-laws, sisters, brothers and parents) related to or touching upon the transactions by and between either of Defendants and Plaintiff, for the period of January 1, 2018 through today's date.

13. Identify the exact location, description and value of all assets of Defendants or their Affiliates and/or of DuMouchelle Jewellers not within the custody of the trustees in Defendants' or DuMouchelle Jewellers bankruptcy cases, in existence as of the date of filing of Defendants' and DuMouchelle Jewellers' bankruptcy proceedings, including all cash, certificates of deposit, jewelry, gems, gemstones, real property, personal property, stocks, bonds, mutual funds, cash, debit cards, crypto currencies, gift cards, and/or other cash equivalents and safety deposit boxes and safes.

14. Identify the persons funding Defendants' defense of this litigation.

## REQUESTS TO PRODUCE

1. Produce the Operating Agreement and all amendments to the same of DuMouchelle Jewellers.

2. Produce all documents referenced in the "briefcase" of documents Defendant Joseph intended to share with his criminal counsel, but never reviewed, alleged to have existed in the filings may by Joseph in his criminal proceeding.

3. Produce the signature cards to the Chase Account ending in 0024 held by or for the benefit of either or both Defendants or DuMouchelle Jewellers.

4. Produce all documents you intend to rely upon at the time of trial.

5. Produce all communications in Defendant's possession between Plaintiff and either of Defendants.

6. Produce all documents referenced or relied upon in preparing your responses to the Interrogatories.

7. Produce all computers and computer servers utilized or accessed by either of Defendants or their employees during the period 2016-2022, including those owned personally and those of DuMouchelle Jewellers.

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: February 14, 2023

By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

    Debtors.
_____/

Thomas T. Ritter

    Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

    Defendants.
_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Adversary Pro. No. 20-04381

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2023, my office caused to be served a copy of the ***Plaintiff's First Set Of Interrogatories And Document Requests To Defendants*** and this ***Certificate of Service*** by email on Counsel for the Defendants, Patrick A. Foley at pafoley@jrfpc.net, and by using the Court's electronic filing system which will send notice to all ECF participants registered to receive notice.

1

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: February 14, 2023     By:   /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com