# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| **In the matter of:**<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCI,<br>*Debtor(s)* | Bankruptcy Petition No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| TEODOR GELOV,<br>*Plaintiff,*<br>v.<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCI,<br>*Defendant(s)* | Adv. Pro. No. 20-04172<br>Hon. Lisa S. Gretchko |

### DEFENDANTS' DISCOVERY REQUESTS TO PLAINTIFF

**NOW COME** the Defendants, JOSEPH G. DUMOUCHELLE, ("Joe "), and MELINDA J. ADDUCI, ("Lindy"), (collectively, "Defendants"). by and through her counsel, JOHN R. FOLEY, P.C., who hereby submit the following Interrogatories, and Requests for the Production of Documents, pursuant to Federal Rules of Civil Procedure 33 and 34, made applicable to the proceeding by Federal Rules of Bankruptcy Procedure ("FRBP") 7033 and 7034.

## INSTRUCTIONS

1. **Responsive Party.** The information sought herein must be provided by Plaintiff TEODOR GELOV ("Gelov" / "You" / "Your"), its agents, representatives, or attorneys, or any other person who has made this information and knowledge known to Gelov, or from whom Gelov can obtain

this information and who is competent to testify to the facts stated.

2. **Responses**. These Requests shall be responded to in writing, upon oath, and shall include all of the required information that is in Your possession or knowledge. Where information is required that is not in Your actual possession but is available to You, a complete response will indicate that nature of the information, where it is located, and the full and complete name, address, and telephone number of the person or persons who should be subpoenaed to provide the information.

3. **Full Responses.** If any of these interrogatories cannot be answered in full, the interrogatory should be answered to the fullest extent possible, specifying the reasons for the inability to answer the remainder and stating whatever information, knowledge, or belief is available concerning the unanswered portion.

4. **Continuing Obligation.** Pursuant to FRCP 26(e), these Requests are deemed continuing to the fullest extent permissible and require that You provide all information known to him to the date of response. If You subsequently acquire any further information called for in response thereof, You should promptly furnish it in writing and under oath to the undersigned counsel.

5. **Electronic Document Production.** To the extent that any documents are stored in electronic format, Plaintiff Gelov, shall print and timely produce a

hard copy to counsel for Joe in accordance with the provisions contained herein.

6. **Document Organization.** All documents are to be neatly organized, clearly labeled as responsive to specific requests, and produced to counsel for Defendant, JOHN R. FOLEY, P.C., at their office located at <u>18572 W. Outer Drive, Dearborn, MI 48128</u>, no later than <u>April 6, 2023</u>.

7. **Privilege.** If You claim a privilege regarding any request, You should specifically identify in each request, the portion thereof and the matter as to which the privilege is claimed, the nature of the privilege, the legal and factual basis for each such claim of privilege and provide sufficient further information concerning the inquiry or document and the circumstances relating thereto to explain the claim of privilege and to permit the adjudication of the propriety of the privileged claim, including, but not limited to:

   a. The identity of the person(s) who authored, contributed to, reviewed, approved and/or signed it or over whose name it was sent or issued, including the present business and home address and telephone numbers of each;

   b. The identity business and home addresses and telephone numbers of the person(s) to whom it was directed;

   c. The type of document it is, such as a letter, telegram, memorandum,

etc.;

d. The nature and substance of the document with sufficient particularity to enable the court and parties hereto to identify the document;

e. The date of the document;

f. The identity of the person who has present custody of or control over the document;

g. The identity of every person, who in the past, has had custody or control over the document;

h. The identity of each person who at any time saw the document or to whom the document or copies thereof was shown, furnished or provided together with each such persons job title, employer and the time(s) that the person saw or was furnished or provided with the document or a copy thereof;

i. The number of pages in the document;

j. The basis on which any privilege is claimed; and

k. Whether any non-privileged matter is included in the document.

8. **Burdensome Objection.** If You decline to produce any of the requested documents on the grounds that to do so would be burdensome, then You should identify the number and nature of the documents needed to be searched or assembled, the specific location of the records or documents and the name,

employer, address and telephone number of the custodian of such documents and the estimated number of person hours and costs required to conduct the search and/or assembling of the documents.

9. **Language Construction.** As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively; the singular shall be deemed to refer to the plural and vice-versa and any reference to the male gender shall include the female gender.

