## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bankruptcy Petition No. 19-54531 |
| *Debtor(s)* | Hon. Lisa S. Gretchko |
| | Chapter 7 |

TEODOR GELOV,

*Plaintiff,*

v.

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

*Defendant(s)*

Adv. Pro. No. 20-04172

Hon. Lisa S. Gretchko

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**NOW COME** the Defendants, JOSEPH G. DUMOUCHELLE and MELINDA J. ADDUCCI, (collectively "Debtors" or "Defendants"), by and through their counsel, JOHN R. FOLEY, P.C., who hereby move this Court for entry of a *Protective Order*, in substantially the form attached hereto as **Exhibit 1**.

Defendants, through their counsel, for their motion, state as follows:

1.    Defendants bring this motion pursuant to Fed.R.Civ.P. 26(c) made applicable to this proceeding by Fed.R.Bankr.P. 7026, for a protective order limiting the scope of Plaintiff's discovery.

2.    Fed.R.Civ.Pro. 26(c)(1) stated, in pertinent part, "The court may, for good cause, issue an order to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery[.]"

3. Specifically, Defendants seek an Order limiting discovery such that Plaintiff may not obtain:

    a. certain computers or electronic devices which contain attorney client privileged communications and/or communications between husband and wife, protected by spousal privilege, and which do not contain information relevant to or related to Plaintiff's claims or the proof thereof; and

    b. certain electronic login information for certain "cloud-based systems" (as requested by Plaintiff), which again likely contain spousal privileged or attorney-client privileged communications, but nothing relevant to Plaintiff's relevant to or related to Plaintiff's claims or the proof thereof; and

    c. information related to the "who" is funding Defendants' litigation in this case.

4. On February 14, 2023, Plaintiff propounded discovery requests to Defendants. [ECF No. 126], **Exhibit 6**.

5. Amongst the requests are the following:

- Int #8. Identify the current location of all computers and servers used by Defendants or their Affiliates during the years 2016-2022 and if no

longer in Defendants' or their Affiliates' possession, the disposition made of each, the date of disposition and the method of disposition.

- Int #9. Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendants or their Affiliates during the years 2016-2022, including QuickBooks, RMC, RFC, and ACT.

- Int #14. Identify the persons funding Defendants' defense of this litigation.

- Request for Documents #7. Produce all computers and computer servers utilized or accessed by either of Defendants or their employees during the period 2016-2022, including those owned personally and those of DuMouchelle Jewellers.

6.      Defendant Joseph DuMouchelle has been granted a 2 week extension to respond. Defendant Melinda is filing her responses today. In her responses, Melinda has objected to these requests, and noted that this motion is being filed.

7.      Further, Melinda points out that :

a.  Int #8. "Identify the current location of all computers and servers …"

    i.  Melinda does not have any of these computers, and instead has 2 laptops in her possession, both purchased *after* the commencement of the bankruptcy case, and *after* Mr. Gelov had already sued the Defendants in state court. These were used by Joe and Melinda to communicate between themselves, and their attorneys, and for Melinda, for work and classes she took. They definitely contain privileged materials, and contain none of the evidence that Plaintiff seeks.

b.  Int #9. Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendants or their Affiliates during the years 2016-2022, including QuickBooks, RMC, RFC, and ACT.

    i.  Melinda has already pointed out in her discovery responses that she does not have this information, at least as it related to the time period 2019 and prior. Plaintiff's state court case was filed

in March of 2019, and this bankruptcy case in October 2019. Assuming that things such as her personal email account

c. Int #14. Identify the persons funding Defendants' defense of this litigation.

    i. The requested information is irrelevant in any way to Plaintiff's proving of his case, and is not calculated to lead to any such information. As Melinda disclosed, the undersigned's law firm has only been paid $10,000 total to date, which payments were made back in 2020, using borrowed/gifted money. Melinda objects to providing the name(s) of the person(s) who gifted/lent Defendants the funds to pay the retain to their lawyer for the reason that Plaintiff, Ted Gelov, has threatened members of Defendants' family that he would "come after them" if they help the Defendants.

