## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**
JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
*Debtor(s)*

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

TEODOR GELOV,
     *Plaintiff,*
v.
JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
     *Defendant(s)*

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

## DEFENDANTS' RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS

**NOW COME** the Defendant, MELINDA J. ADDUCCI ("Melinda")
(together with Joe DuMouchelle ("Joe"), collectively "Defendants"), by and
through her counsel, JOHN R. FOLEY, P.C., who, in response to the Discovery
Requests propounded by the Plaintiff, TEODOR GELOV, hereby state as follows:

## PRIVILEDGE / OBJECTIONS

Joe and Melinda are both the subject of actual or potential criminal
proceedings.

Melinda has sought assurances, through her counsel, repeatedly, that she is
not being pursued for prosecution. Melinda asserts her Fifth Amendment Privilege,
and does not waive the same by answering these requests. Further, with respect to

any request that may call for documents or communication between her and Joe (her husband), Melinda asserts Marital/Spousal Privilege, and with respect to any requests that may call for documents or communications between she and her attorney, Melinda asserts Attorney-Client Privilege. However, in an effort to be responsive, to move this case along, and to show that she did not participate in any fraudulent conduct as alleged, Melinda has provided responsive answers. These responses are provided without wavier of her Fifth Amendment Privilege, her Attorney-Client Privilege, or her Marital/Spousal Privilege. and specific preservation of the same.

## **INTERROGATORIES**

1.     Provide the names of all current and prior members and officers (including their titles) of DuMouchelle Jewellers, the date of admission of each member and the term of each officership.

   a. **Melinda Response**: Joe was always a 90% member and I was a 10% member. Joe served as President. Melinda served as VP. I do not recall what date this was established on.

2.     Provide a description of each expenditure, transfer and/or withdrawal made (including the name and address of the recipient, the amount paid to such

recipient and the assets received or the liability paid in exchange therefor), utilizing the proceeds received from Plaintiff with respect to the $1,800,000 Note.

    a. **Melinda Response**: I have no knowledge of these things. All funds would have gone in and out the bank account, and those statements, which can be obtained from the business case trustee, provide this information.

3.    For each of the expenditures, transfers and/or withdrawals identified in your response to Interrogatory No. 2, identify which of Defendants initiated, caused, signed for or otherwise participated in each and which Defendants had contemporaneous and/or after the fact knowledge of each.

    a. **Melinda Response**: All funds would have gone in and out the bank account, and those statements, which can be obtained from the business case trustee, provide this information. Further, I have attached hereto the copies of the counter-checks that were issued to certain clients/customers/vendors following the referenced deposit.

4.    As to each of the items of jewelry set forth on Exhibit A to the $1,800,000 Note, identify: (a) the owner (including name and address) of each item of jewelry on the date the $1,800,000 Note was executed; (b) the date each item of

jewelry was purchased by either of Defendants or its Affiliates and the amount paid; (c) the date each item of jewelry was sold by either of Defendants or its Affiliates, the amount received and the purchaser of each; and (e) the disposition made of the proceeds received from each item of jewelry sold (including the bank name and account number into which the proceeds were deposited and disbursed).

    a. **Melinda Response**: I did negotiate or have knowledge of any of the purchases you describe in your request. I never saw the list you attach as Exhibit A until you attached it to your complaint, because I did not receive and did not sign the Note you are referring to.

5.    Explain the roles each Defendant played in each of the actions set forth in Interrogatory No. 4. and which Defendants had contemporaneous and/or after the fact knowledge of each action.

    a. **Melinda Response**: I did not negotiate or have knowledge of any of the purchases you describe in your request. I never saw the list you attach as Exhibit A until you attached it to your complaint, because I did not receive and did not sign the Note you are referring to.

6.    State who compiled and who typed the list of 16 items attached to the $1,800,000 Note.

    a. **Melinda Response**: I did not type or compile the list you are talking about. I did not negotiate or have knowledge of any of the purchases you describe in your request. I never saw the list you attach as Exhibit A until you attached it to your complaint, because I did not receive and did not sign the Note you are referring to.

7.      State who compiled the photos contained in the October 31, 2018 email from Joseph DuMouchelle attached to Plaintiff's Amended Complaint and the source of each of the photos.

    a. **Melinda Response**: I do not know, but it was not me.

8.      Identify the current location of all computers and servers used by Defendants or their Affiliates during the years 2016-2022 and if no longer in Defendants' or their Affiliates' possession, the disposition made of each, the date of disposition and the method of disposition.

    a. **General Response:** A motion for protective order has been filed regarding this request.

    b. **Melinda Response**: Melinda objects to the extent this request calls for or implies that Plaintiff has any right to any computer of the after 2019, or which does not contain any information related to this case,

or which contains privileged materials.

