# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

                                                   Chapter 7

Joseph G. DuMouchelle and
Melinda J. Adducci                                       Case No. 19-54531-lsg

                                                   Honorable Lisa S. Gretchko

          Debtors.

_____/

Teodor Gelov

          Plaintiff,

v.

Joseph G. DuMouchelle and                                Adversary Pro. No. 20-04172
Melinda J. Adducci

          Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' <u>DISCOVERY REQUESTS TO PLAINTIFF</u>

Plaintiff Teodor Gelov ("Plaintiff") through his undersigned counsel, serves the following *Response to Defendants' Discovery Requests to Plaintiff*, pursuant to Federal Rules of Civil Procedure 33 and 34, made applicable to the proceeding by Federal Rules of Bankruptcy Procedure 7033 and 7034 as follows:

1

# GENERAL OBJECTIONS

Plaintiff objects to the Defendant Joseph DuMouchelle ("Joseph") and Melinda Adducci's ("Melinda") Discovery Requests to Plaintiff (the "Requests") (when referred to together Joseph and Melinda will be referenced as the "Debtors" or "Defendants") on the following general grounds. Each general objection and reservation of rights is incorporated into each Response to which it is applicable and will not necessarily be repeated in response to each individual Request. The Responses provided herein are subject to and without waiver of these general objections and reservations of rights.

1.      Plaintiff objects to the Requests to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, statute, regulation, or rule. The inadvertent production of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

2.      Plaintiff objects to the Requests to the extent they are vague, ambiguous and/or fail to describe with reasonable particularity the information sought.

3.      Plaintiff objects to each of the Requests to the extent that their scope is not restricted to a reasonable and relevant time period or on topics not relevant to the present litigation.

4867-4396-2453.v2

4.     Plaintiff objects to Defendants' definitions to the extent that they are inconsistent with definitions contained in the Bankruptcy Code. More specifically, Plaintiff objects to Defendants' definition of "You" to the extent that it seeks to incorporate persons or entities other than the individual Plaintiff, Teodor Gelov.

5.     Plaintiff objects to the Requests to the extent that they are argumentative and purport to require Plaintiff either to respond to or to assume the premises of Defendants' arguments. The Responses and objections to the Requests are not intended to be and shall not be deemed an admission of the matters stated, implied, or assumed by any or all of the Requests.

6.     In responding to the Requests, Plaintiff neither waives nor intends to waive, but expressly reserves, all objections to the relevance, competence, materiality, or admissibility of any information provided and the truth and accuracy of such information set forth in the Responses.

7.     The Responses are provided as of the date hereof. Plaintiff's investigation and discovery concerning this case is ongoing. Plaintiff reserves the right to amend, correct, and/or supplement his Responses to each of these Requests.

## **INTERROGATORIES**

1.     Describe in detail, with respect to each Defendant, all "money, property, or services" ("Money") that you allege said Defendant obtained from You during the six (6) years immediately preceding the Bankruptcy Petition, including

3

specifically the date such money was obtained by said Defendant, the account(s) of said Defendant into which you assert such Money flowed, or the disposition of such Money as you understand it.

**Response:**

**In connection with the August 3, 2018 promissory note (the "Note") executed by Joseph, Melinda and Joseph DuMouchelle Fine & Estate Jewelry, LLC ("DuMouchelle Jewelers"), on August 3, 2018, I wired $1,800,000.00 USD to a Chase Bank checking account ending in 6002 held by DuMouchelle Jewellers.**

2.      Described in detail, with respect to each Defendant, all "extension(s), renewal(s), or refinancing(s) of credit" ("Credit") that you allege each such Defendant obtained from during the six (6) years immediately preceding the Bankruptcy Petition.

**Response:**

**The August 3, 2018 loan of $1,800,000.00 to Debtors and DuMouchelle Jewelers.**

3.      Describe in detail all Money or Credit given, paid, transferred and/or otherwise provided to You, or to another entity for Your benefit, from Joe or Lindy or from any entity acting on behalf of or under the direction of Joe or Lindy, during the past 6 years.

