# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

                                       Chapter 7

Joseph G. DuMouchelle and Melinda
J. Adducci                                  Case No. 19-54531

                                       Honorable Lisa Gretchko

                Debtors.

_____/

Teodor Gelov

                Plaintiff,

v.

Joseph G. DuMouchelle and Melinda            Adversary Pro. No. 20-04172
J. Adducci

                Defendants.

_____/

## <u>PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS</u>

    Plaintiff, Teodor Gelov ("<u>Plaintiff</u>"), by his undersigned counsel, hereby moves for entry of discovery sanctions based on Defendants' failure to comply with the *Order Granting In Part And Denying In Part Defendants' Motion For A Protective Order* [ECF No. 156] pursuant to Fed. R. Bankr. P. 7037/Fed. R. Civ. P. 37. Plaintiff relies on the attached *Brief in Support of Plaintiff's Motion for Discovery Sanctions.*

Respectfully submitted by:

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated:  August 9, 2023          By:  /s/ Jay L. Welford
                                Jay L. Welford (P34471)
                                Kimberly Ross Clayson (P69804)
                                Counsel to Plaintiff
                                27777 Franklin Road, Suite 2500
                                Southfield, Michigan 48034
                                Phone: (248) 351-3000
                                jwelford@taftlaw.com
                                kclayson@taftlaw.com

                                *Counsel for Plaintiff Teodor Gelov*

**EXHIBIT 1**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

                                               Chapter 7

Joseph G. DuMouchelle and Melinda
J. Adducci                                Case No. 19-54531

                                                 Honorable Lisa Gretchko

                   Debtors.
_____/

Teodor Gelov

               Plaintiff,

v.

Joseph G. DuMouchelle and Melinda          Adversary Pro. No. 20-04172
J. Adducci

               Defendants.
_____/

## *PROPOSED*
## ORDER GRANTING PLAINTIFF'S
## <u>MOTION FOR DISCOVERY SANCTIONS</u>

        THIS MATTER came before the Court on *Plaintiff's Motion for Discovery Sanctions* [ECF No. __] (the "<u>Motion</u>"), Notice of the Motion was served on Defendants as stated in Plaintiff's certificate of service filed with the Motion and more than 14 days have passed and Defendants have not filed an objection or other response to the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that, Plaintiff's Motion is GRANTED. Pursuant to Rule 37(b)(2)(A) and Defendants' failure to comply with the Court's *Order Granting In Part And Denying In Part Defendant's Motion For A Protective Order* [ECF No. 156], Plaintiff is hereby granted a judgment by default in his favor and jointly and severally against each of Defendants.

IT IS FURTHER ORDERED that within 14 days of the date of entry of this Order, Plaintiff shall submit an affidavit in support of the total request for damages upon which the court shall issue a default judgment against Defendants for a sum certain.

**EXHIBIT 2**

**Notice and Opportunity to Object**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                            Chapter 7

Joseph G. DuMouchelle and Melinda
J. Adducci                                        Case No. 19-54531

Debtors.                                          Honorable Lisa Gretchko

_____/

Teodor Gelov

       Plaintiff,

v.

Joseph G. DuMouchelle and Melinda                 Adversary Pro. No. 20-04172
J. Adducci

      Defendants.

_____/

## NOTICE OF OPPORTUNITY FOR HEARING RE:
## <u>PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS</u>

Plaintiff Teodor Gelov has filed the *Plaintiff's Motion For Discovery Sanctions* (the "<u>Motion</u>") with the United States Bankruptcy Court for the Eastern District of Michigan.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief requested in the Motion, or if you want the court to consider your views on the Motion, within <u>fourteen</u> (14) days, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Taft Stettinius & Hollister LLC
Attn: Jay Welford
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

Respectfully submitted by:

TAFT, STETTINIUS & HOLLISTER, LLP

Dated: August 9, 2023

By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

---

[1] Response or answer must comply with Fed.R.Civ.P. 8(b), (c) and (e).

