# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci,

      Debtors.
_____/

Chapter 7

Case No. 19-54531

Honorable Lisa S. Gretchko

Teodor Gelov,

      Plaintiff,

v.

Melinda J. Adducci,

      Defendants.
_____/

Adversary Pro. No. 20-04172

## PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTION TO DEPOSITION NOTICE AND MOTION FOR PROTECTIVE ORDER

Plaintiff, Teodor Gelov ("Plaintiff"), through his undersigned counsel, responds to the *Objection to Deposition Notice and Motion for Protective Order* [ECF No. 179] (the "Motion") filed by defendant Melinda J. Adducci ("Defendant"), as follows:

Defendant filed the Motion seeking entry of an Order limiting discovery sought by Plaintiff in the *Corrected Notice to Take Deposition of Melinda Adducci*

1

[ECF No. 171] (the "Deposition Notice"). The Motion should be denied because Defendant fails to carry her burden to demonstrate good cause with specificity for entry of a protective order.

## PROCEDURAL BACKGROUND

On August 22, 2023, Plaintiff filed the Deposition Notice, seeking to depose Defendant on October 18, 2023, commencing at 10:00 a.m., at the offices of undersigned counsel located in Southfield, Michigan. On September 15, 2023, Defendant filed the Motion, seeking to limit discovery. Specifically, Defendant is seeking entry of an Order that either: (a) bars Plaintiff from taking the deposition of Defendant, or (b)(i) limits the deposition of Defendant to one day for no more than four total hours (for both Plaintiff and the plaintiff in AP No. 20-04381-lsg to take the deposition of Defendant), (ii) requires the deposition to be taken via remote video means, and (iii) adjourns the deposition until after Defendant's counsel has been allowed to withdraw. Defendant argues that discovery should be limited because it will cause "annoyance, embarrassment, oppression, and undue burden or expense[,]" and "[t]here is literally nothing else left to 'discover' in this case." *See* Motion at ¶¶ 15-17.

## ARGUMENT

The Motion should be denied because Defendant has failed to meet her burden showing that the deposition would cause an undue burden that outweighs the

relevance of the discovery sought. Although courts have broad discretion to issue protective orders, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Conti v. Am. Axle & Mfg.*, 326 F. App'x 900, 904 (6th Cir. 2009) (quoting *Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 402 (6th Cir. 1998)). "As the Supreme Court has instructed, because 'discovery itself is designed to help define and clarify the issue,' the limits set forth in Rule 26 must be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)). "The operative test in determining whether discovery on a particular matter is permissible is 'whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 501 (6th Cir. 1970)).

"To sustain a protective order under Rule 26(c), the moving party must show good cause for protection from one (or more) harms identified in Rule 26(c)(1)(A) with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Prudential Def. Sols., Inc. v. Graham*, No. 20-11785, 2021 WL 5103914, at *1 (E.D. Mich. June 22, 2021) (quoting *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016)). "The burden of showing good cause to preclude a deposition altogether is a heavy one. . . . It is very

3

unusual for a court to prohibit taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Buetenmiller v. Cogswell*, No. 20-11031, 2021 WL 1837750, at *2 (E.D. Mich. May 7, 2021).

Defendant has failed to carry this burden of showing good cause to limit the deposition. First, the deposition at issue in the Motion is reasonably calculated to lead to discovery of admissible evidence. Plaintiff is seeking to depose Defendant to seek discovery relating to Plaintiff's claims against Defendant. Plaintiff has made good faith attempts to obtain information from Defendant using other discovery tools, however in addition to other forms of discovery, Plaintiff is entitled to depose Defendant in connection with the allegations asserted in this Adversary Proceeding. Plaintiff's deposition of Defendant is critical to Plaintiff's ability to obtain discoverable information to support his claims pursuant to 11 U.S.C. § 523(a)(2), (4), and (6) and to refute defenses. Defendant has made no showing – or even allegation – that a deposition of Defendant is not reasonably calculated to lead to the discovery of admissible evidence.

Second, Defendant argues that the deposition should be taken via remote video means but provides no evidence to support a remote deposition. Plaintiff's request to depose Defendant in Southfield, Michigan is reasonable and proper since Defendant selected this venue to pursue her bankruptcy case. The deposition location is fewer than 20 miles from this Court and fewer than 10 miles from Defendant's

home address (as listed on the docket).[1] "[C]ourts ordinarily presume a plaintiff may be deposed in the judicial district where the action was brought," because it can be inferred that the party who selects the forum of the proceeding, "has effectively consented to participation in legal proceedings there." *In re Outsidewall Tire Litigation*, 267 F.R.D 466, 471 (E.D. Va. 2010). Defendant has provided no evidence as to why attending a deposition within the forum where she selected to file her bankruptcy proceeding is an undue burden on her.

