# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,

      *Debtor(s)*

Bankruptcy Petition No. 19-54531-lsg
Hon. Lisa S. Gretchko
Chapter 7

---

TEODOR GELOV,

      *Plaintiff,*

v.

MELINDA J. ADDUCI,

      *Defendant*

Adv. Pro. No. 20-04172-lsg
Hon. Lisa S. Gretchko

---

## DEFENDANT'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT MELINDA ADDUCCI UNDER COUNTS I, II, AND IV OF PLAINTIFF'S SECOND AMENDED COMPLAINT

**NOW COME** the Defendant, Melinda Adduci (*"Lindy"*), by and through her counsel, JOHN R. FOLEY, P.C., who hereby responds and objects to Plaintiff, TEODOR GELOV (*"Plaintiff"*)'s *Plaintiff's Motion for Summary Judgment Against Defendant Melinda Adducci Under Counts I, II, And IV Of Plaintiff's Second Amended Complaint* (*"Motion"*) and Plaintiff's *Brief in Support* (*"Brief"*) of the same, as follows:

## Introduction

Plaintiff's Motion is short-form and relies entirely on the Brief which it incorporates. Therefore, from this point forward, any reference to the *"Motion"*

should also be construed to include reference to the Brief, and in some instances, may specifically mean provisions of the Brief.

## OVERVIEW OF MOTION

Plaintiff's Motion, while being brought under Fed.R.Civ.Pro 56(c), actually seeks the *legal* remedy of vicarious liability against Lindy, based on facts related to the actions of former co-defendant JOSEPH G. DUMOUCHELLE (*"Joe"*). This can be seen in the Statement of Issues, (*Brief*, Page iii), in which Plaintiff articulates that the only issue raised in the Motion is that of Lindy's alleged vicarious liability for Joe's actions, stating that the question is whether or not Lindy should be liable, "*irrespective of Melina's direct culpability.*"

## RESPONSE TO "I. INTRODUCTION" SECTION

Plaintiff's claims against Lindy are not, "undisputed" as stated by Plaintiff.

Plaintiff writes: "It is has been determined in state court that Melinda, Joseph, and DuMouchelle Jewellers incurred the debt to Plaintiff memorialized by the Note." To clarify: the Oakland County, Michigan 6th Circuit Court entered judgment in the amount of $1.8 million dollars against Joe, Lindy and the business, on only breach of contact. The Court made no specific findings, and none are attached to Plaintiff's motion.

Plaintiff has no basis to now claim fraud against Lindy, and certainly not to equate a breach of contract judgment into a right to receive a non-dischargeable

judgment in Bankruptcy Court, through claims sounding in fraud, embezzlement, etc.

Plaintiff writes: "Joseph's criminality against Plaintiff regarding the Note has likewise already been determined by the Federal Court, leaving no issue of fact as to whether the debt was incurred through fraud." This is simply false. Joe was prosecuted for a crime related to dealings between two (2) other parties, parties unrelated to Plaintiff Gelov in this case. The Gelov transaction was not what Joe was prosecuted for.

Plaintiff states, "Melinda is indebted to Plaintiff for the exact transaction that led to Joseph's criminal conviction." This is simply not true.

Plaintiff's recitation of their Counts I, II, and IV of their own Complaint appear correct; however, Lindy does not stipulate to the relief requested.

## RESPONSE TO *"II BACKGROUND"* SECTION

### *Response to "DuMouchelle Jewellers" Sub-Section*

Lindy does not dispute the existence of DuMouchelle Jewelers, nor that she was 10% member, nor that she was listed online as *"vice president."*

Contrary to Plaintiff's assertion, Lindy did not hold herself out publicly as a *"partner"* of DuMouchelle Jewelers, and the website, **Exhibit 6** to the *Motion*, (which is also hearsay within hearsay, without an exception) does not support that statement. She is not listed on the website as a *"partner"*, nor does the website state

that she *"communicated with DuMouchelle Jewelers customers."*

Contrary to Plaintiff's assertion. Melinda was <u>not</u> responsible for brokering of jewelry, and that that was "Joe's business." **Exhibit 3 to Plaintiff's Motion, *Transcript Dep of Lindy,* Page 51, Line 8.**

Further, the statements are irrelevant to this case or this motion. Nowhere in his Complaint, nor this Motion, does Plaintiff claim that he viewed or relied on the website of DuMouchelle Jewelers, or any statements thereon.