## DEFINITIONS

1. "You" or "Your" as used herein shall mean TEODOR GELOV, and any and all agents, representatives, consultants, attorneys, employees or any other person or organization associated with, acting on the behalf of, in concert with, or under Gelov's control.

2. "Bankruptcy Petition" shall mean the Petition for relief under the U.S/. Bankruptcy Code filed by Joseph G. DuMouchelle and Melinda J. Adducci on October 11, 2019, giving rise to Bankruptcy Case No. 19-54531.

3. "Defendants" as used herein shall mean either or both of the defendants to this adversary proceeding.
    a. "Joe" shall mean defendant Joseph DuMouchelle.
    b. "Lindy" shall mean defendant Melinda Adducci.

4. "Complaint" shall mean your *Amended Complaint* [Docket No. 130,

Adversary Proceeding Number 20-04172-lsg, filed in the United States Bankruptcy Court, Eastern District of Michigan, Southern Division].

5. "Communication" means any transmission or exchange of information, written or oral, formal or informal, including but not limited to face-to-face conversation, meeting, conference, telephone conversation, regarding any events, action taken or policy inquired into.

6. "Correspondence" includes all letters, telegrams, notices, messages, electronic mail, or other written communications or memoranda, or records of conversations, meetings, conferences, or other oral communications.

7. The term "Describe" as used herein shall include:

   a. The full name, present or last known home and business address, and the business or affiliation during the period to which the interrogatory response refers and at present (or last known), when referring to a person.

   b. The full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it was organized, the address of its principal place of business, and the individual who exerts managerial control, when used in reference to a business organization or entity;

   c. The type of document (e.g. letter, memorandum, etc.) and its date; the identity of the person who prepared the document; the date or dates of

preparation thereof; the identity of each person who presently has custody, control, or possession thereof (and, if any such document was, but is no longer, in your possession or control, state what disposition was made of it and when and why it was disposed of); and notwithstanding the foregoing, when an interrogatory asks for the identity of any document, defendant may, pursuant to FED.R.CIV.P. 33(c), in lieu of identifying such document, produce a copy of the document together with a statement as to the interrogatory to which it responds, when referring to a document.

    d. When used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication, or event, the date upon which and the place it occurred, the identity of each person who participated therein or who was present when it occurred, its substance (i.e., what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act or in which it is manifested, referred to, or expressed.

8. "Documents" means any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed including the original and all non-identical copies, whether different from the original by reason of any notation

made on such copies or otherwise, including without limitation, correspondence, reports, memoranda, notes, diaries, statistics, letters, telegrams, chronological date, minutes, contracts, reports, studies, financial statements, schedules, returns, bids, cancelled checks, checkbooks, check stubs, summaries, pamphlets, books, prospectus, intra-office and interoffice communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, work sheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing telegraphic or oral records or representations of any kind (including, without limitation, photographs, blueprints, building plans, schematic drawings, charges, graphs, microfiche, microfilm, videotape, records, motion pictures) and electronic, mechanical or electric records or representations of any kind (including, without limitation, tapes, cassettes, disks, records, e-mail), which are in Your possession or subject to Your control or known by You to exist or to have existed. Designated documents are to be taken as including all attachments, enclosures, and other documents that are attached to, relate to, or refer to such documents.

# INTERROGATORIES

1. Describe in detail, with respect to each Defendant, all "money, property, or services" ("Money") that you allege said Defendant obtained from You during the six (6) years immediately preceding the Bankruptcy Petition, including specifically the date such money was obtained by said Defendant, the account(s) of said Defendant into which you assert such Money flowed, or the disposition of such Money as you understand it.

2. Described in detail, with resect to each Defendant, all "extension(s), renewal(s), or refinancing(s) of credit" ("Credit") that you allege each such Defendant obtained from during the six (6) years immediately preceding the Bankruptcy Petition.

3. Describe in detail all Money or Credit given, paid, transferred and/or otherwise provided to You, or to another entity for Your benefit, from Joe or Lindy or from any entity acting on behalf of or under the direction of Joe or Lindy, during the past 6 years.

4. Describe in detail, with respect to each Defendant, the "false pretenses" and/or "false representations" by which you allege each of the Defendants obtained Money or Credit from You. Your response, must include, at a minimum:

    a. the date, time, place, and manner of any actions you allege were taken by each Defendant, or of any representations You allege were made by

either Defendant;

    b. a description of exactly how You relied upon the alleged "false pretenses" or "false representations" in choosing to provide to either of the Defendant the alleged Money and/or Credit you allege;

    c. a description of the due diligence / investigation You did regarding any representation(s) you allege each of the Defendants made to you, before choosing to provide each/either of the Defendants with any Money or Credit.

    d. an exact description of the Money and/or Credit, or whatever portion thereof, You allege that You provided to each of the Defendants, directly, on account of the alleged "false pretenses" or "false representations."