d. Int #7. Produce all computers and computer servers utilized or accessed by either of Defendants or their employees during the period 2016-2022, including those owned personally and those of DuMouchelle Jewellers.

    i. As Melinda points out in her discovery response: Any and all computers relevant to the time period of the facts in Plaintiff's Complaint, which ends when Plaintiff sued in State Court on March 2019, are in the possession of either the government, the business case trustee, or the personal bankruptcy chapter 7 trustee. Melinda should not be made to turn over the 2 laptops in her possession, both purchased *after* the commencement of the bankruptcy case, and *after* Mr. Gelov had already sued the Defendants in state court. These were used by Joe and Melinda to communicate between themselves, and their attorneys, and for Melinda, for work and classes she took. They definitely contain privileged materials, and contain none of the evidence that Plaintiff seeks.

8.     Pursuant to the requirements of FRCP 26(c)(1), Movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.

**WHEREFORE**, Defendants request that this Court enter a Protective Order, in substantially the form attached hereto as **Exhibit 1**.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendants*

Date: March 16, 2023

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

# Exhibit 1
# Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>*Debtor(s)* | Bankruptcy Petition No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| TEODOR GELOV,<br>*Plaintiff,*<br>v.<br>JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>*Defendant(s)* | Adv. Pro. No. 20-04172<br>Hon. Lisa S. Gretchko |

## <u>PROTECTIVE ORDER</u>

**THIS MATTER** having come before the Court on Defendants' *Motion for a Protective Order* (the "Motion"); notice having been proper; no response or objection having been timely filed, or any response or objection having been denied at hearing; and the Court being otherwise duly advised in the premises;

**NOW THEREFORE;**

**IT IS HEREBY ORDERED** as follows:

1. That Defendant's Motion is GRANTED.

2. That:

    a. Plaintiff is not entitled to any computers or electronic devices which contain attorney client privileged communications and/or communications between husband and wife, protected by spousal

privilege, and which do not contain information relevant to or related to Plaintiff's claims or the proof thereof, specifically, those computers purchase by Defendants after March 2019, and used to communicate with their attorneys in their legal matters.

b. Plaintiff is not entitled to any electronic login information for certain "cloud-based systems" (as requested by Plaintiff), for email accounts or other communication systems used by the Defendants to communicate with each other or with their attorneys.

c. Plaintiff is not entitled to information related to the "who" provided Defendants with the funds by which they retained and paid their attorneys in this case.

3. That Plaintiff's discovery requests to Defendants, specifically:

i. Int #8. Identify the current location of all computers and servers used by Defendants or their Affiliates during the years 2016-2022 and if no longer in Defendants' or their Affiliates' possession, the disposition made of each, the date of disposition and the method of disposition.

ii. Int #9. Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendants or their Affiliates during the years 2016-2022, including QuickBooks, RMC, RFC,

and ACT.

  iii. Int #14. Identify the persons funding Defendants' defense of this litigation.

  iv. Request to Produce #7. Produce all computers and computer servers utilized or accessed by either of Defendants or their employees during the period 2016-2022, including those owned personally and those of DuMouchelle Jewellers.

b. … are modified such that the end date of each request shall be March 19, 2019.

c. Interrogatory No. 14 is deemed stricken.

**IT IS SO ORDERED.**

# Exhibit 2
# Notice & Opportunity
# to Respond

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Debtor(s)*

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

TEODOR GELOV,
*Plaintiff,*

v.

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Defendant(s)*

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

---

**NOTICE OF MOTION AND OPPORTUNITY TO RESPOND**

      **PLEASE TAKE NOTICE** that Defendants JOSEPH G. DUMOUCHELLE and MELINDA J. ADDUCCI, have filed with the Court a motion for a protective order regarding Plaintiff's discovery requests.