9.      Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendants or their Affiliates during the years 2016-2022, including QuickBooks, RMC, RFC, and ACT.

 a. **General Response:** A motion for protective order has been filed regarding this request.

 b. **Melinda Response**: Melinda objects to the extent this request calls for or implies that Plaintiff has any right to any login information for my private account after March 2019, or which does not contain any information related to this case, or which contains privileged materials. Subject to and without waiving that objection, Melinda states: I do not have the passwords for any "cloud-based systems used by Defendants or their Affiliates during the years 2016-**2019**, including QuickBooks, RMC, RFC, and ACT." No such "cloud based systems" such as "QuickBooks, RMC, RFC, and ACT" were used by me after Joe's arrest in 2019.

10.     Identify all documents upon which you will rely upon at the time of trial.

a. **Melinda Response**: All such documents are in possession of the bankruptcy trustees of the two (2) bankruptcy cases (our personal case and the business case), or the FBI. My attorney will need to obtain these through discovery. I intend to use any documents attached to pleadings in this case, (which are all accessible via CM/ECF), and/or any produced during initial disclosures, and/or any produced in response to these discovery requests (which I have attached), or later, if I locate any further responsive or relevant documents or obtain any such documents via discovery.

11. Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and Plaintiff, related to or touching upon the transactions by and between either of Defendants and Plaintiff, for the period of January 1, 2018 through December 31, 2019, including all correspondence, emails, email attachments, phone discussions and text messages.

a. **Melinda Response**: Melinda objections to this request as Overly broad, Vague, Ambiguous, and unduly burdensome as it is not limited in time scope. Subject to and without waiving her objections, Melinda states: None that I can recall or currently have in my possession.

12.    Identify all communications (name of person, whether by email, text or phone and the substance of each communication) between either of Defendants and any family members of Defendants (including children, in-laws, sisters, brothers and parents) related to or touching upon the transactions by and between either of Defendants and Plaintiff, for the period of January 1, 2018 through today's date.

   a. **Melinda Response**: Melinda objections to this request as Overly broad, Vague, Ambiguous, and unduly burdensome as it is not limited in time scope, and not reasonably calculated to lead to the discovery of admissible or relevant evidence in this case. Subject to and without waiving her objections, Melinda states: None that I can recall or currently have in my possession. Except that I remember this: The first call I received was from Jessica Gelov Lynch, my nephew Kevin Lynch's wife. She called me when I was also at home on Sanibel. She asked me what was going on. I said I don't know what you're referring to? She said "ok- I'm going to just call Joe". I don't remember whether or not I asked Joe about this. Then I received a call from my niece, Lauren Lynch, who worked in our office full time. I was on Sanibel, and she said she thought something was terribly

wrong with Joe. She called my daughter and son (Shannon and Joey Adducci) and they all got on the phone. I don't remember the time delay in between the calls. Joe's Dad was dying in the middle of this all. Jessica and Kevin Lynch were at the funeral. William Noble was messing with Joe's head and said he might come to the funeral and Joe told him that was not a good idea. That completely confused me.

13.     Identify the exact location, description and value of all assets of Defendants or their Affiliates and/or of DuMouchelle Jewellers not within the custody of the trustees in Defendants' or DuMouchelle Jewellers bankruptcy cases, in existence as of the date of filing of Defendants' and DuMouchelle Jewellers' bankruptcy proceedings, including all cash, certificates of deposit, jewelry, gems, gemstones, real property, personal property, stocks, bonds, mutual funds, cash, debit cards, crypto currencies, gift cards, and/or other cash equivalents and safety deposit boxes and safes.

   a.  **Melinda Response**: All of my assets, and I believe all of those of Joe as well, and of the company (DuMouchelle Jewellers) were laid out in the bankruptcy case schedules and statements. Some were taken as non-exempt by the trustees of the 2 cases. All of the business assets were taken by the trustee in that case. I believe all real property was

DocuSign Envelope ID: 46426457-E54F-432F-A0AB-851265BAC190

sold. I currently have minimal personal property that I own, including miscellaneous items of clothing, costume jewelry, and the standard household items like furnishing and kitchen wares, at the home where I live, which were either exempt in our personal bankruptcy case, or which we settled with the Trustee to allow us (now just me) to have, or which I have acquired since the bankruptcy filing, from my own earning.