4

**Response:**

> **None.**

4.      Describe in detail, with respect to each Defendant, the "false pretenses" and/or "false representations" by which you allege each of the Defendants obtained Money or Credit from You. Your response, must include, at a minimum:

   a.      the date, time, place, and manner of any actions you allege were taken by each Defendant, or of any representations You allege were made by either Defendant;

**Response:**

> **Joseph stated that he and Melinda had an opportunity for me in a jewelry transaction. He stated that in the past he performed such transactions with Robert "Rusty" White and he had a long and successful history of buying particular pieces or collections and then reselling them for gain and sharing the proceeds with this financial backer. That person had passed away, so Debtors were in need of a new financial backer. Joseph stated that he had discovered a particular collection of jewelry to purchase which Debtors would then sell at auction and he expected significant financial return from this collection. Joseph stated the sellers of the collection had some desire for a quick sale and privacy. Joseph stated that he and Melinda would use the $1,800,000 borrowed from me**

to purchase the collection for $3,600,000 and then believed it would sell for more than $5,000,000.

Joseph's representations to me were in fact untrue as supported by Debtors' actions immediately following the time that they signed the promissory note and received my $1.8 million loan where they immediately used the loan funds me for their own purposes and never used the funds to make the investment that Joseph promised to Plaintiff he would make.

Pursuant to the $1.8 million Promissory Note dated for August 3, 2018 (the "Note"), Debtors agreed:

> . . . that the Funds shall be used solely for the purchase of those items of jewelry specifically identified in Exhibit A attached hereto and incorporated herein, as may be amended in writing and signed by both parties (the "Property"). The Funds shall be used for no other purpose and shall not be intermingled with any other monies or funds except for the express purpose of consummating a purchase of the Property. Once purchased the Property shall be in the name of one or more of the Borrowers, and no other entity shall have any ownership right in the Property until the Property is sold by Borrowers.

This representation was false. Debtors directed me to wire the $1.8 million to an account where the funds were immediately comingled with other funds. Debtors pledged collateral described in Exhibit A (the "Items") to the Note and some or all of the collateral described therein either does not and never existed or was collateral that Debtors had already sold prior to entering the Note to Plaintiff.

Debtors never used the $1.8 million to purchase the Items.

After the Note was signed Joseph sent emails to me on October 31, 2018 containing images of pieces of the Items he stated had been acquired using my funds. Prior to this email Joseph stated to me by phone that the particular Items identified on the promissory note had been obtained and that he would send pictures of the Items to me. On December 21, 2018, Joseph sent me an email showing the alleged results of an alleged auction representing that 15 of the Items had sold at particular prices as shown on the email. On or around December 21, 2018, Joseph stated to me that the auction had been completed with favorable results.

After December 21, 2018 and before January 31, 2019 Joseph stated by telephone several times that he and Melinda were simply waiting for the auction buyers to settle their accounts before payment would be made to me.

Near the end of January 2019 and into the end of March 2019 Joseph stated several times that there were issues with wire transferring that portion of the auction proceeds due to me. He also left a voice mail stating that he was overnighting a physical check to me which was not true.

Joseph also texted an image to me of an alleged Bank of America document on March 2, 2019 showing more than enough funds to pay the

proceeds due to me. This document was fabricated by either or both Joseph and Melinda.

Following the supposed auction date, I had a telephone conversation with Joseph and Melinda which I was able to partially record. In that conversation for which a transcript is produced with this Response at TG000206 and recording at TG001016, Joseph and Melinda represented that the reason I had not been paid the proceeds from the alleged auction is solely due to banking issues regarding wire transfers. Melinda represented that the jewelry collection went through a successful auction and at least one of the buyers was someone she knew, and the proceeds had been received by her and Joseph.

Melinda concealed Debtors' fraud in several subsequent representations. For example, she falsely explained to Plaintiff that the auction of Plaintiff's collateral was successful, and the proceeds were wired to Debtors, but Debtors were unable to remit a wire transfer of Plaintiff's proceeds to him blaming their delay on the banks claiming the significant dollar amount of the wire transfer was cause for the delay. In reality, Debtors were already using Plaintiff's original $1.8 million wire transfer for other purposes other than to purchase Plaintiff's collateral.

Melinda represented to Plaintiff that she had worked on the sale of Plaintiff's collateral for three or four months. Melinda stated she knew the

**buyer of the Items as someone she knew from North Dakota. Melinda stated the money from the auction sale of the Items had been wired into the Bank of America account, but Bank of America was not releasing the funds. Melinda stated that she had informed the bank that the wire for the auction of the Items was on its way so there should not have been any trouble. Melinda stated that if the bank had not held the funds, I would have been paid two weeks prior to the phone call. Melinda stated, "I know it sounds like a story. I can't make it up. It's just the truth."**

      b.     a description of exactly how You relied upon the alleged "false pretenses" or "false representations" in choosing to provide to either of the Defendant the alleged Money and/or Credit you allege;

**Response:**

      **I relied on Debtors' representations, including the investment value of the Items, the photos of the purported Items that Debtors provided and Debtors' experience and expertise in the jewelry business including their expertise in jewelry investments in order to agree to the loan amount and credit granted of $1,800,000.00.**

      c.     a description of the due diligence / investigation You did regarding any representation(s) you allege each of the Defendants made to you, before

9

choosing to provide each/either of the Defendants with any Money or Credit.