**EXHIBIT 3**

**Brief**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci

     Debtors.
_____/

Chapter 7

Case No. 19-54531

Honorable Lisa Gretchko

Teodor Gelov

     Plaintiff,

v.

Joseph G. DuMouchelle and Melinda
J. Adducci

     Defendants.
_____/

Adversary Pro. No. 20-04172

## BRIEF IN SUPPORT OF PLAINTIFF'S
## MOTION FOR DISCOVERY SANCTIONS

  Plaintiff, Teodor Gelov ("Plaintiff"), by his undersigned counsel states as follows for his *Brief in Support of Plaintiff's Motion for Discovery Sanctions*:

## INTRODUCTION

  Plaintiff is the victim of the fraudulent misrepresentations made by Defendants Joseph DuMouchelle ("Joseph") and Melinda Adducci ("Melinda") to Plaintiff pertaining to obtaining and using Plaintiff's loan proceeds for the

acquisition of certain jewelry items that Defendants never acquired. Defendants' fraud is well documented in Plaintiff's State of Michigan, Oakland County Circuit Court litigation and in Joseph's Federal District Court criminal proceeding, guilty plea hearing and resulting criminal conviction.

Defendants used computers and computer programs to conduct their business as members of Joseph DuMouchelle Fine and Estate Jewellers, LLC ("DuMouchelle Jewellers") which Defendants used to defraud Plaintiff. Melinda admitted that she has owned at least two personal computers in the years following Defendants' fraudulent transaction with Plaintiff. Defendants have also admitted that they conducted the business of DuMouchelle Jewellers with the use of computers and servers. Thus, pursuant to the parties' last filed *Rule 26(f) Report* (ECF No. 112; "Rule 26(f) Report") and *Plaintiff's First Request for Production of Documents and Interrogatories* at Interrogatory No. 8, Interrogatory No. 9 and Request to Produce No. 7 (ECF No. 126; "Plaintiff's Discovery Requests"), Plaintiff requested discovery of Defendants' electronically stored information ("ESI") as well as an explanation of the disposition of all personal and DuMouchelle Jewellers computers and servers. Plaintiff also requested relevant ESI that may be contained on the Defendants' personal and business computers.

In response to Plaintiff's Discovery Requests, Defendants filed their *Motion for a Protective Order* [ECF No. 132] (the "Protective Order Motion"). Following

oral argument on the Protective Order Motion, the Court entered its *Order Granting in Part and Denying in Part Defendant's Motion for Protective Order* [ECF No. 156] (the "Discovery Order").

Pursuant to the Discovery Order, the court ordered that the Protective Order Motion "is DENIED as to Interrogatory No. 8 and 9 and Request to Produce No. 7 of Plaintiff's Discovery Request ("Discovery Request," ECF No. 126) and Defendants shall comply in all respects with the Parties Report of 26(f) Conference (ECF No. 112) in response to Plaintiff's Discovery Request."

Interrogatory No. 8 asked Defendants to "Identify the current location of all computers and servers used by Defendants or their Affiliates during the years 2016-2022 and if no longer in Defendants' or their Affiliates' possession, the disposition made of each, the date of disposition and the method of disposition."

In connection with Interrogatory No. 8, Interrogatory No. 9 requested that Defendants "Provide all valid usernames and corresponding passwords to all cloud-based systems used by Defendants or their Affiliates during the years 2016-2022, including QuickBooks, RMC, RFC, and ACT." QuickBooks, RMC, RFC and ACT are all software programs that, upon Plaintiff's information and belief, Defendants used to operate Joseph DuMouchelle Jewellers ("DuMouchelle Jewelers"). In particular, these are the programs used to catalog jewelry, advertise, solicit and transact sales and jewelry auctions and manage Defendants' business finances.

Plaintiff's Request to Produce No. 7 asked Defendants to "Produce all computers and computer servers utilized or accessed by either of Defendants or their employees during the period 2016-2022, including those owned personally and those of DuMouchelle Jewellers."

Notwithstanding this Court's Discovery Order, Defendants have not responded to the Discovery Requests.