Third, Defendant's argument that the deposition should be limited to four hours (to share with another plaintiff)[2] is not supported by the evidence. Federal Rule of Civil Procedure 30(d)(1), as applicable to this proceeding through Bankruptcy Rule 7030, limits depositions to one day of seven hours. Only when a party shows that a deposition is "being conducted in bad faith or in a manner that unreasonably annoys, embarrass, or oppresses the deponent or party[]" may the Court terminate

---

[1] Defendant's Motion indicates she has to travel from Florida for the depositions and yet, Defendant has failed to update her address from her Michigan residence to a location in Florida. Pursuant to Fed. R. Bankr. P. 4002(5), one of Debtor's duties includes the requirement to file a statement of change of her address. The Debtor has failed to keep the court apprised of any new address where she is now residing.

[2] Defendant's requested relief of permitting a total of four hours for one deposition of Defendant split between Plaintiff and the plaintiff in AP No. 20-04381-lsg is nonsensical. This case and AP No. 20-04381-lsg are based on distinct and completely separate transactions. The only common thread between the two cases is Defendant's and Mr. DuMouchelle's fraud.

5

or limit the deposition. Fed.R.Civ.P. 30(d)(3). Here, Defendant has not made this showing.

As described above, Plaintiff served the Deposition Notice, seeking information to support his claims pursuant to 11 U.S.C. § 523(a)(2), (4), and (6) and to refute defenses. Despite Defendant's bald and misleading assertions, Plaintiff has not previously deposed Defendant regarding the allegations in this action. Plaintiff previously deposed Defendant in a separate state court action, in which Plaintiff brought claims relating to breach of contract and accounting in connection with the underlying debt at issue in this Adversary Proceeding.[3] Plaintiff has never deposed Defendant on topics relating to fraud, let alone claims pursuant to 11 U.S.C. § 523(a)(2), (4), and (6). Defendant's request to limit the deposition also contravenes the *Report of Parties' Rule 26(f) Conference* [ECF No. 112], in which Defendant proposed four depositions by Plaintiff of three hours each.

Additionally, Defendant provides only conclusory statements as to why the permitting seven hours for the deposition would be an undue burden for her. She argues that Plaintiff's deposition should be limited to two hours because she works a job[4] and her husband is serving his prison sentence. Without specific details as to

---

[3] The state court litigation relates to the claims raised in this Adversary Proceeding however, Plaintiff did not pursue his allegations of fraud against Melinda until filing this Adversary Proceeding.

[4] Plaintiff While Defendant mentions she works a job, she provides no detail on her work schedule and/or times she may be available for a deposition in person.
6

her work schedule and/or how her husband serving his prison sentence interferes with her ability to sit for a deposition, Defendant is not entitled to a protective order limiting discovery. *See Pugliese v. I.C. System, Inc.*, No. 2:09-CV-11831, 2010 WL 11545062, at *10 (E.D. Mich. July 21, 2010) (finding a protective order under Fed.R.Civ.P. 26(c) is authorized "only under circumstances 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' the potential for *which must be illustrated with 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements*.'") (internal citations omitted) (emphasis added).

Finally, the deposition should not be delayed until after Defendant's counsel is permitted to withdraw. Defendant's counsel filed his *Motion to Withdraw as Attorney* [ECF No. 163] on July 24, 2023, due to a "breakdown of the attorney client relationship[.]" On August 3, 2023, Plaintiff filed a *Limited Objection to Motion to Withdraw as Attorney* [ECF No. 167], to request that any order granting the withdrawal of Defendant's counsel be conditioned on a substitution of counsel having first been filed to prevent undue delay in the progress of this proceeding. Since then, almost two months have passed, yet a substitution of counsel for Defendant has yet to be filed. Additionally, Defendant has had two months of advance notice from the August 22, 2023 deposition notice to make arrangements

for alternative representation at her deposition. Moreover, after several scheduling order extensions, discovery cut off is now set for November 20, 2023 leaving Plaintiff only one more month following the scheduled deposition date (October 18, 2023) to complete his deposition of Defendant. Postponement of the deposition is not warranted for Defendant's decision to not timely hire substitute counsel.

## CONCLUSION

Defendant has failed to carry her burden to show that the Deposition Notice should be terminated or limited. For the foregoing reasons, the Motion should be denied and Defendant should be compelled to attend the deposition noticed in the Deposition Notice without limitation.

Respectfully submitted by:

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated: September 29, 2023

By: /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Teodor Gelov*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda J. Adducci,

Debtors.
_____/

Teodor Gelov,

    Plaintiff,

v.

Melinda J. Adducci,

    Defendant.
_____/

Chapter 7

Case No. 19-54531

Honorable Lisa Gretchko

Adversary Pro. No. 20-04172

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023, I caused to be served a copy of the *Plaintiff's Response to Defendant's Objection to Deposition Notice and Motion for Protective Order* and this *Certificate of Service* with the Clerk of the Court, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice.

1

Respectfully submitted by:

**TAFT, STETTINIUS & HOLLISTER, LLP**

Dated:  September 29, 2023     By:  /s/ Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
Phone: (248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel for Plaintiff Teodor Gelov*