Lindy did not "represent herself" to the Plaintiff as a "member of the National Association of Jewelry Appraisers and the American Society of Appraisers." Rather, Plaintiff here references **Exhibit 6 to the Motion**, which appears to be (without stipulation) an archive of, a copy of, an historic image of, an old version of the business website. Again, nowhere in the Complaint or Motion does Plaintiff allege that Lindy made such a representation to him, nor that he viewed or relied upon the website in any way.

### *Response to "The Note" Sub-Section*

Lindy did not sign the Promissory Note. Specifically, a careful review of the Promissory Note reveals that the same DocuSign account number was used for both Joe's signature and Lindy's signature. **Exhibit A**. Lindy was not aware that Joe asked Plaintiff for a loan, Lindy did not ask Plaintiff for a loan, Lindy had, before this litigation, never even seen, yet alone signed, the Promissory Note in question.

**Plaintiff's Motion's Exhibit 3,** *Page 7 Line 20 to Page 9 Line 25*.

There is no admission on record that Lindy was a signer on the Chase account. There is no "page 93" to Plaintiff's Motion's **Exhibit 8**. However, even a review of both transcripts (**Exhibit 3** and **Exhibit 8**) reveals no such admission. (Exhibit 3 does not have a page 93 either.)

Lindy denies the remainder of the allegations in this section, (*Brief*, Page 19, first full paragraph), on the basis that she did not make any such promises.

### Response to "Melinda's Obligation Under the Note" Sub-Section

Lindy acknowledges that she was sued in the Oakland County Circuit Court, and that partial summary disposition was granted in that case, *on a breach of contract claim.*

Lindy further states that in seeking contractual damages in this case, Plaintiff is inherently admitting to this Court that this is no more than a breach of contract action, not a fraud case, and that Plaintiff's instant motion, therefore, should be denied, and Plaintiff's Adversary Complaint should be dismissed with prejudice as to Lindy.

### Response to Further Multiple Sub-Sections

Plaintiff's assertions under the sections: *"The Criminal Information"* section (*Brief*, page 5), *"The Plea Agreement"* section (*Brief*, pages 5-6), *"The Loss Calculation and Restitution Award"* section (*Brief*, page 6), *"Findings in the*

*Sophisticated Means Opinion"* section (*Brief*, pages 6-7), the *"Findings in the Judgment"* section (*Brief*, pages 7-8), the *"The Appeal"* section (*Brief*, page 8), the *"The Bankruptcy Claim"* section (*Brief*, page 8), all appear to be correct recitations of what transpired regarding Joe, based on the documents attached thereto in each section; however, they are not relevant to Lindy and Lindy does not stipulate to these statements.

Lindy further responds, however, that the Court should note that, under the *"The Bankruptcy Claim"* section (*Brief*, page 8), Plaintiff makes plain that they are seeking contractual damages, contractual interest, fees and costs in this case.

## RESPONSE TO III. ARGUMENT

Plaintiff chooses to break his arguments into four Sections, namely:

A.  Plaintiff is entitled to judgment as a matter of law for $2,862,715.59 million against Melinda where there are no genuine issues of material fact pertaining to her nondischargeable liability.

B.  Plaintiff's claim against Melinda is nondischargeable under 11 U.S.C. §523(a)(2)(A) as a matter of law irrespective of her personal culpability due to Joseph's admissions in the Criminal Proceeding and her ownership and involvement in DuMouchelle Jewellers.*"*

C.  Plaintiff's claim against Melinda is nondischargeable under 11 U.S.C. §523(a)(4) as a matter of law irrespective of her personal culpability due to Joseph's admissions in the Criminal Proceeding and her ownership and involvement in DuMouchelle Jewellers.*"*

D.  Plaintiff is entitled to summary judgment in the full amount of the Yellow Rose Judgment Amount of $2,862,715.59.

Plaintiff's four sections of argument can be roughly described as follows.