5. Describe in detail any and all "statement(s) in writing" ("Writing") that you believe were materially false that either Joe or Lindy made to you, including:

    a. the date, time, and place were you received said Writing;

    b. the contents of the Writing;

    c. the exact manner in which the Writing was false;

    d. the manner in which you allege that said Writing influenced any decision you made with respect to the provision of Money or Credit to Joe or Lindy;

  e. a description of exactly how You relied upon the alleged "actual fraud" in providing to Joe the alleged Money and/or Credit; and

  f. the full extent of the investigation into the alleged actions/representations you allege were taken/made by Joe.

6. Describe in detail, with respect to each Defendant, any "fiduciary capacity" which you allege he or she had with respect to You, including a description of the documentary basis of the alleged fiduciary relationship.

7. Describe in detail, with respect to each Defendant, how it is you allege said Defendant committed fraud while in the fiduciary capacity to You.

8. Describe in detail, with respect to each Defendant, how said Defendant committed defalcation while in the fiduciary capacity to You.

9. Describe in detail, with respect to each Defendant, the "embezzlement" with respect to You, that You allege was committed by said Defendant.

10. Describe in detail, with respect to each Defendant, the "larceny" with respect to You, that You allege was committed by said Defendant.

11. Describe in detail, with respect to each Defendant, the manner in which said Defendant has "willful[ly] and malicious[ly]" injured You, including a description of all evidence that you have as to said Defendant's state of mind with respect to you.

12. Describe in detail any and all Communications and/or Correspondence

between You and either of the Defendants (or both), upon which you base, or support, the allegations in your Complaint.

13. Describe in detail any form of compensation or payment you have received related to the loss you allege in your Complaint.

14. Have you retained any private investigators to investigate either or both of the Defendants?

15. Have you made any deals with any family members of your of the defendants regarding the loss you allege in this case that you incurred?

16. Describe the full extent of your financial relationship with any family members, including extended family members, of the families of Joe or Lindy or their children. This includes, without limitation, all business and/or financial dealings.

17. Please list all money, including the date, amount, source, form of payment, that has been paid to you by either defendant, or any entity within their control, or any family members of the defendants, for any reason whatsoever.

18. Have you, or anyone acting on your behalf, made any recordings of telephone calls or live conversations between you and Joe or you and Lindy or you and both defendants, or between you and any other person(s), or between any other persons and either or both of the defendants, in which the subject matte of this litigation is discussed in any manner? If so, please list the date and time of

each record, the medium of communication (live, or telephonic, etc.), and the length of the full original recording, and the person or person(s) who made the recording.

19. Please list any and all lawsuits that have been filed against you in the past 10 years, including the name(s) of the plaintiff(s), the address(es) and other contact information for the plaintiff(s) or their attorney(s), the name(s) of the defendant(s) (including yourself or your companies), the court in which it was filed, the address of the Court, the allegations made against you, and the ultimate disposition of each case. With respect to each case in which Judgment was obtained against you, or for which you settled by paying something to the plaintiff(s), please disclose the amount, and whether or not you actually made such payment(s).

20. Please list all investigations or prosecutions against you by any governmental entity of any level or type, excluding only parking tickets and speeding offenses, including the date, the agency that investigated you, the court in which any action was brought, and the address of said court, the nature of the allegations against you, and the disposition of each case.

21. List all witnesses you intend to call on at time of trial, this includes all experts that you have retained, or that you may retain, or that you may or intent to call on at time of trial, or whose work you may use in support of your case.

22. List all exhibits you intend to use at trial, including the current location of each such document or piece of evidence, whether or not it is electronically stored.

**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

1. Produce a copy of all pleadings, motions, or any other papers filed by You or any other party, or any orders, opinions, judgments, or other documents issued by the court, in any state court proceedings, or federal court proceedings, other than this case, between you and both or either defendant.