      **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

      If you do **not** want the Court to grant Defendants' Motion, or if you want the Court to consider your views on Defendants' Motion, **within 14 days**, you or your attorney must file the court a written response* or an answer*, explaining your position at:

- <u>United States Bankruptcy Court</u>, 211 W. Fort Street, 17th Floor, Detroit, MI 48226.

      If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above, and you must mail a copy to:

- <u>Patrick A. Foley, John R. Foley, P.C.</u>, 18572 W. Outer Dr., Dearborn, MI 48128.
- <u>Office of the U.S. Trustee</u>, 211 W. Fort St., Suite 700, Detroit, MI, 48226.

      If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendants*

Date: March 16, 2023

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

*Response or answer must comply with FED. R. CIV. P. 8(b), (c) and (e).

# Exhibit 3
# Brief in Support

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Debtor(s)*

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

TEODOR GELOV,
*Plaintiff,*
v.
JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Defendant(s)*

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

## BRIEF IN SUPPORT OF
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

**NOW COME** the Defendants, JOSEPH G. DUMOUCHELLE ("Joe") and

MELINDA J. ADDUCCI, ("Lindy"), (collectively "Defendants"), by and through

their counsel, JOHN R. FOLEY, P.C., and in support of their *Motion for a Protective*

*Order*, ("Motion"), state as follows:

Defendants rely on the rules and argument set forth in their Motion. Defendant

incorporate the same as though fully set forth herein.

**WHEREFORE**, Defendants request that this Court enter a Protective Order,

similar in the form to the one attached hereto as **Exhibit 1**, and grant such other or

further relief as this Court may deem appropriate.

*(Signature on following page)*

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendants*

Date: March 16, 2023

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

# Exhibit 4
# Proof of Service

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Debtor(s)*

_____

TEODOR GELOV,
                    *Plaintiff,*
v.
JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Defendant(s)*

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

## PROOF OF SERVICE

Patrick A. Foley hereby certifies that on March 16, 2023 he did serve a copy of the foregoing *Motion for a Protective Order* including all attachments and exhibits thereto, upon the following parties via the Court's CM/ECF e-Filing system:

- Kimberly Ross Clayson       kclayson@taftlaw.com, ttorni@taftlaw.com
- Jay L. Welford       jwelford@taftlaw.com, ttorni@taftlaw.com

Respectfully Submitted,
**JOHN R. FOLEY, P.C.**
Counsel for Defendants

Dated: March 16, 2023

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

# Exhibit 5
# Affidavits

# *(None by Defendant)*

# Exhibit 6
# Documentary Exhibits

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

          Debtors.

_____/

Teodor Gelov

          Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

          Defendants.

_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Adversary Pro. No. 20-04172

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO DEFENDANTS

Plaintiff Teodor Gelov ("Plaintiff") through his undersigned counsel, serves the following *First Set of Interrogatories and Document Requests* (collectively, the "Discovery Requests") upon each of defendants Joseph DuMouchelle and Melinda Adducci, pursuant to Fed. R. Bankr. P. 7033/Fed. R. Civ. P. 33 and Fed. R. Bankr. P. 7034/Fed. R. Civ. P. 34 (the "Applicable Rules"). Defendants shall each submit their responses within 30 days of the date hereof pursuant to the Applicable Rules.

1

These Discovery Requests shall be deemed continuing, and supplemental responses are required and must be provided pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26.

## <u>INSTRUCTIONS AND DEFINITIONS</u>

1.     In answering the following Discovery Requests, produce all of the requested information and documents in either of the Defendants' possession, custody, or control.

2.     These Discovery Requests are ongoing. If any information or documents come to your attention or into your possession, custody, or control after you have served your response, which information or documents were not included in your response, such information or documents must be promptly furnished to the undersigned.

3.     The term "including" means including without limitation.

4.     The terms "relate to" and "relating to" mean in any way concerning, constituting, referring to, analyzing, discussing, describing, considering, modifying, amending, confirming, endorsing, evidencing, representing, supporting, qualifying, terminating, revoking, canceling, negating or listing, unless qualified by a word of limitation. "Refer to" and "referring to" have the same meaning as stated herein.