14.    Identify the persons funding Defendants' defense of this litigation.

   a.    **General Response:** A motion for protective order has been filed regarding this request.

   b.    **Melinda Response**: Melinda objects to this request as it does not request information that is in any way relevant to the elements of the cause(s) of action asserted by Plaintiff and is not reasonably calculated to lead to the discovery of relevant or admissible evidence. For these reasons, it is also unduly burdensome and harassing. Specifically, Melinda also objects to providing the name(s) of the person(s) who gifted/lent Defendants the funds to pay the retain to their lawyer for the reason that Plaintiff, Ted Gelov, has threatened members of Defendants' family that he would "come after them" if

they help the Defendants. Subject to and without waiving that objection, Melinda states: my lawyers were paid a $10,000 retainer, comprised of two (2) $5,000 payments, one in July and one in December of 2020, which were funded through money lent or given to us by third-parties. They have been paid <u>no additional money</u> from any sources, and they are owed in excess of $300,000.00 in legal fees.

## REQUESTS TO PRODUCE

1.  Produce the Operating Agreement and all amendments to the same of DuMouchelle Jewellers.

> a. **Melinda Response**: Any such documents would currently be in the possession of the Trustee of the bankruptcy case of that entity.

2.  Produce all documents referenced in the "briefcase" of documents Defendant Joseph intended to share with his criminal counsel, but never reviewed, alleged to have existed in the filings may by Joseph in his criminal proceeding.

> a. **Melinda Response**: Melinda states: I do not know anything about this.

3.  Produce the signature cards to the Chase Account ending in 0024 held by or for the benefit of either or both Defendants or DuMouchelle Jewellers.

> a. **Melinda Response**: Any such documents would currently be in the possession of the Trustee of the bankruptcy case, or of Chase

Bank. I do not have them.

4.    Produce all documents you intend to rely upon at the time of trial.

a. **Melinda Response**: All such documents are in possession of the bankruptcy trustees of the two (2) bankruptcy cases (our personal case and the business case), or the FBI. My attorney will need to obtain these through discovery. I intend to use any documents attached to pleadings in this case, (which are all accessible via CM/ECF), and any produced during initial disclosures, and any produced in response to these discovery requests, or later, if I locate any further responsive documents or documents relevant to my defense or obtain any such documents via discovery.

5.    Produce all communications in Defendant's possession between Plaintiff and either of Defendants.

a. **Melinda Response**: Melinda objects to this request as overly broad and unduly burdensome as it is not limited in scope of time, nor reasonably calculated to lead to the discovery of admissible or relevant, non-privileged, evidence. However, subject to and without waiving her objections, Melinda states: To the best of my current knowledge and recollection, I have never communicated

with Ted Gelov, and I have no such documents in my possession, custody or control.

6. Produce all documents referenced or relied upon in preparing your responses to the Interrogatories.

  a. **Melinda Response**: Melinda asserts Attorney-Client Privilege and Marital/Spousal Privilege to the extent that any communication between her and her attorney, or her and her husband, could be deemed to have been "relied on" in preparation of these responses. Subject to and without waiving those privileges, Melinda states: All relevant business documents were taken by the Trustee of the Business Case. The minimal documents I do have, to the extent responsive hereto, or relevant to this case (and to the extent not yet obtained from other third parties), I have produced either in my initial disclosures, or attached to pleadings in this case, or I have attached them to these responses.

7. Produce all computers and computer servers utilized or accessed by either of Defendants or their employees during the period 2016-2022, including those owned personally and those of DuMouchelle Jewellers.

a. **General Response:** A motion for protective order has been filed regarding this request.

b. **Melinda Response**: Melinda objects to this request to the extent that it requests computers used after March 2019, which is when all of the events that comprise the factual allegations of Plaintiff's complaint were done, and Plaintiff had commenced litigation in state court against Defendants. Melinda asserts Attorney-Client Privilege to the extent that any computers from thereafter do or may contain privileged communication. Subject to and without waiving her objections, Melinda responds as follows: Any and all computers relevant to the time period of the facts in Plaintiff's Complaint, which ends when Plaintiff sued in State Court on March 2019, are in the possession of either the government, the business case trustee, or the personal bankruptcy chapter 7 trustee.

---

## **<u>VERIFICATION</u>**

By signing below, I swear and affirm that the foregoing responses to discovery are true and accurate to the best of my knowledge, information, and belief.

863CED7389DE480...

Melinda ADDUCCI                                3/16/2023
*as to her answers/responses only.*            Date

---

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendants*


By: /s/Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

**Dated**: March 16, 2023

DocuSign Envelope ID: 46426457-E54F-432F-A0AB-851265BAC190

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Debtor(s)*

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

TEODOR GELOV,
                    *Plaintiff,*
v.
JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Defendant(s)*

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

## PROOF OF SERVICE

Patrick A. Foley hereby certifies that on March 16, 2023 he did serve a copy of the foregoing discovery responses, upon counsel for the Plaintiff, TEODOR GELOV by emailing a copy of the same, via the Court's CM/ECF e-Filing System to:

Attorney Jay L. Welford - Email: jwelford@jaffelaw.com

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendants*

By: /s/Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

**Dated**: March 16, 2023