**Response:**

**I researched DuMouchelle Jewelers to verify that it was in fact a registered business. I researched and read several articles about Joseph's prior business transactions involving jewels which confirmed that Joseph was experienced in the type of jewelry transaction he proposed to me. My research confirmed that Joseph and Melinda held/hold themselves out as and were/are known as jewelry experts and were/are experts in valuation and buying and selling jewelry as investments.**

**As for the Items that were the subject of the Note and our transaction, I reviewed copies of the images of the jewelry that Debtors provided as representation of the Items they claimed were purchased with the Note proceeds and the description and valuation of those items as presented by Debtors as known experts in the field.**

      d.     an exact description of the Money and/or Credit, or whatever portion thereof, You allege that You provided to each of the Defendants, directly, on account of the alleged "false pretenses" or "false representations."

10

**Response:**

**I advanced $1,800,000 to Debtors on account of Debtors' false representations about their intent to purchase the Items with the Note proceeds and their known expertise in their field upon which I relied upon in agreeing to advance a $1,800,000 investment loan with Debtors.**

5.  Describe in detail any and all "statement(s) in writing" ("Writing") that you believe were materially false that either Joe or Lindy made to you, including:

a.  the date, time, and place were you received said Writing;

b.  the contents of the Writing;

c.  the exact manner in which the Writing was false;

d.  the manner in which you allege that said Writing influenced any decision you made with respect to the provision of Money or Credit to Joe or Lindy;

e.  a description of exactly how You relied upon the alleged "actual fraud" in providing to Joe the alleged Money and/or Credit; and

f.  the full extent of the investigation into the alleged actions/representations you allege were taken/made by Joe.

**Response:**

**Emails, text messages and the Note as described and discussed in Response No. 4.**

Debtors represented in their communications to me that they intended to purchase the Items, had purchased the Items and had re-sold the Items resulting in a net profit that, consistent with the Note would be shared with me. I relied on Debtors representations and known expertise in the field as described in Response No. 3 and 4. The actual fraud consisted of the fact that while Debtors led me to believe that they were going to use the Note proceeds to acquire the Items specifically detailed and described, they did not make those acquisitions but rather, used the money for other purposes. In fact, at the time that Debtors signed the Note, they never intended to follow through on the terms of the Note. This is indicated by the fact that (1) they never segregated the Note proceeds; (2) Debtors never actually bought a single item of jewelry described as the collateral even though they made false representations to me that all the jewelry had been acquired; and (3) Debtors never sold a single item of jewelry described as the collateral even though they made false representations to me that the jewelry had sold and that the funds were tied up with their banks. Their false representations perpetuated the fraud against me after the fact by continuing to conceal the truth which was that they never used the Note proceeds to acquire the Items. I also incorporate by reference all the statements made in Response No. 4.

6. Describe in detail, with respect to each Defendant, any "fiduciary capacity" which you allege he or she had with respect to You, including a description of the documentary basis of the alleged fiduciary relationship.

**Response:**

**As agreed in the Note, Debtors agreed not to comingle the $1.8 million proceeds with other proceeds, and I entrusted Debtors with the purchase of jewelry they represented would be purchased with the Note proceeds. In furtherance of the terms of the Note, Debtors represented that they had collected the auction proceeds resulting from the sale of the Items on my behalf and they committed to remitting those proceeds to me. The Note and the subsequent representations demonstrate Debtors intent for me to entrust them with the Note proceeds and the sale proceeds resulting from a purported auction of the Items.**

7. Describe in detail, with respect to each Defendant, how it is you allege said Defendant committed fraud while in the fiduciary capacity to You.

**Response:**

**Debtors promises (1) not to comingle my $1.8 million; and (2) to use the proceeds to purchase specific jewelry items were false when made. Debtors continued the concealment of their fraud in subsequent representations where they falsely told me the jewelry had sold at auction and they were collecting the**

auction proceeds due to me. I incorporate by reference all statements made in Response Nos. 4, 5 and 6.