With respect to the 26(f) Report, on July 6, 2023 Plaintiff's and Defendants' respective counsel had a telephone conference to discuss e-discovery and to arrange for a third-party ESI discovery vendor. To begin that process, Plaintiff requested the year, make and model of Melinda's laptop computers. Through counsel, Defendants agreed and committed to production of the same the following week which was the week of July 10, 2023. Defendants did not produce the information on July 10, 2023.

On July 11, 2023 and July 13, 2023 via email, Plaintiff once again identified the specific information needed to initiate ESI discovery and in particular requested the year, make and model of Melinda Adducci's computers. Plaintiff has not received a response.

On July 24, 2023, Plaintiff, through counsel, for a final time before filing this motion, sent an email following up regarding the information necessary to begin e-discovery and had a phone conversation with Defendants' counsel. Defendants' counsel responded indicating he had requested the information from his client when

Plaintiff made the request and has not received a response. The July 11, 13 and 24 emails are attached as **Exhibit A**. On July 24, 2023, Defendants' counsel also filed its Motion to Withdraw as counsel in this Adversary Proceeding [ECF No. 163] citing to a breakdown of the attorney client relationship.

Despite the Discovery Order, Defendants have not complied with the 26(f) Report or responded to the Discovery Requests in any other manner.

## ARGUMENT

Defendants are in violation of the Discovery Order. Despite Plaintiff's good faith attempts to obtain information from Defendants, Defendants have ignored these requests in violation of the Discovery Order. Pursuant to Fed. R. Civ. P. 37(b)(2) Plaintiff is entitled to sanctions as a result of Defendants' failure to obey the Discovery Order. Pursuant to Rule 37(b)(2) the court is authorized to impose sanctions including "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; . . . . (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order . . . ."

"District courts have tools 'to penalize' those who violate their rules." *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (citing *Nat'l*

*Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976) (per curiam)). "Rule 16(f) authorizes courts to issue just orders, including the sanctions listed in Rule 37(b), for failure to follow a scheduling or other pretrial order. These sanctions 'may include' 'rendering a default judgment.'" *Id.* (citing Fed. R. Civ. P. 16(f)(1)(C) and Fed. R. Civ. P. 37(b)(2)(A)(vi).

In an albeit unusual way, Defendants' Protective Order Motion short-circuited Plaintiff's need to file a motion to compel discovery and now, as a result of their Protective Order Motion and the resulting Discovery Order, Defendants have been ordered by the court to respond to Plaintiff's Discovery Requests and to comply with the Rule 26(f) Report. Nevertheless, Defendants have failed to comply with the Discovery Order and the Rule 26(f) Report. Defendants' failure to comply with the Discovery Order and the Rule 26(f) Report is particularly harmful to Plaintiff's case since Defendants have admitted that their business was conducted on computers and servers critical to this litigation. Even more problematic, Defendants have misrepresented to the court that the computers and servers are in the possession of third parties (the FBI and/or the personal and DuMouchelle Jewellers chapter 7 trustees)[2] who, according to Plaintiff's investigation, did not obtain possession of

---

[2] "Any and all computers relevant to the time period of the facts in Plaintiff's Complaint, which ends when Plaintiff sued in State Court on March 2019, are in the possession of either the government, the business case trustee, or the personal bankruptcy chapter 7 trustee." Melinda's Response to Plaintiff's Discovery Request, p. 14, para. 7.b. [ECF No. 133].

the DuMouchelle Jewellers computers and servers. Even worse, the FBI indicated that they recovered "a couple of old computers" from Joseph's home in Florida but that those computers were then returned suggesting that the Defendants have not turned over or made disclosure of computers that were returned to their possession. Emails from each of the chapter 7 trustees and the FBI regarding the computers are attached as **Exhibit B**. Likewise, Melinda admitted she is in possession of two personal computers that may contain ESI materials responsive to Plaintiff's discovery request.[3]