In **Section A**, Plaintiff argues that 11 U.S.C. §523, on its face, means that Lindy cannot discharge Plaintiff's judgment. While Plaintiff does not discuss the case of *Bartenwerfer v. Buckley*, 143 S. Ct. 665, 676 (2023) in Section A, Plaintiff's argument here was clearly prompted by a misreading of the *Bartenwerfer* opinion. This belief is bolstered by later analysis of *Bartenwerfer* made by Plaintiff in Sections B & C of the *Brief*.

In **Section B** of the Arguments, Plaintiff provides a thorough, although misguided, analysis of *Bartenwerfer*. Plaintiff argues to this Court that Lindy's debt to Plaintiff should be deemed non-dischargeable under 11 USC §523(a)(2)(A), on the misunderstanding that *Bartenwerfer* stands for the proposition that merely because Lindy and Joe were married, and both were members of an LLC, she may be held vicariously liable for Joe's actions. This interpretation is incorrect.

Plaintiff's **Section B** arguments are best summarized by two statements in the *Brief*:

> A. *"Thus, under the plain reading of Sec. 523(a)(2)(A), the fact that the Principal Obligation in the amount of $1.8 million was acquired through Joseph's admitted fraud renders Plaintiff's claim against Melinda for the entire amount of the Claim nondischargeable as a matter of law."* (Brief, Page 10)

> B. *"The standard of Bartenwerfer similarly applies to the question of nondischargeability of Plaintiff's claim against Melinda pursuant to*

Sec. 523(a)(2)(A). Just like *Bartenwerfer*, Melinda was in business with Joseph through their operation of DuMouchelle Jewellers.*"* (Brief, Page 13)

C. *"*Thus, through Joseph's admissions, guilty plea, and determinations in the Criminal Proceeding, the debt owing to Plaintiff was conclusively a debt incurred through fraud and, therefore, it is a debt that is nondischargeable as to Melinda.*"* (Brief, Page 14)

D. *"*Melinda is both Joseph's spouse and business partner, Melinda executed the Note as a borrower and was held liable under the State Court Judgment for breach of the Note. .... Moreover, Melinda was involved sufficient enough in the business of DuMouchelle Jewellers that she was a signatory to the exact account where Plaintiff's $1.8 million was deposited and later disbursed for other purposes. (Brief, Page 15)

In **Section C**, Plaintiff's arguments are essentially an extension of the analysis of *Bartenwerfer* in **Section B**, but this time applied to 11 U.S.C. §523(a)(4).

Plaintiff's **Section C** arguments are best summarized by two statements in the *Brief*:

A. "Consistent with Bartenwerfer's interpretation of Section 523(a), Melinda's liability for the Principal Obligation under the Note3 is nondischargeable as a matter of law under Sec. 523(a)(4) based on Joseph's admissions in the Rule 11 Plea Agreement, his testimony at the Guilty Plea Hearing, and the Court's findings in the Restitution Order ... [.]" (Brief, Page 18)

B. *"*It has already been held that Melinda is a party obligated to Plaintiff under the Note for the Principal Obligation. **Exhibit 10**. Therefore, the debt as against Melinda is nondischargeable as a matter of law by the mere fact that the debt was incurred through Joseph's admitted larceny." (Brief, Page 18)

Finally, in **Section D**, Plaintiff makes the astounding claim that because the Bankruptcy Trustee has not objected to Plaintiff's Proof of Claim in the bankruptcy case, Plaintiff is entitled to a full judgment of $2,862,715.59 against Joseph (not

Lindy).

## RESPONSE TO ARGUMENTS, COMBINED

Defendant responds to all of Plaintiff's four argument sections together in the following analysis.

### Plaintiff Makes 2 Wrong Arguments Regarding *Bartenwerfer*

Plaintiff's entire instant Motion is premised upon Plaintiff's misreading of the *Bartenwerfer* opinion, and Plaintiff's attempts to wrongly apply those misinterpretations here. Plaintiff incorrectly interprets *Bartenwerfer* in two ways.