2. Produce a copy of all Documents or Communications or Correspondence between you and any third parties whatsoever, from the 6 years prior to the petition, and from the date of the petition to the present date (January 27, 2023), *excluding any such correspondence with any licensed attorney who was retained as your attorney or with whom you were consulting*, which in any way relates to, or discusses, either of the Defendants, and/**or** the facts, events or happenings giving rise to your Complaint against the Defendants.

    a. This includes, without limitation, all correspondence between you and any law enforcement agencies, or any other creditors of the either/both of the defendants, or any private investigators hired on your behalf.

    b. This includes, without limitation, all correspondence with any of your

family members, or defendants' family members.

3. Produce a copy of all insurance policies, documents, correspondence and communications regarding any and all insurance that you had in place with respect to the Money, property, or Credit that you allege you provided to the Defendants, and any claim(s) you made or reimbursement or payment you received as a result.

4. Produce any and all Documents evidencing or contradicting the allegations described in Your Complaint, from the time period being 6 years prior to the Bankruptcy Petition.

5. Produce any and all Documents evidencing or contradicting your responses to the Interrogatories directed to You herein, from the time period being 6 years prior to the Bankruptcy Petition.

6. Produce any and all Documents that evidence the transfer and/or payment of any Money from You directly to either Defendant, from the time period being 6 years prior to the Bankruptcy Petition, including, without limitation, bank statements, copies of cancelled checks, electronic communications or correspondence, etc.

7. Produce any and all Documents that evidence the provision of any Credit by You to either Defendant, from the time period being 6 years prior to the Bankruptcy Petition, including, without limitation, bank statements, copies of

cancelled checks, electronic communications or correspondence, etc.

8. Produce any and all documents or correspondence evidencing the transfer, payment, and/or distribution of any Money to You, or to any other entity for you benefit, from Joe or Lindy, or from any entity which was controlled and/or managed by either of the Defendants, or from any entity in which you were a co-investor or co-owner with either of the Defendants, from the time period being 6 years prior to the Bankruptcy Petition.

9. Produce any and all Documents either consisting of, or evidencing, any and all Communications or Correspondence between You and either of the Defendants, or both.

10. Please produce any all recordings you, or anyone acting on your behalf, have made, or any that have been provided to you by any third parties, of any telephone calls, video calls, or any other form of electronic real time communication, or live conversations between you and Joe or you and Lindy or you and both defendants, or between you and any other person(s), or between any other persons and either or both of the defendants, in which the subject matter of this litigation is discussed in any manner?

11. Produce a copy of all pleadings, motions, or any other papers filed by You or any other party, or any orders, opinions, judgments, or other documents issued by the court, in any state court proceedings, or federal court proceedings

evidencing the cases against you as requested in interrogatories no. 19 and 20, above.

12. Produce any and all Documents relied upon by You in the preparation of the Complaint, or of Your responses hereto, not otherwise produced in response to these requests.

13. Produce any and all Documents, Correspondence, exhibits, or other evidence upon which you intend to rely at time of trial, or earlier by way of motion or response to the Court.

<br>

                                Respectfully submitted,
                                **JOHN R. FOLEY, P.C.**

**dated**: March 7, 2023        By: */s/ Patrick A. Foley*
                                Patrick A. Foley (P74323)
                                *Counsel for Defendants*
                                18572 W. Outer Drive
                                Dearborn, MI 48128
                                **telephone**: 313-274-7377
                                **facsimile**: 313-274-5946
                                **email**: pafoley@jrfpc.net

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

| | |
|---|---|
| IN THE MATTER OF:<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br><br>     *Debtors*. | Bankruptcy Case No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| TEODOR GELOV,<br>     *Plaintiff,*<br>v.<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCI,<br>     *Defendants.* | Adv. Pro. No. 20-04381-pjs<br>Hon. Lisa S. Gretchko |

## PROOF OF SERVICE

  Patrick A. Foley hereby certifies that on March 7, 2023 he did serve a copy of the foregoing discovery requests upon counsel for Plaintiff, via the Court's CM/ECF system, and email to:

1. Kimberly Ross Clayson, Email: kclayson@taftlaw.com
2. Jay L. Welford, Email: jwelford@taftlaw.com

            Respectfully submitted,
            **JOHN R. FOLEY, P.C.**

**dated**: 3/7/2023      By: */s/ Patrick A. Foley*
            Patrick A. Foley (P74323)
            *Counsel for Defendants*
            18572 W. Outer Drive
            Dearborn, MI 48128
            **telephone**: 313-274-7377
            **email**: pafoley@jrfpc.net