5.     The term "explain" means provide a comprehensive, accurate, and

2

detailed explanation of information requested in the propounded interrogatory.

6. The term "documents" means any medium upon which information is or may be recorded, and refers to and includes, but is not limited to, the originals, non-identical copies and drafts of the following, whether written, printed, typed, digitally or electronically created and/or stored, magnetically recorded, optically recorded, electronically recorded or reproduced by hand: correspondence, memoranda, publications, sales literature, compilations, inter-office communications, records, summaries of personal conversations or interviews, minutes, projections, statistical statements, drafts, contracts, agreements, purchase orders, invoices, statements, books of account, ledgers, checks, wire transfers, telegrams, telexes, telefaxes, e-mails (including e-mails not yet deleted, e-mails deleted but not physically destroyed, e-mails maintained on system backup disks or tapes, e-mails and text messages transmitted through any wireless networks, and paper printouts of e-mails), voice-mails, books, notes, reports, logs, diaries, data, tape recordings, transcripts of recordings, blueprints, charts, graphs, notebooks, drawings, plans, films, photographs, videotapes, electronic files, computer programs, computer hard drives, CDs, DVDs, discs, printouts, attachments and all other tangible things.

7. The term "communication(s)" means any transmittal of information (i.e., facts, ideas, inquiries, etc.), whether done orally, electronically, or in writing

from one person or entity to another, or to oneself or to any file, archive or system, including, but not limited to, any inquiries, discussions, conferences, electronic mail, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondence, notes (whether typed or handwritten), telegrams, telexes or other forms of communication.

8.    The term "Adversary Proceeding" shall mean the above captioned adversary proceeding.

9.    The term "Complaint" shall mean and refer to Plaintiff's First Amended Complaint in this matter.

10.    The term "Interrogatories" shall mean and refer to these Interrogatories.

11.    The term "Answer" shall mean and refer to the Defendants' Answer to Plaintiff's First Amended Complaint in this matter.

12.    The term "Defendant Joseph" shall mean and refer to Defendant Joseph DuMouchelle.

13.    The term "Defendant Melinda" shall mean and refer to Defendant Melinda Adducci.

14.    The term "Defendants" shall mean and refer to Joseph DuMouchelle and Melinda Adducci collectively.

15.    The term "Plaintiff" means the plaintiff in this adversary proceeding,

Thomas T. Ritter.

16.     The terms "you," "your," "yours" shall mean and refer to both Defendants or each Defendant specifically addressed in the particular Interrogatory.

17.     The Term $1,800,000 Note" shall mean and refer to the promissory note Defendants executed in Plaintiff's favor dated August 3, 2018, in the principal amount of $1,800,000 and identified as Exhibit 1 in Plaintiff's Complaint.

18.     The term "DuMouchelle Jewellers" shall mean and refer to Joseph DuMouchelle Fine & Estate Jewellers, LLC, its Affiliates, as well as its current and former agents, officers, directors, members, employees, representatives (including attorneys and accountants), and all other persons acting or purporting to act on its behalf.

19.     The term "Affiliate(s)" includes but is not limited to DuMouchelle Jewellers and any other foreign or domestic legal entity such as a corporation, limited liability or other legal entity in which either Defendant or DuMouchelle Jewellers has a direct or indirect interest or ownership in that is equal to or greater than 10 percent of the entity's membership, shares or other evidence of ownership and shall also include any non-Defendant business partner, co-owner, co-venturer or other business relationship by either Defendant or DuMouchelle Jewellers with any non-Defendant natural persons or legal entities.

20.     The "Chase Bank Account" shall mean and refer to the account titled

to DuMouchelle Jewellers ending in 0024.

21.     "Initial Disclosures" shall mean the initial disclosure statement you filed on July 22, 2020, pursuant to Fed. R. Bankr. P. 7026/Fed. R. Civ. P. 26 at Dkt. 46.