8. Describe in detail, with respect to each Defendant, how said Defendant committed defalcation while in the fiduciary capacity to You.

**Response:**

**In response to this Interrogatory No. 8, I incorporate by reference all statements made in Response Nos. 1 through 22.**

9. Describe in detail, with respect to each Defendant, the "embezzlement" with respect to You, that You allege was committed by said Defendant.

**Response:**

**Instead of making use of the proceeds to finance the purchase of jewelry specified in Exhibit A to the Note, Debtors made use of the loan proceeds for other unauthorized purposes. Debtors agreed not to comingle the Note proceeds but did. Debtors agreed to purchase designated items of jewelry with the Note proceeds but instead used the proceeds for other purposes and never remitted payment due under the Note resulting from the purported resale of the Items. I incorporate by reference Response Nos. 1 through 22.**

10. Describe in detail, with respect to each Defendant, the "larceny" with respect to You, that You allege was committed by said Defendant.

14

**Response:**

**I incorporate by reference Response Nos. 1 through 22.**

11.     Describe in detail, with respect to each Defendant, the manner in which said Defendant has "willful[ly] and malicious[ly]" injured You, including a description of all evidence that you have as to said Defendant's state of mind with respect to you.

**Response:**

**Instead of making use of the proceeds to finance the purchase of jewelry specified in Exhibit A to the Note, Debtors deliberately made use of the loan proceeds for other unauthorized purposes. As further response, I incorporate by reference Response Nos. 1 through 22.**

12.     Describe in detail any and all Communications and/or Correspondence between You and either of the Defendants (or both), upon which you base, or support, the allegations in your Complaint.

**Response:**

**See Response No. 4. I am producing to you the emails, text messages, voicemail messages and the Note all of which are the documents upon which my claim is based. Specifically, TG000185, TG000781-888, TG000957, TG000995.**

4867-4396-2453.v2

13.     Describe in detail any form of compensation or payment you have received related to the loss you allege in your Complaint.

**Response:**

**I have not received any compensation related to Debtors' theft of $1,800,000 from me.**

14.     Have you retained any private investigators to investigate either or both of the Defendants?

**Response:**

**No.**

15.     Have you made any deals with any family members of your of the defendants regarding the loss you allege in this case that you incurred?

**Response:**

**No.**

16.     Describe the full extent of your financial relationship with any family members, including extended family members, of the families of Joe or Lindy or their children. This includes, without limitation, all business and/or financial dealings.

**Response:**

**Plaintiff Objects to this Interrogatory No. 16 and incorporates by reference all general objections contained in this Response and further states**

16

**the request is irrelevant to this proceeding and would not be or lead to admissible evidence. Furthermore, the request is outside the agreed upon scope of discovery among the parties. If Debtors limit this request to any financial relationship regarding the theft by Joseph and Melinda then the answer is none.**

17.    Please list all money, including the date, amount, source, form of payment, that has been paid to you by either defendant, or any entity within their control, or any family members of the defendants, for any reason whatsoever.

**Response:**

**None.**

18.    Have you, or anyone acting on your behalf, made any recordings of telephone calls or live conversations between you and Joe or you and Lindy or you and both defendants, or between you and any other person(s), or between any other persons and either or both of the defendants, in which the subject matte of this litigation is discussed in any manner? If so, please list the date and time of each record, the medium of communication (live, or telephonic, etc.), and the length of the full original recording, and the person or person(s) who made the recording.

**Response:**

**I made a recording of a phone call with Joseph and Melinda which phone call took place on or about March 7, 2019. The full recording is 22 minutes and**

**33 seconds as stated on the recording file. I have not separately timed the recording.**

19. Please list any and all lawsuits that have been filed against you in the past 10 years, including the name(s) of the plaintiff(s), the address(es) and other contact information for the plaintiff(s) or their attorney(s), the name(s) of the defendant(s) (including yourself or your companies), the court in which it was filed, the address of the Court, the allegations made against you, and the ultimate disposition of each case. With respect to each case in which Judgment was obtained against you, or for which you settled by paying something to the plaintiff(s), please disclose the amount, and whether or not you actually made such payment(s).

**Response:**

**Plaintiff Objects to this Interrogatory No. 19 and incorporates by reference all general objections contained in this Response. Plaintiff further objects for the reason that this Interrogatory seeks information outside the scope of this litigation and permissible discovery topic. Plaintiff further objects to the extent that any such documentation is a matter of public record accessible to Debtors. To the extent that an answer is required, none.**

20. Please list all investigations or prosecutions against you by any governmental entity of any level or type, excluding only parking tickets and speeding offenses, including the date, the agency that investigated you, the court in

which any action was brought, and the address of said court, the nature of the allegations against you, and the disposition of each case.