Defendants' ESI and information pertaining to the disposition of the DuMouchelle Jewellers computers and servers is critical to Plaintiff's ability to obtain discoverable information to support his claims pursuant to 11 U.S.C. §§523(a)(2), (4) and (6) and to refute any bogus defenses, such as the jewelry items were, in fact purchased, were auctioned or sold and the sale proceeds were received. Under these circumstances and pursuant to Fed. R. Civ. P. 37(b)(2)(A), default judgment is an appropriate sanction for Defendants' failure to comply with the Discovery Order and the Rule 26(f) Report. However, if the Court, based on the current posture of the case, is not willing to grant default judgment to Plaintiff due to Defendants' failure to comply with the Discovery Order and the Rule 26(f)

---

[3] "Melinda should not be made to turn over the 2 laptops in her possession. . . ." Protective Order Motion, p. 4, para. d.i. [ECF No. 132].

Report, then, pursuant to Fed. R. Civ. P. 37(b)(2)(A), the Court is authorized to bar Defendants from introducing documents and testimony that support their defenses.

In the alternative to the above requested relief, if the court were to give Defendants a "third bite at the apple,"[4] before granting relief under Fed. R. Civ. P. 37(b)(2)(A), Plaintiff is entitled to an order to compel discovery and sanctions for Plaintiff's costs incurred in filing the Motion to Compel. Fed. R. Civ. P. 37(a)(3)(B) provides that a party may move to compel disclosure and for appropriate sanctions if a party fails to answer an interrogatory or fails to produce documents or fails to permit inspection or respond. To the extent that a motion to compel discovery is granted or the disclosure is provided after a motion to compel discovery is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The only exceptions to a sanction award include, if the movant filed the motion without attempting in good faith to obtain the disclosure or discovery without court action, the party's lack of response was "substantially justified" or for other reasons that make an award of expenses unjust.

---

[4] First, Defendants filed the Protective Order Motion to avoid responding to the Discovery Requests, then Defendants did not respond to Plaintiff's request for information to start ESI discovery nor have they voluntarily complied with this Discovery Order.

Plaintiff has attempted in good faith to facilitate Defendants' compliance with the 26(f)Report and the Discovery Requests.[5] Irrespective of Plaintiff's attempts, Defendants, through no fault of their counsel, have completely ignored the Discovery Order mandates and their duties under the Rule 26(f) Report, and have submitted a false response to the Discovery Requests.

## **CONCLUSION**

Plaintiff has made all reasonable attempts to facilitate Defendants' response to the outstanding Discovery Requests. Plaintiff is entitled to discovery sanctions up to and including default judgment in his favor. If the court determines that Plaintiff is not yet entitled to default judgment for Defendants' refusal to obey the Discovery Order and the Rule 26(f) Report, Plaintiff is at least entitled to an order to compel their response together with sanctions in the form of attorney fees and costs necessitated by their failure to respond and for submitting false responses.

---

[5] "In three separate emails on March 15, March 30 and May 22, 2023 and in several phone conversations, Plaintiff proposed to Defendants that the Motion could be resolved pursuant to Fed. R. Civ. P. 26 ("Rule 26") by Defendants' production of a privilege log. Moreover, Plaintiff proposed that Interrogatory Nos. 8 and 9 and Request to Produce No. 7 could be resolved through entry of an ESI protocol consistent with the Model ESI Order to allow for protection of electronically stored communications that Defendants claim are privileged. Plaintiff also offered Defendants access Plaintiff's electronic discovery vendor to facilitate the transfer of ESI pursuant an ESI protocol that would facilitate Defendants' ability to maintain their claim of privilege. Defendants have not agreed to Plaintiff's proposed measures and have not offered any alternative measure to cooperate in discovery." *Plaintiff's Objection to Defendants' Motion for a Protective Order* [ECF No. 149, p. 3].

WHEREFORE Plaintiff prays for entry of his proposed Order for Sanctions attached as **Exhibit 1** to the Motion and for all other relief the court deems necessary and just.

Respectfully submitted by:

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated:  August 9, 2023         By:  /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Teodor Gelov*

**Exhibit 4**

**Certificate of Service**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

                                       Chapter 7

Joseph G. DuMouchelle and Melinda
J. Adducci                                 Case No. 19-54531

                                         Honorable Lisa Gretchko

                    Debtors.