First, in Section A of his arguments, Plaintiff argues that SCOTUS has now rendered 11 U.S.C. §523 so broad that any time any person obtained money or property by action(s) which, under 11 U.S.C. §523(a)(2)(A) would render that debt non-dischargeable with respect to that debtor, each and every one of their co-debtors are now automatically unable to discharge that same debt. This interpretation is incorrect.

Second, in Sections B & C of his arguments, Plaintiff tries to proverbially "fit the square beg in the round hole." Plaintiff attempts to argue that *Bartenwerfer* applies here, merely because Joe and Lindy were married, or alternatively, because they were members in the same LLC. These arguments fail.

### Response to Plaintiff's First Line of Argument

With respect to Plaintiff's first line of argument, that *Bartenwerfer* rendered

11 U.S.C. §523 so broad that every co-debtor is automatically liable for the fraud of another co-debtor: nothing could be further from the truth. Contrary to Plaintiff's arguments regarding the scope of 11 U.S.C. §523, SCOTUS made it clear that the imposition of vicarious liability for fraud upon an innocent co-debtor is entirely based upon underlying state law. In *Bartenwerfer*, SCOTUS relied on California law regarding liability of partners in a general business partnership. It was <u>not</u> the fact that the parties were married; it was specifically because the parties were in a general partnership (not, for example, co-members of an LLC), construed so under California law, that enabled the SCOTUS to say that vicarious liability was appropriate, <u>due to state law</u>. Specifically, SCOTUS stated in the *Bartenwerfer* opinion as follows:

> It also bears emphasis-because the thread is easily lost in *Bartenwerfer*'s argument-that §523(a)(2)(A) does not define the scope of one person's liability for another's fraud. That is the function of the underlying law-here, the law of California. Section 523(a)(2)(A) takes the debt as it finds it, **so if California did not extend liability to honest partners, §523(a)(2)(A) would have no role to play.** *Bartenwerfer*'s fairness-based critiques seem better directed toward the state law that imposed the obligation on her in the first place.

> (bold/emphasis added)

Therefore, *Bartenwerfer* does not stand for the proposition that suddenly, in any bankruptcy case, one debtor can now be held liable under §523(a)(2)(A) for the debts of another.

This first line of argument requires no further argument.

**Response to Plaintiff's Second Line of Argument**

Plaintiff's second line of argument is that somehow *Bartenwerfer* is applicable to this case, merely because Lindy and Joe were members of the same LLC, and were married. This argument is equally non-meritorious.

Frankly, Plaintiff likely understands that *Bartenwerfer* speaks about California partnership law, not about 11 U.S.C. §523 generally, nor about any other kind of business relationship, because Plaintiff makes the following misstatement: *"Melinda is both Joseph's spouse and business partner, Melinda executed the Note as a borrower and was held liable under the State Court Judgment for breach of the Note. ... Moreover, Melinda was involved sufficient enough in the business of DuMouchelle Jewellers that she was a signatory to the exact account where Plaintiff's $1.8 million was deposited and later disbursed for other purposes."* (*Brief*, Page 15).

This simply is simply not true. Rather, this appears to be a misuse of the colloquial term "partner" in a business, where Lindy's interest is legally defined as a *"membership interest"*, in order to argue that this Court should also so-conflate the terms, and apply thus *Bartenwerfer* to this case.

Further, as discussed above/herein, Lindy denies that she ever saw the Promissory Note before the commencement of the state court litigation or her deposition therein, and the Docusign signatures suggest that the same account was used to attach Joe's signature and Lindy's "signature."

As Plaintiff himself points out (*Brief*, Page 3): Lindy was a 10% member of a Michigan Limited Liability Company (Joseph DuMouchelle Fine & Estate Jewelers, LLC). <u>Lindy was and is not Joe's business partner in a general partnership</u>. This is important, because the ruling in *Bartenwerfer* is based upon California law which attributes vicarious liability to partners in a general partnership. Michigan law on limited liability companies, and the liability of the members thereto, is quite the opposite. In fact, MCL §450.4501(4) states, *"Unless otherwise provided by law or in an operating agreement, a person that is a member or manager, or both, of a limited liability company is not liable for the acts, debts, or obligations of the limited liability company."*

## <u>Conclusion RE Response to Argument RE Bartenwerfer</u>

With it clarified that: (A) *Bartenwerfer* does not stand for the proposition that 11 U.S.C. §523(a)(2)(A) is now per se applied to all co-debtors of a fraud-related debt; and (B) that *Bartenwerfer* is not applicable in this case, we turn our attention to what is lacking in Plaintiff's claims against Lindy.