22.     "Second Initial Disclosures" shall mean the second disclosures you filed on December 18, 2020 at Dkt. 80.

23.     The term "identify" with respect to a person means to provide, to the fullest extent possible, the person's full name, present (or last known) home and business address, home and business telephone and cell phone number, and last known place of employment.

24.     The term "identify" with respect to a document means to provide, to the fullest extent possible, the (1) type; (2) general subject matter; (3) date; (4) author(s); (5) addressee(s); and (6) any other recipient(s).

25.     The term "identify" with respect to an inspection, communication or other event, means (1) to state the date of such inspection, communication or other event; (2) to identify each person participating therein and each person who was present; (3) to state what was said by each participant in the course of such inspection, communication or other event, or, if not known or recalled, the substance; (4) to state whether there are any documents which set forth, summarize or refer to any portions of such inspection, communication or other event; and (5)

6

if such documents exist, to identify each such document and each person having custody of the document.

26.    If you consider any document or communication to be privileged, separately with regard to each such document or communication, provide the following information:

(a)    Describe the contents generally and the date of the document or communication;

(b)    Explain fully the basis for the claimed privilege;

(c)    Identify the author or maker and all signatures on the document or communication;

(d)    Identify all persons or entities who have, or have had, access to any such matter referred to or involved in such document or communication; and

(e)    Identify the custodian of the original and all copies of the document.

27.    If the response to any request herein consists, in part or in whole, of an objection relating to the specific request, state with particularity the nature of the objection.

28.    The term "any" shall include the collective as well as the singular and shall mean "each", "all", and "every." These terms shall be interchangeable.

29.    The term "and" as well as the term "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Discovery Requests information which might otherwise be construed to be outside

7

the scope of Discovery Requests.

30. All electronic data created by Defendants from January 1, 2014, through present must be preserved. Please ensure that all current back-up tapes, disks or drives are not rewritten. Stop any rotation, alteration and/or destruction of electronic media that may result in the alteration or loss of any electronic data relating to the issues in this lawsuit. Do not alter and/or erase active, deleted files or file fragments on any electronic media that may have any relation to this matter. Do not conduct any maintenance such as defragging, reformatting or upgrading any hard drives that may contain data relevant to this litigation. Do not dispose of any electronic media storage devices replaced due to failure and/or upgrade that may contain electronic data having any relation to this matter.

31. All such electronically stored information must be produced in "native format," including all metadata.

## INTERROGATORIES

1. Provide the names of all current and prior members and officers (including their titles) of DuMouchelle Jewellers, the date of admission of each member and the term of each officership.

2. Provide a description of each expenditure, transfer and/or withdrawal made (including the name and address of the recipient, the amount paid to such

recipient and the assets received or the liability paid in exchange therefor), utilizing the proceeds received from Plaintiff with respect to the $1,800,000 Note.

3.      For each of the expenditures, transfers and/or withdrawals identified in your response to Interrogatory No. 2, identify which of Defendants initiated, caused, signed for or otherwise participated in each and which Defendants had contemporaneous and/or after the fact knowledge of each.

4.      As to each of the items of jewelry set forth on Exhibit A to the $1,800,000 Note, identify: (a) the owner (including name and address) of each item of jewelry on the date the $1,800,000 Note was executed; (b) the date each item of jewelry was purchased by either of Defendants or its Affiliates and the amount paid; (c) the date each item of jewelry was sold by either of Defendants or its Affiliates, the amount received and the purchaser of each;  and (e) the disposition made of the proceeds received from each item of jewelry sold (including the bank name and account number into which the proceeds were deposited and disbursed).

5.      Explain the roles each Defendant played in each of the actions set forth in Interrogatory No. 4. and which Defendants had contemporaneous and/or after the fact knowledge of each action.

6.      State who compiled and who typed the list of 16 items attached to the $1,800,000 Note.

7.     State who compiled the photos contained in the October 31, 2018 email from Joseph DuMouchelle attached to Plaintiff's Amended Complaint and the source of each of the photos.