**Response:**

**Plaintiff Objects to this Interrogatory No. 20 and incorporates by reference all general objections contained in this Response. Plaintiff further objects for the reason that this request is irrelevant to this proceeding and would not be or lead to admissible evidence. Furthermore, the request is outside the agreed upon scope of discovery among the parties. To the extent that Plaintiff is required to respond, there are no such investigations or prosecutions. To the extent that an answer is required, none.**

21.     List all witnesses you intend to call on at time of trial, this includes all experts that you have retained, or that you may retain, or that you may or intent to call on at time of trial, or whose work you may use in support of your case.

**Response:**

**Plaintiff Objects to this Interrogatory No. 21 and incorporates by reference all general objections contained in this Response. Plaintiff objects to this Interrogatory No. 21 for the reason that Plaintiff is not required to identify trial witnesses at this time and Plaintiff's discovery of possible witnesses is ongoing. Plaintiff reserves the right to call as trial witnesses the following**

19

**people: Each of Debtors and Plaintiff in addition to all other witnesses identified through discovery.**

22. List all exhibits you intend to use at trial, including the current location of each such document or piece of evidence, whether or not it is electronically stored.

**Response:**

**Plaintiff Objects to this Interrogatory No. 22 and incorporates by reference all general objections contained in this Response. Plaintiff further objects to this Interrogatory No. 22 for the reason that Plaintiff is not required to designate trial exhibits at this time and Plaintiff's discovery is ongoing. Plaintiff reserves the right to present all documents produced in discovery as trial exhibits in addition to all other evidence identified through discovery.**

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. Produce a copy of all pleadings, motions, or any other papers filed by You or any other party, or any orders, opinions, judgments, or other documents issued by the court, in any state court proceedings, or federal court proceedings, other than this case, between you and both or either defendant.

**Response:**

**Plaintiff Objects to this Request to Produce No. 1 and incorporates by reference all general objections contained in this Response. This request is overly broad and unduly burdensome, as all of the documents requested are**

20

**public records that Debtors are able obtain at their own expense without requiring Plaintiff to produce the same.**

2.    Produce a copy of all Documents or Communications or Correspondence between you and any third parties whatsoever, from the 6 years prior to the petition, and from the date of the petition to the present date (January 27, 2023), excluding any such correspondence with any licensed attorney who was retained as your attorney or with whom you were consulting, which in any way relates to, or discusses, either of the Defendants, and/or the facts, events or happenings giving rise to your Complaint against the Defendants.

a.    This includes, without limitation, all correspondence between you and any law enforcement agencies, or any other creditors of the either/both of the defendants, or any private investigators hired on your behalf.

b.    This includes, without limitation, all correspondence with any of your family members, or defendants' family members.

**Response:**

**Plaintiff submits TG000002-TG000196, TG000235 – TG000787, TG000961 – TG000964 and TG001004.**

3.    Produce a copy of all insurance policies, documents, correspondence and communications regarding any and all insurance that you had in place with respect to the Money, property, or Credit that you allege you provided to the

21

Defendants, and any claim(s) you made or reimbursement or payment you received as a result.

**Response:**

**Plaintiff has no insurance policies covering the losses caused by Debtors' fraudulent conduct therefore there are no documents responsive to this Request to Produce.**

4.      Produce any and all Documents evidencing or contradicting the allegations described in Your Complaint, from the time period being 6 years prior to the Bankruptcy Petition.

**Response:**

**Plaintiff Objects to this Request to Produce No. 4 and incorporates by reference all general objections contained in this Response. This request is overly broad and not made with reasonable particularity.**

5.      Produce any and all Documents evidencing or contradicting your responses to the Interrogatories directed to You herein, from the time period being 6 years prior to the Bankruptcy Petition.

**Response:**

**Plaintiff Objects to this Request to Produce No. 5 and incorporates by reference all general objections contained in this Response. This request is overly broad and not made with reasonable particularity.**

4867-4396-2453.v2

6.     Produce any and all Documents that evidence the transfer and/or payment of any Money from You directly to either Defendant, from the time period being 6 years prior to the Bankruptcy Petition, including, without limitation, bank statements, copies of cancelled checks, electronic communications or correspondence, etc.