_____/

Teodor Gelov

                Plaintiff,

v.

Joseph G. DuMouchelle and Melinda                 Adversary Pro. No. 20-04172
J. Adducci

                    Defendants.

_____/

## CERTIFICATE OF SERVICE

    I hereby certify that on August 9, 2023, I caused to be served a copy of the *Plaintiff's Motion For Discovery Sanctions*, *Proposed Order*, *Notice of Motion*, *Brief in Support*, and *Certificate of Service* with the Clerk of the Court, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice.

Respectfully submitted by:

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated:  August 9, 2023      By:  /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
Counsel to Plaintiff
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

**Exhibit 5**

**Affidavits**

**<u>Exhibit 6</u>**

**Documentary Exhibits**

**Exhibit A**

# Clayson, Kim Ross

**From:** Clayson, Kim Ross
**Sent:** Tuesday, July 11, 2023 4:34 PM
**To:** 'Patrick Foley'
**Cc:** Welford, Jay
**Subject:** DuMouchelle E-Discovery Housekeeping
**Attachments:** Stipulation to Extend Discovery Cut Off-Revised.docx-127966798-v1.docx; Stip to Extend Discovery Cut Off.docx-127967975-v1.docx

Hi Patrick,

We are working on designating a proposed neutral party e-discovery vendor. The intent is to try and collect data from a remote access but that will depend on the type of computer Melinda has. Can you verify the make, year, and model of her computer? A screenshot of the computer specs would be helpful. Can you also provide the e-mail domain and/or service provider for the DuMouchelle Jewellers emails as well as your clients' personal email accounts?  (e.g. Google, Outlook, Network Solutions etc.)

All the best,

Kim



**Kim Ross Clayson**
Senior Counsel
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**



Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise

confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

## Clayson, Kim Ross

| | |
|---|---|
| **From:** | Clayson, Kim Ross |
| **Sent:** | Thursday, July 13, 2023 12:10 PM |
| **To:** | 'Patrick Foley' |
| **Cc:** | Welford, Jay |
| **Subject:** | RE: DuMouchelle E-Discovery Housekeeping |

Hi Patrick,

Following up:

Can you verify the make, year, and model of her computer? A screenshot of the computer specs would be helpful. Can you also provide the e-mail domain and/or service provider for the DuMouchelle Jewellers emails as well as your clients' personal email accounts?  (e.g. Google, Outlook, Network Solutions etc.)

████████████████████████████████████████████

All the best,

Kim Clayson

 **Kim Ross Clayson**
Senior Counsel
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**


Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.



**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Tuesday, July 11, 2023 4:34 PM
**To:** Patrick Foley <pafoley@jrfpc.net>
**Cc:** Welford, Jay <jwelford@taftlaw.com>
**Subject:** DuMouchelle E-Discovery Housekeeping

Hi Patrick,

We are working on designating a proposed neutral party e-discovery vendor. The intent is to try and collect data from a remote access but that will depend on the type of computer Melinda has. Can you verify the make, year, and model of her computer? A screenshot of the computer specs would be helpful. Can you also provide the e-mail domain and/or service provider for the DuMouchelle Jewellers emails as well as your clients' personal email accounts?  (e.g. Google, Outlook, Network Solutions etc.)



All the best,

Kim



**Kim Ross Clayson**
Senior Counsel
she/her/hers
kclayson@taftlaw.com
**Dir:** 248.727.1635
**Tel:** 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**



Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Clayson, Kim Ross**

---

| | |
|---|---|
| **From:** | Patrick Foley <pafoley@jrfpc.net> |
| **Sent:** | Monday, July 24, 2023 11:50 AM |
| **To:** | Clayson, Kim Ross |
| **Cc:** | Welford, Jay |
| **Subject:** | RE: E-Discovery Follow Up |

Kim,

I have requested the information that you seek from my client, and I have for several weeks. I do not have it yet.