## FURTHER ARGUMENTS

**Plaintiff Should Not Be Granted Summary Judgment under 11 U.S.C §523(a)(2)(A), and Defendant Should be Granted Summary Judgment in Her Favor**

Plaintiff is required to prove five (5) elements to succeed on a claim under 11 U.S.C §523(a)(2)(A), namely:

(1) The debtor made false representations;
(2) The debtor knew such representations to be false at the time they were made;
(3) The representations were made with the intent to deceive the creditor;
(4) The creditor relied on the representation; and
(5) The creditor's loss was the proximate result of the misrepresentation having been made.

*Kille v. Rudski (In re Rudski)* 357 B.R. 121, 125 (Bankr. N.D. Ohio 2006) (citing *Rembert v AT&T Universal Card Servs., Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir.1998)).

"For the purposes of § 523(a)(2)(A), false representations and pretenses encompass statements that falsely purport to depict current or past facts. False pretenses involves implied misrepresentation or conduct intended to create and foster a false impression, as distinguished from a false representation which is an express misrepresentation." *Haney v Copeland (In re Copeland),* 291 B.R. 740, 760 (Bankr. E.D. Tenn. 2003) (citations and internal quotation marks omitted).

According to Michigan law, if a material representation in question relates to

a future promise, the plaintiff's cause of action lies in contract, not fraud. *Hi-Way Motor Co. v. Int'l Harvester Co.,* 398 Mich. 330, 336 (1976).

Pursuant to Fed. R. Civ. P.9(b), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7009, *"*[a]verments of fraud must be stated with particularity [and] the threshold test is whether the complaint places the defendant on 'sufficient notice of misrepresentation,' allowing the defendant to 'answer, addressing in an informed way plaintiffs (sic) claim of fraud.'*" In re LTV Steel Co., Inc.,* 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v Foamex L.P.,* 2 F.3d 157, 162 (6th Cir. 1993)).

*"*As is the case with a claim under § 523(a)(2)(A) based on a false representation, a creditor making a false pretenses claim under § 523(a)(2)(A) must also establish materiality; intent; justifiable reliance; and causation.*" Lenchner v. Korn (In re Korn*), 567 B.R. 280 (Bankr. E.D. Mich. 2017), referencing *Tweedie v. Hermoyian (In re Hermoyian)*, 466 B.R. 348, at 379 (Bankr. E.D. Mich. 2012) (relying in part on *Brann v. Oxford (In re Oxford)*, 440 B.R. 772, 777 (Bankr. W.D. Ky. 2010) ).

*"*[W]e hold that § 523(a)(2)(A) requires justifiable, but not reasonable, reliance.*" Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995), citing *In re Vann*, 67 F.3d 277 (CA11 1995); *In re Kirsh*, 973 F.2d 1454 (CA9 1992). However, *"*It should go without saying that our analysis does not relegate all

reasoning from a negative pregnant to the rubbish heap, or render the reasonableness of reliance wholly irrelevant under § 523(a)(2)(A)." *Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995).

Simply stated, Plaintiff has not alleged a single way in which Lindy made a false representation to him, nor that he reasonably or justifiably relied upon it, nor has Plaintiff demonstrated, with respect to Lindy, any "materiality; intent; justifiable reliance; and causation."

Conversely, the facts established regarding Gelov's interaction with Joe, ARE established by THE VERY Sophisticated Means Opinion, that Plaintiff references in his Brief, which is that:

> DuMouchelle and T.G. entered into a contract in which they agreed that they would each invest $1.8 million to be used to purchase jewelry, DuMouchelle would auction off the jewelry, and DuMouchelle and T.G. would split the profits. T.G. wired $1.8 million to DuMouchelle, which DuMouchelle used to pay his personal and business expenses rather than to purchase and auction off the jewelry. However, DuMouchelle told T.G. that he used the money to purchase the jewelry and was preparing the jewelry for auction. After a few months passed, DuMouchelle told T.G. that the jewelry had sold and that DuMouchelle was just waiting for the sale to close. Id. DuMouchelle also sent T.G. a screenshot of DuMouchelle's bank account showing what he falsely purported to be the funds of the sale.