8.     Identify the current location of all computers and servers used by Defendants or their Affiliates during the years 2016-2022 and if no longer in Defendants' or their Affiliates' possession, the disposition made of each, the date of disposition and the method of disposition.

9.      Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendants or their Affiliates during the years 2016-2022, including QuickBooks, RMC, RFC, and ACT.

10.     Identify all documents upon which you will rely upon at the time of trial.

11.     Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and Plaintiff, related to or touching upon the transactions by and between either of Defendants and Plaintiff, for the period of January 1, 2018 through December 31, 2019, including all correspondence, emails, email attachments, phone discussions and text messages.

12.     Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and

any family members of Defendants (including children, in-laws, sisters, brothers and parents) related to or touching upon the transactions by and between either of Defendants and Plaintiff, for the period of January 1, 2018 through today's date.

13.     Identify the exact location, description and value of all assets of Defendants or their Affiliates and/or of DuMouchelle Jewellers not within the custody of the trustees in Defendants' or DuMouchelle Jewellers bankruptcy cases, in existence as of the date of filing of Defendants' and DuMouchelle Jewellers' bankruptcy proceedings, including all cash, certificates of deposit, jewelry, gems, gemstones, real property, personal property, stocks, bonds, mutual funds, cash, debit cards, crypto currencies, gift cards, and/or other cash equivalents and safety deposit boxes and safes.

14.     Identify the persons funding Defendants' defense of this litigation.

## REQUESTS TO PRODUCE

1.     Produce the Operating Agreement and all amendments to the same of DuMouchelle Jewellers.

2.     Produce all documents referenced in the "briefcase" of documents Defendant Joseph intended to share with his criminal counsel, but never reviewed, alleged to have existed in the filings may by Joseph in his criminal proceeding.

3.     Produce the signature cards to the Chase Account ending in 0024 held by or for the benefit of either or both Defendants or DuMouchelle Jewellers.

11

4.     Produce all documents you intend to rely upon at the time of trial.

5.     Produce all communications in Defendant's possession between Plaintiff and either of Defendants.

6.     Produce all documents referenced or relied upon in preparing your responses to the Interrogatories.

7.     Produce all computers and computer servers utilized or accessed by either of Defendants or their employees during the period 2016-2022, including those owned personally and those of DuMouchelle Jewellers.

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated:  February 14, 2023      By:    /s/ Jay L. Welford
                                    Jay L. Welford (P34471)
                                    Kimberly Ross Clayson (P69804)
                                    Counsel to Plaintiff
                                    27777 Franklin Road, Suite 2500
                                    Southfield, Michigan 48034
                                    Phone: (248) 351-3000
                                    jwelford@taftlaw.com
                                    kclayson@taftlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

                                                        Chapter 7

Joseph G. DuMouchelle and
Melinda J. Adducci                                      Case No. 19-54531-lsg

                                                        Honorable Lisa S. Gretchko

              Debtors.
_____/

Thomas T. Ritter

              Plaintiff,

v.

Joseph G. DuMouchelle and                               Adversary Pro. No. 20-04381
Melinda J. Adducci

              Defendants.
_____/

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2023, my office caused to be served a

copy of the ***Plaintiff's First Set Of Interrogatories And Document Requests To***

***Defendants*** and this ***Certificate of Service*** by email on Counsel for the Defendants,

Patrick A. Foley at <u>pafoley@jrfpc.net</u>, and by using the Court's electronic filing

system which will send notice to all ECF participants registered to receive notice.

1

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: February 14, 2023    By:   <u>/s/ Jay L. Welford</u>
                                        Jay L. Welford (P34471)
                                        Kimberly Ross Clayson (P69804)
                                        Counsel to Plaintiff
                                        27777 Franklin Road, Suite 2500
                                        Southfield, Michigan 48034
                                        Phone: (248) 351-3000
                                        jwelford@taftlaw.com
                                        kclayson@taftlaw.com