**Response:**

**Plaintiff submits TG000785-TG000793, TG000863-TG000865, TG000870-TG000875, TG000885-TG000889, TG000995-TG000996.**

7.     Produce any and all Documents that evidence the provision of any Credit by You to either Defendant, from the time period being 6 years prior to the Bankruptcy Petition, including, without limitation, bank statements, copies of cancelled checks, electronic communications or correspondence, etc.

**Response:**

**Plaintiff submits TG000777-TG000805, TG000889.**

8.     Produce any and all documents or correspondence evidencing the transfer, payment, and/or distribution of any Money to You, or to any other entity for you benefit, from Joe or Lindy, or from any entity which was controlled and/or managed by either of the Defendants, or from any entity in which you were a co-investor or co-owner with either of the Defendants, from the time period being 6 years prior to the Bankruptcy Petition.

4867-4396-2453.v2

**Response:**

**Plaintiff Objects to this Request No. 8 and incorporates by reference all general objections contained in this Response. Furthermore, the request is outside the agreed upon scope of discovery among the parties. To the extent that Plaintiff is required to respond, none.**

9.      Produce any and all Documents either consisting of, or evidencing, any and all Communications or Correspondence between You and either of the Defendants, or both.

**Response:**

**Plaintiff submits TG000185, TG000774- TG000887, TG000995.**

10.      Please produce any all recordings you, or anyone acting on your behalf, have made, or any that have been provided to you by any third parties, of any telephone calls, video calls, or any other form of electronic real time communication, or live conversations between you and Joe or you and Lindy or you and both defendants, or between you and any other person(s), or between any other persons and either or both of the defendants, in which the subject matter of this litigation is discussed in any manner?

4867-4396-2453.v2

**Response:**

**Plaintiff submits TG000216 the transcript of a recorded phone call and the corresponding recording TG001004.**

11.     Produce a copy of all pleadings, motions, or any other papers filed by You or any other party, or any orders, opinions, judgments, or other documents issued by the court, in any state court proceedings, or federal court proceedings evidencing the cases against you as requested in interrogatories no. 19 and 20, above.

**Response:**

**Plaintiff Objects to this Request No. 13 and incorporates by reference all general objections contained in this Response. Plaintiff further objects for the reason that Plaintiff is not required to identify the exhibits he will use at trial at this time.**

12.     Produce any and all Documents relied upon by You in the preparation of the Complaint, or of Your responses hereto, not otherwise produced in response to these requests.

**Response:**

**Plaintiff submits TG000001 - TG000996.**

4867-4396-2453.v2

13.    Produce any and all Documents, Correspondence, exhibits, or other evidence upon which you intend to rely at time of trial, or earlier by way of motion or response to the Court.

**Response:**

**Plaintiff Objects to this Request to Produce No. 13 and incorporates by reference all general objections contained in this Response. Plaintiff further objects for the reason that Plaintiff is not required to identify the exhibits he will use at trial at this time.**

Dated: June 6, 2023

_Ted Gelov_
Teodor Gelov, Plaintiff

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated:  June 6, 2023

By:    /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff*

4867-4396-2453.v2
20-04172-lsg    Doc 150    Filed 06/08/23    Entered 06/08/23 12:48:42    Page 26 of 28

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

Joseph G. DuMouchelle and
Melinda J. Adducci

              Debtors.

_____/

Teodor Gelov

        Plaintiff,

v.

Joseph G. DuMouchelle and
Melinda J. Adducci

        Defendants.

_____/

Chapter 7

Case No. 19-54531-lsg

Honorable Lisa S. Gretchko

Adversary Pro. No. 20-04172

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on June 8, 2023, my office caused to be served a copy of

the ***Plaintiff's Response to Defendants' Discovery Requests to Plaintiff*** and this

***Certificate of Service*** by email on Counsel for the Defendants, Patrick A. Foley at

pafoley@jrfpc.net, and by using the Court's electronic filing system which will send

notice to all ECF participants registered to receive notice.

1

Respectfully submitted by:

**TAFT STETTINIUS & HOLLISTER LLP**

Dated:  June 8, 2023       By:   /s/ Jay L. Welford
                                     Jay L. Welford (P34471)
                                     Kimberly Ross Clayson (P69804)
                                     27777 Franklin Road, Suite 2500
                                     Southfield, Michigan 48034
                                     Phone: (248) 351-3000
                                     jwelford@taftlaw.com
                                     kclayson@taftlaw.com