Sincerely,
Patrick A. Foley
*Attorney*
JOHN R. FOLEY, P.C.
18572 W. Outer Dr.
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Monday, July 24, 2023 11:19 AM
**To:** Patrick Foley <pafoley@jrfpc.net>
**Cc:** Welford, Jay <jwelford@taftlaw.com>
**Subject:** E-Discovery Follow Up

Patrick – do you have the information we have requested?

All the best,

Kim



**Kim Ross Clayson**
Senior Counsel
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**



Jaffe has joined Taft. Now over 800 attorneys strong.

Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Exhibit B**

**Welford, Jay**

| | |
|---|---|
| **From:** | Elliot Crowder <ECrowder@sbplclaw.com> |
| **Sent:** | Tuesday, August 8, 2023 2:22 PM |
| **To:** | Welford, Jay; KHillary@schaferandweiner.com; Karen.Reynolds@usdoj.gov; cataylor@fbi.gov |
| **Cc:** | Clayson, Kim Ross |
| **Subject:** | RE: DuMouchelle |

Confirmed for my office and the trustees of the individual BK estate.�



--
Elliot Crowder
Stevenson & Bullock, P.L.C.
26100 American Drive, Suite 500
Southfield, MI 48034
(248)354-7906 ext. 2254
(248)354-7907 �€" fax
(248)310-8980 �€" cell
ecrowder@sbplclaw.com



PRIVILEGE AND CONFIDENTIALITY NOTICE
Attention: Pursuant to the electronic and communication privacy act of 1986, 18 U.S.C. § 2510, et seq. (the "ECPA"), you are notified that this e-mail may contain privileged and confidential information intended only for the recipient of this e-mail. You are hereby notified that dissemination or copying of this e-mail or any attachment is strictly prohibited. If you have received this e-mail in error, please immediately notify me by telephone at (248) 354-7906 ext. 2254, delete the original and destroy any printout or copy you may have (including your trash). Neither this information block, the typed name of the sender, or anything else in this message is intended to, nor shall it constitute an electronic signature on the part of the sender for purposes of any local, state, or federal laws including, but not limited to the Electronic Signatures in Global and National Commerce Act ("E-Sign") unless a specific statement to the contrary is included in this message. Thank You.



**From:** Welford, Jay <jwelford@taftlaw.com>
**Sent:** Tuesday, August 8, 2023 2:10 PM
**To:** Elliot Crowder <ecrowder@sbplclaw.com>; KHillary@schaferandweiner.com; Karen.Reynolds@usdoj.gov; cataylor@fbi.gov
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Clayson, Kim Ross <kclayson@taftlaw.com>
**Subject:** DuMouchelle



I am emailing each of you to confirm that neither the trustees nor the FBI or the US Attorney have ever taken possession of, or hold, any computer or server of Joseph DuMouchelle, Melinda Adducci or of Joseph DuMouchelle Estate and Fine Jewellers, LLC. The issue has arisen in the bankruptcy case. Thank you for your quick confirmation.



**Jay Welford**
Partner
jwelford@taftlaw.com
Dir: 248.727.1466
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan� 48034

1

**Taft Bio**
**Download vCard**
**taftlaw.com**



Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise
confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you
received this transmission in error, please notify the sender by reply e-mail and delete the message and any
attachments.



## Welford, Jay

| | |
|---|---|
| **From:** | Christine Taylor <cataylor@fbi.gov> |
| **Sent:** | Tuesday, August 8, 2023 2:37 PM |
| **To:** | Karen.Reynolds@usdoj.gov; Welford, Jay |
| **Subject:** | Re: DuMouchelle |

We did take a couple of old computers with Mr. DuMouchelle's consent from his residence in Florida. They were subsequently returned. Nothing was ever taken from the business. We do not have any servers/computers from the business.