**Plaintiff's Motion's Exhibit 16, page 4.**

In other words, Joe did all of these actions, not Lindy. It should be noted that

Plaintiff does not allege a single instance of Lindy's involvement, nor any representations that he relied upon, nor any false statements by Lindy … nothing. Instead, this entire lawsuit is based on an alleged DocuSign signature of Lindy, *to a contract for future performance*.

Based on the foregoing, Plaintiff does not have a claim against Lindy which rises even remotely to the level of evidence required to maintain a claim against Lindy under 11 U.S.C. §523(a)(2)(A), and Lindy should be granted summary judgment in her favor on all counts related to §523(a)(2)(A).

**Plaintiff Should Not Be Granted Summary Judgment under 11 U.S.C §523(a)(4), and Defendant Should be Granted Summary Judgment in Her Favor**

Section 523(a)(4) of the Bankruptcy Code states that *"[a] discharge under section 727... of this title does not discharge an individual debtor from any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"* 11 U.S.C. § 523(a)(4).

*"This section essentially contains two different exceptions—one for fraud or defalcation while acting in a fiduciary capacity and another for embezzlement or larceny while acting in any capacity."* *Kriescher v. Gibson (In re Gibson)*, 521 B.R. 645, 655 (Bankr. W.D. Wis. 2014), citing *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 133 S.Ct. 1754 1760, 185 L.Ed.2d 922 (2013).

The term *"fiduciary capacity"* in § 523(a)(4) has a special, narrow meaning:

A debt is non-dischargeable as the result of defalcation when a preponderance of the evidence establishes: (1) a pre-existing fiduciary relationship, (2) a breach of that relationship, and (3) resulting loss. *Bd. of Trustees v. Bucci (In re Bucci)*, 493 F.3d 635, 642 (6th Cir.2007). In *Davis* [v. Aetna Acceptance Co. , 293 U.S. 328, 331, 55 S.Ct. 151, 79 L.Ed. 393 (1934)], the Supreme Court instructed that the term *"fiduciary capacity"* is **narrower here than it is in some other contexts**: section 523(a)(4) covers only *"express"* or *"technical trusts"* and not trusts arising out of *"the very act of wrongdoing."* 293 U.S. at 333, 55 S.Ct. 151. These *"constructive trusts,"* which arise ex maleficio (at the time the wrong is done), do not satisfy the *"fiduciary capacity"* requirement because the debtor was not *"a trustee before the wrong."* *Id.* Establishing an *"express"* trust is straightforward. The creditor must demonstrate: *"*(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary.

*Patel v. Shamrock Floorcovering Servs., Inc. (In re Patel)*, 565 F.3d 963, 968 (6th Cir. 2009) (**emphasis** added) (citation omitted); see also *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391 (6th Cir. 2005) (citation omitted) (*"*[T]he defalcation provision of § 523(a)(4) is limited to only those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor.*"*).

Moving on, *"*[i]n section 523(a)(4), the term 'while acting in a fiduciary capacity' does not qualify the words 'embezzlement' or 'larceny.' Therefore, any debt resulting from embezzlement or larceny falls within the exception of [§ 523(a)(4)].*"* 4 Collier on Bankruptcy ¶ 523.10[2], at 523–76 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2016) (citations omitted); see also *Powers v. Powers (In re Powers )*, 385 B.R. 173, 178 (Bankr. S.D. Ohio 2008).

Plaintiff has no argument that, has not avered that, and has no evidence to support any claim that Lindy was ever in a fiduciary capacity with respect to him; therefore, the first half of a claim under §523(a)(4) is not viable, and summary Judgment should be granted to Lindy at least eliminating any such arguments/claims.

Federal law defines *"embezzlement"* under section 523(a)(4) as *"the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come."* A creditor proves embezzlement by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud. *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172–73 (6th Cir. 1996).