Get Outlook for Android

---

**From:** Reynolds, Karen (USAMIE) <Karen.Reynolds@usdoj.gov>
**Sent:** Tuesday, August 8, 2023 2:28:31 PM
**To:** Jay Welford <jwelford@jaffelaw.com>
**Cc:** Taylor, Christine Ann (DE) (FBI) <cataylor@fbi.gov>
**Subject:** [EXTERNAL EMAIL] - FW: DuMouchelle

Jay, I don't believe so, but have copied Agent Taylor on this response so she can weigh in. Karen

**From:** Welford, Jay <jwelford@taftlaw.com>
**Sent:** Tuesday, August 8, 2023 2:10 PM
**To:** Elliot Crowder <ecrowder@sbplclaw.com>; KHillary@schaferandweiner.com; Reynolds, Karen (USAMIE) <KReynolds@usa.doj.gov>; Taylor, Christine Ann (DE) (FBI) <cataylor@fbi.gov>
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Clayson, Kim Ross <kclayson@taftlaw.com>
**Subject:** [EXTERNAL] DuMouchelle

I am emailing each of you to confirm that neither the trustees nor the FBI or the US Attorney have ever taken possession of, or hold, any computer or server of Joseph DuMouchelle, Melinda Adducci or of Joseph DuMouchelle Estate and Fine Jewellers, LLC. The issue has arisen in the bankruptcy case. Thank you for your quick confirmation.



**Jay Welford**
Partner
jwelford@taftlaw.com
Dir: 248.727.1466
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you

1

received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**Clayson, Kim Ross**

---

| | |
|---|---|
| **From:** | Mark Shapiro <shapiro@steinbergshapiro.com> |
| **Sent:** | Wednesday, August 9, 2023 7:13 AM |
| **To:** | Clayson, Kim Ross |
| **Cc:** | Tracy Clark; Kim Hillary |
| **Subject:** | FW: DuMouchelle |

Kim –

     Tracy forwarded your email on to me. At no time have I or anyone representing me had possession of any computers relating to the DuMouchelle cases. My understanding was that the FBI seized all computers/hard drives at the time they conducted their investigation, which was long before I was ever appointed in the business case.



**Mark H. Shapiro, Esq.**
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033
(248) 352-4700
(248) 352-4488 Fax
shapiro@steinbergshapiro.com

---

**From:** Tracy Clark <clark@steinbergshapiro.com>
**Sent:** Tuesday, August 8, 2023 5:26 PM
**To:** Mark Shapiro <shapiro@steinbergshapiro.com>
**Subject:** Fwd: DuMouchelle


Tracy M. Clark

Begin forwarded message:

> **From:** "Clayson, Kim Ross" <kclayson@taftlaw.com>
> **Date:** August 8, 2023 at 5:08:53 PM EDT
> **To:** Tracy Clark <clark@steinbergshapiro.com>
> **Cc:** "Welford, Jay" <jwelford@taftlaw.com>
> **Subject:** FW: DuMouchelle
>
> Hi Tracy,
>
> I hope this email finds you well – good to see you last week at the WD Mich FBA conference. Jay sent the below inquiry to Kim Hillary earlier today – I just tried to call her and from her voicemail, it sounds like she is out of the office for a few days, can you confirm by email whether Mark received any computers from Joseph DuMouchelle or Melinda Adducci?
>
> Thank you!
>
> Kim Clayson

**From:** Welford, Jay <jwelford@taftlaw.com>
**Sent:** Tuesday, August 8, 2023 2:10 PM
**To:** Elliot Crowder <ecrowder@sbplclaw.com>; KHillary@schaferandweiner.com; Karen.Reynolds@usdoj.gov; cataylor@fbi.gov
**Cc:** Welford, Jay <jwelford@taftlaw.com>; Clayson, Kim Ross <kclayson@taftlaw.com>
**Subject:** DuMouchelle

I am emailing each of you to confirm that neither the trustees nor the FBI or the US Attorney have ever taken possession of, or hold, any computer or server of Joseph DuMouchelle, Melinda Adducci or of Joseph DuMouchelle Estate and Fine Jewellers, LLC. The issue has arisen in the bankruptcy case. Thank you for your quick confirmation.



**Jay Welford**
Partner
jwelford@taftlaw.com
Dir: 248.727.1466
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**



Jaffe has joined Taft. Now over 800 attorneys strong.
Learn more **here.**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.