There really are no arguments that Lindy was ever entrusted with the money or that it came into her hands; however, any such argument under §523(a)(4) would fail because if Joe obtained the money fraudulently, there can be no argument that it "lawfully" came into Lindy's hands. Therefore, Lindy should be granted summary judgment in the §523(a)(4) claims against her as it related to "embezzlement."

Regarding "larceny", the contrast between embezzlement and larceny is best summarized as follows:

> Larceny is different [from embezzlement] in that the original taking must have been unlawful, and is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such

property to the taker's use without the consent of the owner."

*Williams v. Noblit (In re Noblit),* 327 B.R. 307, 311 (Bankr. E.D. Mich. 2005) (quoting *Graffice v. Grim (In re Grim),* 293 B.R. 156, 166 (Bankr. N.D. Ohio 2003)).

Here, again, Plaintiff caused and assisted in Joe being criminally prosecuted for fraudulently obtaining Plaintiff's money. Plaintiff, again, attaches to his motion a mountain of evidence about how <u>Joe</u> wrongfully obtained this money from Plaintiff, <u>not Lindy</u>. Plaintiff cannot now come to this Court and argue that it was Lindy, not Joe, who wrongfully obtained money from Plaintiff.

All of the above means one thing: Plaintiff has no argument, and has offered no apparent argument, supporting his request for judgment against Lindy under 11 U.S.C. §523(a)(4) based upon either *"fraud or defalcation while acting in a fiduciary capacity"*, nor upon *"embezzlement"* nor *"larceny."*

## Summary Judgment to the Non-Moving Party

This Court may grant summary judgment to the non-moving party. *Lisle v. Metro. Gov't of Nashville and Davidson County, Tenn.*, Nos. 01-6049, 02-5706., 73 Fed. Appx. 782, 791 (6th Cir. July 9, 2003) (unpublished); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (district court may enter summary judgment sua sponte, "so long as the losing party was on notice that she had to come forward with all her evidence."); *In re Century Offshore Mgmt. Corp.*, 119 F.3d 409, 412 (6th Cir. 1997) (holding summary judgment was

appropriate in favor of the non-moving party where the parties fully briefed the determinative issue).

Based on the complete absence of any evidence that Lindy was involved

**WHEREFORE**, Defendant, Melinda Adducci, respectfully requests that this Honorable Court deny Plaintiff's _Motion for Summary Judgment Against Defendant Melinda Adducci Under Counts III, V, And VIII of Plaintiff's Second Amended Complaint_ (_"Motion"_) and instead, grant summary judgment in Lindy's favor.

Respectfully Submitted,
**JOHN R. FOLEY, P.C.**
_Counsel for Defendant_

Dated: November 22, 2023          By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

**In the Matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtors*. | Bank. Case No. 19-54531-lsg<br>Chapter 7<br>Hon. Lisa S. Gretchko |
| TEODOR GELOV, *Plaintiff,*<br>v.<br>MELINDA J. ADDUCI, *Defendant* | Adv. Pro. No. 20-04172-lsg<br>Hon. Lisa S. Gretchko |

## <u>PROOF OF SERVICE</u>

Patrick A. Foley hereby certifies that on November 22, 2023 he did serve a copy of the foregoing *Response and Objection to Motion for Summary Judgment*, upon the following parties via the Court's CM/ECF e-Filing system:

- Kimberly Ross Clayson     kclayson@taftlaw.com, ttorni@taftlaw.com
- Jay L. Welford     jwelford@taftlaw.com, ttorni@taftlaw.com

Respectfully Submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

Dated: November 22 2023     By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

# Exhibit A

BORROWER:

DocuSigned by:

*Joseph DuMouchelle*

Joseph DuMouchelle
1E08A67C695D431...

DocuSigned by:

*Melinda Adducci*

Melinda Adducci-DuMouchelle
1E08A67C695D431...

DocuSigned by:

*Joseph DuMouchelle*

Joseph DuMouchelle Fine & Estate Jewellers, LLC
1E08A67C695D431...

By: Joseph DuMouchelle

Title: President