## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtor(s).* | Bankruptcy Petition No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| TEODOR GELOV, *Plaintiff,*<br>v.<br>MELINDA J. ADDUCCI, *Defendant.* | Adv. Pro. No. 20-04172<br>Hon. Lisa S. Gretchko |

## DEFENDANT'S BRIEF REGARDING RELEVANCY

**NOW COMES** Defendant, Melinda J. Adduci, by and through her counsel, Patrick A. Foley, who respectfully submits this brief in response to Plaintiff's Motion to Compel production of documents designated by Defendant as irrelevant to the present litigation. Defendant seeks an Order from this Court to limit discovery to materials relevant to Plaintiff's claims, per Federal Rule of Civil Procedure 26(b)(1), as adopted through Bankruptcy Rule 7026. This request is consistent with established standards regarding discovery relevancy and proportionality, as detailed in the exhibits and legal authorities set forth below.

## I.    INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff's motion to compel extensive discovery disregards the foundational principles of relevancy and proportionality, which are integral to the Federal Rules.

Following an agreement on search terms, Defendant conducted a comprehensive review of documents, including electronically stored information ("ESI") identified through agreed-upon search parameters. Throughout this review, Defendant maintained and communicated her intention to withhold documents deemed irrelevant, as set forth in Exhibits A and B, which detail Defendant's communications with Plaintiff's counsel about preserving relevance objections. Despite Defendant's efforts to comply in good faith with discovery obligations, Plaintiff now argues for the production of all documents responsive to search terms, including those lacking relevance to any party's claims or defenses. Defendant contends that discovery is not a mechanism for wholesale access to unrelated material and respectfully requests that this Court deny Plaintiff's Motion to Compel.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) establishes that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This provision limits discovery to matters relevant to the underlying claims or defenses, as well as those that are "reasonably calculated to lead to the discovery of admissible evidence."

Further, the Rule emphasizes proportionality, instructing courts to consider the importance of the requested information, the amount in controversy, each party's access to relevant information, and the burdens or benefits of the proposed discovery.

*Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007), upheld these limitations, affirming that the court's duty as gatekeeper extends to preventing "fishing expeditions" for irrelevant or tangential material that imposes unnecessary burdens on producing parties ("neither may a plaintiff be permitted to 'go fishing' and a trial court retains the discretion to determine that a discovery request is too broad and oppressive." *Id*).

## III. ARGUMENT

## A. Discovery is Limited to Relevant Information under Rule 26(b)(1) and Plaintiff Has Not Demonstrated the Relevance of the Withheld Documents

The burden is on Plaintiff, as the requesting party, to demonstrate the relevance of the requested discovery to claims or defenses within the litigation.

Here, Plaintiff has offered no particularized basis for why irrelevant materials should be compelled. Defendant has consistently maintained that documents outside the material events, dates, and context of the case lack relevance and therefore fall outside the permissible discovery scope. **Exhibit A** (June 14, 2024 Email) confirms Defendant's preservation of these relevancy objections from the outset, thereby precluding any implied waiver. **Exhibit B** (June 17, 2024 Email) further elaborates on Defendant's position, specifically noting that non-relevant ESI would not be produced.

## B. Allowing Unbounded Access to Irrelevant Documents Imposes an Undue Burden on Defendant

The Sixth Circuit, in *Helena Agri-Enters v. Great Lakes Grain, LLC*, 988 F.3d. 260, 273 (6th Cir. 2021), noted that relevancy and proportionality must guide discovery to prevent undue burdens on parties, specifically due to the "costly and delay-inducing efforts to look under every stone in an e-discovery world populated by many stones" *Id*. In this case, Defendant conducted a diligent, good-faith review of ESI, identifying irrelevant documents based on their content, date range, and lack of connection to Plaintiff's substantive claims. Compelling the production of these documents, therefore, would impose an unwarranted burden on Defendant with no benefit to Plaintiff's case.

Further, Rule 26(b)(1) explicitly limits discovery where the burden outweighs the likely benefit. Plaintiff's motion to compel fails to account for this standard and instead demands the wholesale production of irrelevant documents, contrary to the proportionality requirement highlighted in *Helena*, where the court emphasized that "all discovery be 'proportional' in nature." *Helena* at 273.

Here, Plaintiff is likely to argue that there is no "burden", where the electronically stored information has already been obtained into the hands of the neutral e-discovery provider. However, there is nothing in the case law that suggests that "burden" means only economic or financial burden. Specifically, the burden that

Defendant faces from Plaintiff's desire for the entirety of her private life is the fear that Plaintiff will obtain, "incidentally or purposefully – information that not only is irrelevant but if publicly released could be damaged to reputation or privacy." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). Here, if Defendant is not allowed to object on the grounds of relevancy, Plaintiff will have access to a plethora of Defendant's private information that is wholly irrelevant and directly damaging to her in the act of releasing said private information to Plaintiff.

**C. The Preservation of Relevance Objections is Consistent with Established Practice, as Demonstrated by Exhibits A and B**

The communications in **Exhibits A** and **B** illustrate Defendant's consistent and clear reservations concerning the production of non-relevant documents.

Further and specifically, the parties' Agreement Regarding Electronic Discovery (**Exhibit C, Sub. Ex. 2**) (the "Agreement"), entered by this Court on December 21, 2023 (**Exhibit D**), explicitly states in paragraph I.C. that "[d]espite and regardless of the terminology used in this Agreement, nothing in this Agreement shall be deemed a stipulation by Defendant, or by Joseph DuMouchelle, to the relevance, discoverability, admissibility, or right to possession of, or information regarding, any data whatsoever obtained from the Electronic Devices, nor a waiver of any rights of either with respect to the data or the Electronic Device, including

without limitation, any claims of privilege." That is, this Court's order specifically preserves the Defendant's right to object on the grounds of irrelevancy.

This is essential to understand the main issue present here: the Plaintiff's argument is that, since the parties agreed to search terms, *any document that matches those search terms are necessarily relevant to the matter at hand*[1]. It should be further noted that the parties did not, contrary to the allegation in Plaintiff's Motion to Compel, "stipulate and agree" to the search terms. Rather, the parties exchanged 2 separate list of search terms, with the clear understanding that those terms were being used merely to hone-down the massive amount of data into an amount more manageable for review. To construe the situation any other way would be to yield an absurd result. If in fact the non-objection (*not* "agreement") to the search terms was an automatic agreement to relevancy of the results, then why was Defendant still expected to review the document logs and mark them up specifically for things like privilege and objections (such as relevancy), as was specifically preserved both in the stipulated orders of this Court, and in the email exchanges between the parties?

More importantly, if Plaintiff takes the position that, because certain documents were responsive to their search terms list they are automatically relevant, do they then agree that all documents responsive to Defendant's privilege search

---

[1] "Plaintiff is entitled to an order of this court to compel production of all records withheld on any relevance objection wherein the documents described in the ESI Logs are documents whose contents matched to the relevant search terms that the parties stipulated to and agreed upon." *Plaintiff's Motion to Compel, p. 16.*

terms list, area thus automatically privileged, and Defendant need not show anything further to withhold them?

First, this is not a tenable position: for purposes of example, one such search term was "December and auction". There could be a plethora of information that results from those search terms that is utterly irrelevant to the matter: Plaintiff claims that the underlying fraudulent behavior occurred in January and February of 2019. If the search term above pulled some information from a December 2017 auction, that information is simply not relevant whatsoever to the case at hand.

Second, as the Agreement states, "nothing in this Agreement shall be deemed a stipulation by Defendant… to the relevance [of]… any data whatsoever obtained from the Electronic Devices…" Thus, in order to perform any sort of search of the Electronic Devices, the parties, by necessity, needed to agree to search terms that could possibly turn up relevant information[2]. In order to effectuate the Agreement, the parties had to agree to search terms. Defendant agreed to those search terms subject to objections based on relevancy, **Exhibit B**, specifically stating "[w]ithout waiving my objections or rights or privileges with respect to the results of the search…". In other words, the issue of relevancy is not one about the search terms, but the search products. There is no way to tell *what* will be relevant based solely on search terms, only on the results of the search.

---

[2] To note, there were 116,719 items responsive to the search lists ("hits") from the search of the computers.

For example, in *John B. v. Goetz*, 531 F.3d 448, 456 (6th Cir. 2008), the 6th Circuit set aside portions of a mandamus order that "call for the forensic imaging of all hard drives and other devices that contain relevant ESI," since "the orders at issue here compel the imaging and production of… state-owned and privately owned computers and electronic devices… [and] will almost certainly contain confidential state or private personal information that is wholly unrelated to the TennCare litigation." *Id.* at 456. Specifically, the 6th Circuit found that "counsel for plaintiffs conceded at oral argument that the information contained on the hard drives, including information not related to this litigation, must eventually be accessed to determine relevance." *Id*. at 457. Thus, it is the *access* of the information that determines relevance. Defendant cannot determine what is relevant until the search is completed, and Defendant has an opportunity to sift through the documentation in order to determine what is relevant to the claims and defenses in this litigation.

Lastly, Defendant's emails underscore her adherence to the practice of preserving objections based on relevance and proportionality even after the agreement on search terms. Plaintiff's claim that an agreement on search terms precludes all relevance-based objections misinterprets the role of search terms as tools for narrowing—not expanding—discovery. The communications in **Exhibits A and B** document Defendant's reserved rights under Rule 26(b)(1), establishing a

clear boundary that irrelevant materials should remain excluded from compelled production.

**D. This Court's Order Directly Supports Defendant's Position that Not All Documents Obtained Through the Search Terms are Relevant**

On June 26, 2024, this Court entered the Agreement Regarding E-Discovery Process and Timeline (**Exhibit E**). Specifically, this Court instructed the following process:

1. Step 1 – Keywords Agreement – The parties were to mutually develop a list of keywords for use by Vestige, in order to obtain a list of results. **Ex. E, p. 3.**

2. Step 2 – Search and Re-searches – Vestige is to generate a list of results and a count of the results generated for each keyword search, and turn it only over to Defendant and her counsel for review. **Ex. E, p. 4.**

3. Step 3 – Defendant's Review – "Defendant's counsel will review the Final Results List and Files for redaction/objection/privilege assertion on behalf of Melinda Adducci and Joseph DuMouchelle…" **Ex. E, p. 4.**

That is, *only* Defendant and her counsel are to review the Final Results List and Files, not Plaintiff. This was an intentional decision of the Court – Defendant has to be the one to determine whether her own private files are at all relevant to the claims and defenses of Plaintiff, not the other way around. And, further to note, nowhere in the June 26, 2024 Order did this Court state that *any* of the hits of the

terms are, by necessity, relevant. Specifically, this Court found the opposite to be true: "**WHEREAS,** rather than engage in debate over the redaction and withholding of the massive amount of information contained in the Reports, and the corresponding Data, *much of which is likely not relevant to the instant case…*" (**Ex. E, p. 3.**). As stated above, the keyword search pulled *over 100,000 files*.

Plaintiff's position that they are entitled to every result of the keyword search runs contrary to this Court's Order, and is absurd on its face.

## IV. CONCLUSION

**WHEREFORE,** Defendant respectfully requests that this Court deny Plaintiff's Motion to Compel the production of documents designated as irrelevant. Defendant further requests an Order affirming the application of Rule 26(b)(1) to limit discovery to relevant, proportional information, consistent with federal standards and judicial precedents.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Dr.
Dearborn, MI 48128
pafoley@jrfpc.net

Dated: October 28, 2024

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                        *Debtor(s).*

_____

TEODOR GELOV,
                        *Plaintiff,*
v.
MELINDA J. ADDUCCI,
                        *Defendant.*
_____

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

## CERTIFICATE OF SERVICE

Patrick A. Foley hereby certifies that on October 28, 2024, a copy of the foregoing *Brief Regarding Relevancy* were served electronically via the Court's CM/ECF system, which cased the same to be sent to counsel for Plaintiff, via email to the address(es) of record in the CM/ECF system.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Dr.
Dearborn, MI 48128
pafoley@jrfpc.net

Dated: October 28, 2024

Exhibit A

**Patrick Foley**

| | |
|---|---|
| **From:** | Patrick Foley |
| **Sent:** | Friday, June 14, 2024 11:58 PM |
| **To:** | Clayson, Kim Ross; Welford, Jay |
| **Cc:** | Clint Westbrook; Tessa Muir; Tammy Nuberg; Olivia Taylor; Ryan Glavin |
| **Subject:** | RE: ESI Timeline Stipulation |
| **Attachments:** | 20240614 DuM Agreement RE e-discovery timeline.docx; 20240614 DuM REDLINE of 20240612 Agreement RE e-discovery timeline.pdf; 20240614 Search Terms - for Joe Laptop.txt; 20240614 Search Terms - for Lindy Laptop.txt |

Kim,

As promised, attached please find the 2 word lists of search terms; one for Joe's laptop, one for Lindy's. I send these search terms subject to 2 conditions:

1. That you will, before any search is done, send an email to Vestige, with CC to me, clarifying that they are to turn nothing over to you, your clients, or your firm, following the search(es), except the Count List, so that we may know if we need to revise the search terms; AND

2. That I reserve the right to revise these initial search terms until EOB Monday June 17. (This is without waiver of, or impact upon, our ongoing right to make ongoing revisions to the search terms, in light of the Count Lists produced after each search.)

Also, please see the attached revised new e-discovery agreement, which I have revised in accordance with our conversation. I started with my original draft, and added a provision to address your main concern, and make clear that you can receive both the files that are not objected to or regarding which privilege has not been asserted, as soon as we finalize the search terms and do the Final Search; and that you can receive the files regarding which we do not object to production or assert privilege, but which we have partially redacted.

If you have any minimal tweaks, I am happy to review them in redline and blackline form (as you customarily send, and as I have sent here), however, the bulk of the agreement, as written, and in stages as written, is necessary, and a requirement on my end, including that Vestige agree and sign.

Thank you, and I look forward to continuing to move this along on Monday after my hearing in Macomb County.

Sincerely,
Patrick A. Foley
*Attorney*
JOHN R. FOLEY, P.C.
18572 W. Outer Dr.
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

---

**From:** Clayson, Kim Ross <kclayson@taftlaw.com>
**Sent:** Friday, June 14, 2024 12:09 PM
**To:** Patrick Foley <pafoley@jrfpc.net>
**Cc:** Welford, Jay <jwelford@taftlaw.com>
**Subject:** ESI Timeline Stipulation

Hi Patrick,

Please see attached revised from my previous email based on our conversation. Please get me the search terms today. As I said, when we send them to Vestige today, whether we have this agreement ready to execute or not, I will reiterate to Vestige that they are not to produce any file results to us until you have authorized them to do so. If we can send them the search terms and this stipulation at the same time, that would be great too. With that, if you are in agreement with this current version, please approve.

Kim



**Kimberly Ross Clayson**
Senior Counsel
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

Exhibit B

| | |
|---|---|
| **From:** | Patrick Foley |
| **Sent:** | Monday, June 17, 2024 4:12 PM |
| **To:** | Clayson, Kim Ross; Welford, Jay |
| **Cc:** | Clint Westbrook; Tessa Muir; Olivia Taylor; Ryan Glavin |
| **Subject:** | RE: ESI Search Terms |
| **Attachments:** | Ritter Gelov Search Terms.docx-133387920-v2.docx |

Kim,

Without waiving my objections or rights or privileges with respect to the results of the search, I have no objection to your search terms listed on the attachment here. (I don't think I really have 'objection' grounds to search terms, provided I maintain my rights.)

Please let me know with respect to the timeline on getting the stipulation/agreement that I just sent back to you, signed.

Thanks.

Sincerely,
Patrick A. Foley
*Attorney*
JOHN R. FOLEY, P.C.
18572 W. Outer Dr.
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

Exhibit C

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci,

Chapter 7

Case No. 19-54531

Honorable Lisa Gretchko

                    Debtors.
_____/

Teodor Gelov,

            Plaintiff,

v.

Melinda J. Adducci,                                    Adversary Pro. No. 20-04172

        Defendants.
_____/

## STIPULATION FOR ENTRY OF PROTECTIVE
## ORDER GOVERNING IMAGING AND INSPECTION OF DEFENDANT
## MELINDA ADDUCCI AND FORMER DEFENDANT JOSEPH
## DUMOUCHELE'S RELEVANT ELECTRONIC DEVICES AND
## PROTECTION OF CONFIDENTIAL AND PRIVILEGED INFORMATION
## AND PRESERVATION OF PRIVILEGE IN THE EVENT OF
## <u>INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL</u>

Teodor Gelov ("Plaintiff"), and Melinda J. Adducci ("Defendant"), by their

respective counsel, and VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23

Public Square Suite 250, Medina, OH 44256 ("Vestige"), by and though its authorized

1

representative, stipulate and agree to the entry of the proposed Order attached hereto as **Exhibit 1**, adopting the Agreement Regarding Electronic Discovery, attached hereto as **Exhibit 2**.

Approved as to form and content:

**TAFT STETTINIUS & HOLLISTER, LLP**

By: */s/Jay L. Welford*
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff, Teodor Gelov*

Dated: December 18, 2023

**JOHN R. FOLEY, P.C.**

By: */s/Patrick A. Foley* (w/permission)
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
313-274-7377
pafoley@jrfpc.net

*Counsel for Defendant, Melinda J. Adducci*

Dated: December 18, 2023

**VESTIGE DIGITAL INVESTIGATIONS**

By: 
Greg Kelley
Its: Chief Technology Officer

Dated: December 18, 2023

2

DocuSign Envelope ID: 8EC3AEB2-A563-4BAC-A7A6-BE4CEA0F0EED

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci,

                 Debtors.

_____/

Teodor Gelov,

             Plaintiff,

v.

Melinda J. Adducci,

             Defendants.

_____/

Chapter 7

Case No. 19-54531

Honorable Lisa Gretchko

Adversary Pro. No. 20-04172

## PROTECTIVE ORDER GOVERNING IMAGING AND INSPECTION OF DEFENDANT MELINDA ADDUCCI AND FORMER DEFENDANT JOSEPH DUMOUCHELE'S RELEVANT ELECTRONIC DEVICES AND PROTECTION OF CONFIDENTIAL AND PRIVILEGED INFORMATION AND PRESERVATION OF PRIVILEGE IN THE EVENT OF INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

**THIS MATTER** having come before the Court on the stipulation ("Stipulation"; ECF No. ___) between Plaintiff, Teodor Gelov ("Plaintiff") and Defendant, Melinda J. Adducci ("Defendant"), by their respective counsel, and VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23 Public Square Suite 250,

4

Medina, OH 44256 ("Vestige"), by and though its authorized representative, agreeing and consenting to the terms of this Order. The Court has reviewed the Stipulation and this Order, and the Agreement Regarding Electronic Discovery, and based thereon, finds cause to enter this Order,

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. The Agreement Regarding Electronic Discovery ("Agreement") attached to this Order is adopted by the Court, for purposes of enforcement of the rights and obligations agreed to thereunder.

2. The adoption of the Agreement in this Order shall not be deemed or construed to be a finding of fact by this Court for any factual statements set forth in the Agreement.

3. Vestige having, by signing this Agreement, voluntarily submitted to the personal jurisdiction of this Court, the Court finds and shall exercise personal jurisdiction over Vestige for enforcement of the terms of the Agreement.

4. The parties shall all govern themselves according to, and shall comply with, the terms of the Agreement.

5

130229899v2

# Exhibit 2

130229899v2

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci,

            Debtors.

_____/

Teodor Gelov,

        Plaintiff,

v.

Melinda J. Adducci,

        Defendants.

_____/

Chapter 7

Case No. 19-54531

Honorable Lisa Gretchko


Adversary Pro. No. 20-04172

## <u>AGREEMENT REGARDING ELECTRONIC DISCOVERY</u>

**THIS AGREEMENT** is entered into by and between Plaintiff, TEODOR
GELOV, by and through his counsel, Defendant, MELINDA J. ADDUCCI, by and
through her counsel, and VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23
Public Square Suite 250, Medina, OH 44256 ("Vestige"), by and though its authorized
representative.

Defendant, in response to Plaintiff's discovery requests, identified two lap top

7

computers, a MacBook Pro, 2016 with serial number C02SV2E6HF1T and a

MacBook Air, 2019 with serial number SNFVFYT1P2M6X7 (hereinafter the

"Electronic Devices") in her possession that Plaintiff seeks to image in connection with

Plaintiff's discovery requests.

## I. PRESERVING CONTENT AND ARTIFACTS ON RELEVANT ELECTRONIC DEVICES

A. Defendant will make the Electronic Devices available at a mutually convenient date and time, without having to surrender possession of the same, to allow a representative of Vestige to make a forensic copy of the hard drives, memory, and/or storage media installed in each of the Electronic Devices but in no event, no later than 21 days after the date of this Agreement.

B. Imaging shall be made based on hardware and software sent to Defendant by Vestige. Defendant shall follow the directions of Vestige utilizing the hardware and software provided and shall then forthwith return the hardware and software provided by Vestige to Vestige.

C. Despite and regardless of the terminology used in this Agreement, nothing in this Agreement shall be deemed a stipulation by Defendant, or by Joseph DuMouchelle, to the relevance, discoverability, admissibility, or right to possession of, or information regarding, any data whatsoever obtained from the Electronic Devices, nor a waiver of any rights of either with respect to the data or the Electronic Devices, including without limitation, any claims of privilege.

D. There is resident on each of the Electronic Devices data that may be relevant to the claims or defenses of any party and/or which may lead to the discovery of admissible evidence.

    i. All relevant data can be categorized as Content Data and/or Artifact Data (collectively, "Available Content").

      **1.** Content Data includes all data generated by a human.

      **2.** Artifact Data is generated by a computer.

**E.** Preservation of the Available Content resident on the Electronic Devices does NOT include any searching. Preservation is completed by Vestige creating on its evidentiary electronic media a forensic copy (hereinafter each a "Forensic Image") of the hard drives, memory, and/or storage media installed in each of the Electronic Devices. Once created, the Forensic Images permit the extraction and analysis of Content Data and Artifact Data in the manner described in Section II below, without causing any changes to the Content Data or Artifact Data.

**F.** As Vestige creates each Forensic Image, Vestige will verify that each Forensic Image is an exact, reliable copy of the hard drives, memory, and/or available storage media installed in each of the Electronic Devices. Vestige's verification may include calculating a "digital fingerprint" (MD5/SHA1 or other industry standard algorithm hash).

**G.** Vestige shall not provide to Plaintiff, nor to Plaintiff's counsel, nor to any agent, employee, contractor, or associate of Plaintiff or Plaintiff's counsel, any list of, nor a copy of, any of the data from the Electronic Devices, including without limitation, the Content Data, Artifact Data, or Forensic Image(s) of the same, except in conformity with the terms of this Agreement. Further, Vestige shall not disclose or discuss any of the data, or the content thereof, in any manner with Plaintiff or Plaintiff's counsel, or any agent, employee, contractor, or associate of Plaintiff or Plaintiff's counsel, except as allowed herein for purposes of technological explanation generally, and without reference to specific data.

**H.** Defendant or Defendant's counsel will be allowed to observe the creation of each Forensic Image of the hard drives, memory, and/or storage media installed in each of the Electronic Devices.

**I.** Vestige, and its representatives, will perform all work using usual and customary practices and industry standards. Vestige will create each

9

Forensic Image using forensically sound and defensible protocols.

## II. EXTRACTING RELEVANT CONTENT DATA, AND IDENTIFYING AND ANALYZING RELEVANT ARTIFACT DATA

    **A.** Vestige will create a Computer Analysis Team whose members will be responsible for the identification and extraction of relevant Content Data from the Forensic Image(s) and for the identification and interpretation of relevant Artifact Data.

        **i.** The names and curriculum vitae of each member of the team will be made available upon request.

    **B.** No Vestige personnel will "browse" the Forensic Image(s), hoping to find relevant Content Data or Artifact Data. One or more members of Vestige will analyze the volume, type, format, file characteristics, and properties of data resident upon the Forensic Images and perform the following analytic functions:

        **i.** explain to the parties any technological characteristics of the data that ought to be considered by the parties so that parties will be able to read, review, redact, produce, and authenticate Available Content;

        **ii.** Recommend, where applicable, processing of some data by third parties;

        **iii.** Recommend defensible search protocols, including predictive coding techniques, to properly reduce the amount of manual review necessary and avoid waiver of privilege;

        **iv.** Apply its expertise to identify in all areas of each Forensic Image, including in-use space (allocated areas), slack space and unused space (unallocated areas), Available Content and/or Relevant Artifacts;

    **C.** The analysis of the Forensic Images will take place at Vestige. Since the Forensic Images can be made in the presence of Defendant's

10

counsel, and subsequently verified via the MD5 (or other appropriate) hash checksum, the presence of Defendant's personal counsel during the analysis of the Forensic Images is unnecessary.

**D.** Vestige will use its computer forensic expertise to assist in the creation of technically feasible protocols or procedures to safeguard against the waiver of privilege due to inadvertent production of documents subject to any claims of privilege, including without limitation: attorney-client and/or work product privilege, and/or spousal privilege.

**E.** Vestige shall report the results of its analysis in the following manner:

    **i.** From time to time, Vestige shall prepare the following types of reports:

        **1.** a Report of Available Content Data,

        **2.** an Abstract of Select Provisions of the Report of Available Content (hereinafter the "Abstract"), and

        **3.** a Report of Relevant Artifact Data.

    **ii.** Available Content Data. The Report of Available Content Data will include a listing of all active and deleted user generated content that is resident on the Forensic Images. The Report of Available Content Data will include appropriate metadata.

    **iii.** Relevant Artifact Data. The Report of Relevant Artifact Data shall include Vestige's opinion and all artifacts related to the manner in which Electronic Devices were used, the state of the data resident upon the Electronic Devices (including certification of completeness of data and integrity of data), and any other relevant computer usage issue.

    **iv.** Vestige shall send the Report of Relevant Artifact Data and the Report of Available Content Data to counsel for Defendant only. No information whatsoever about the Available Content, neither the data itself, nor the reports, shall be communicated to or

11

supplied to Plaintiff, nor to Plaintiff's counsel, nor to any agent, employee, friend, associate, contractor of Plaintiff, prior to the "Turnover" as defined below.

v. If the Defendant or Defendant's counsel determines Vestige should withhold any report information, or Available Content for any reason, Defendant or Defendant's counsel shall identify what information is being withheld with reasonable particularity so that the Court and Plaintiff can determine whether information withheld is for a proper purpose under this Agreement or under the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, Local Rules (ED Mich.) and/or Local Bankruptcy Rules (ED Mich.).

vi. If the Defendant or Defendant's counsel determines Vestige should withhold any report information, or Available Content on the basis of privilege, Defendant shall prepare a privilege log and for each item withheld: (1) identify each item of information, separate document or communication related to the claim of privilege; (2) state the nature of claim of privilege; (3) state all the facts relied on in support of the claim of privilege; and (4) identify the sender and recipient(s) of each document or communication and each person that you have produced, sent, or provided a copy of such document or communication.

This paragraph vi. shall not be construed so as to require Defendant(s) or Defendant's counsel to make any disclosure of any persons to whom he sent information, or received information, even if that information contained information that was also provided to, or received from, his client(s), as such communications are protected as attorney client-work-product, and such further communication of the same information or message(s) does not waive attorney-client privilege.

vii. Within 28 days (4 weeks) of receiving an electronic copy of the Content Report and Artifact Report, Defendant or Defendant's counsel will redact the Content Report and Artifact Report, prepare a log identifying the items in the Report of Available

12

Content Data and the Report of Relevant Artifact Data, that Defendant or Defendant's counsel has redacted and the grounds therefore (privilege, relevance, etc.), and provide a copy of the Redacted Reports to counsel for Plaintiff.

**viii.** Plaintiff shall file his objections to any claim of privilege within 28 days (4 weeks) of the date Defendant provides the privilege log described above.

**ix.** Vestige will provide both parties all nonprivileged files following specifications that each party will provide to Vestige ("Turnover").

**x.** Resolution of any privilege dispute according to this Agreement is not subject to the parties' agreed discovery cut-off deadline.

## III.  CONFIDENTIAL INFORMATION

**A.** Any information contained on Forensic Images that is not reported by Vestige shall be considered Confidential Information and subject to the provisions of this Agreement.

**i.** Any data reported by Vestige that is claimed by Defendant or Defendant's counsel to be subject to privilege shall be treated as Confidential Information.

**ii.** Vestige and its representatives agree not to reveal to, or discuss with, Plaintiff's Counsel any Confidential Information absent a modification of this Agreement or Court Order denying Defendant's assertion of privilege.

**iii.** Vestige agrees to subject itself to the jurisdiction of the Court and the parties agree that Vestige has standing to request Court intervention to protect Vestige's economic, reputation, and/or legal interests in this matter.

**B.** The inadvertent or intentional disclosure by Vestige or any representative of Vestige of Confidential Information shall not be

deemed a waiver in whole or in part of Defendant's claim of confidentiality or protection under this Agreement, either as to specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties, and Defendant's counsel, shall, in any event, upon discovery of inadvertent error, cooperate to restore the confidentiality and protection of the Confidential Information.

**C.** Nothing in this Agreement shall prevent the parties from using relevant, non-confidential information derived from the inspection of any Relevant Electronic Device in connection with the trial, hearings, depositions, motions, memoranda or other proceedings in this action. Nor shall this Agreement prevent the parties from obtaining from Vestige by way of testimony or affidavit, explanations of the process, procedure, or results used or obtained by Vestige.

## IV. PRIVILEGE REVIEW AND PRODUCTION

**A.** As outlined above, Defendant or Defendant's counsel will conduct a privilege review of the relevant Content and Artifact Data prior to producing same to Plaintiff.

**B.** In the event that Defendant or Defendant's Counsel concludes that, due to the volume of relevant Content Data, a privilege review of all relevant Content Data cannot be completed within 28 days, Defendant or Defendant's counsel may request a hearing at which the Court will review the steps taken by Defendant and Defendant's Counsel to review the relevant Content Data, the volume of Content Data subject to review, and the resources of Defendant and Defendant's Counsel.

**C.** Should Defendant or Defendant's Counsel fail to serve a privilege log within the 28 day period or otherwise timely request a hearing as set forth herein, Plaintiff may file a motion with the Court to seek a determination that Defendant has waived any claims of privilege.

## V. RETENTION OF JURISDICTION

**A.** The parties to this Agreement voluntarily agree that the U.S.

14

130229899v2

Bankruptcy Court for the Eastern District of Michigan ("Court") has jurisdiction to address any issues relate to this Agreement and as to any modifications thereto.

**B.** Vestige specifically agrees, by entering into this Agreement, to submit to and grant the Court personal jurisdiction over it, for enforcement of the terms of this Agreement.

**C.** Vestige further agrees that no separate lawsuit or case need be filed or initiated to seek enforcement of this Agreement, and that any such matter may be addressed in the Court, by way of motions or other papers filed in the above caption case(s).

**D.** The parties will sign a Stipulated Order to be submitted to the Court adopting this Agreement as an order of the Court for purposes of enforcement.

[Signatures on the following page]

15

130229899v2

Reviewed, understood, acknowledged, and voluntarily agreed:

**TAFT STETTINIUS & HOLLISTER, LLP**

By: /s/*Jay L. Welford*
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff, Teodor Gelov*

Dated: December 18, 2023

**JOHN R. FOLEY, P.C.**

By: /s/*Patrick A. Foley* (w/permission)
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
313-274-7377
pafoley@jrfpc.net

*Counsel for Defendant, Melinda J. Adducci*

Dated: December 18, 2023

**VESTIGE DIGITAL INVESTIGATIONS**

By:
Greg Kelley
Its: Chief Technology Officer

Dated: December 18, 2023

16

Exhibit D

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

Chapter 7

Joseph G. DuMouchelle and Melinda
J. Adducci,

Case No. 19-54531

Honorable Lisa Gretchko

          Debtors.

_____/

Teodor Gelov,

          Plaintiff,

v.

Melinda J. Adducci,

Adversary Pro. No. 20-04172

          Defendant.

_____/

## PROTECTIVE ORDER GOVERNING IMAGING AND INSPECTION OF DEFENDANT MELINDA ADDUCCI AND FORMER DEFENDANT JOSEPH DUMOUCHELLE'S RELEVANT ELECTRONIC DEVICES AND PROTECTION OF CONFIDENTIAL AND PRIVILEGED INFORMATION AND PRESERVATION OF PRIVILEGE IN THE EVENT OF INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

**THIS MATTER** came before the Court upon stipulation ("Stipulation"; ECF

No. 213) among Teodor Gelov ("Plaintiff") and  Melinda J. Adducci ("Defendant"),

by their respective counsel, and VESTIGE LTD, d/b/a "Vestige Digital

Investigations", of 23 Public Square, Suite 250, Medina, OH 44256 ("Vestige"), by

and though its authorized representative, consenting to the terms of this Order.  The

Stipulation recites that Vestige, by signing the Agreement Regarding Electronic Discovery ("Agreement") attached to the Stipulation, has voluntarily submitted to the jurisdiction of this Court. The Court has reviewed the Stipulation and based thereon, finds cause to enter this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Agreement attached to the Stipulation is adopted by the Court, for purposes of enforcement of the rights and obligations agreed to thereunder.

2. The adoption of the Agreement in this Order shall not be deemed or construed to be a finding of fact by this Court as to any factual statements set forth in the Agreement.

3. This Court shall exercise personal jurisdiction over Vestige for enforcement of the terms of the Agreement.

4. The parties to the Agreement shall all govern themselves according to, and shall comply with, the terms of the Agreement.

Signed on December 21, 2023



/s/ Lisa S. Gretchko

**Lisa S. Gretchko**
**United States Bankruptcy Judge**

Exhibit E

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

|                                          |                            |
|------------------------------------------|----------------------------|
| Joseph G. DuMouchelle and Melinda J. Adducci, | Chapter 7              |
|                                          | Case No. 19-54531          |
|                                          | Honorable Lisa Gretchko    |
| Debtors.                                 |                            |

_____/

Teodor Gelov,

      Plaintiff,

v.

Melinda J. Adducci,

                                    Adversary Pro. No. 20-04172

      Defendant.

_____/

## FURTHER AGREEMENT OF THE PARTIES REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION

DocuSign Envelope ID: A5C490BC-E9B7-4BA2-9238-E6AEFFB7D686

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In the matter of: | |
| JOSEPH G. DUMOUCHELLE, and | Bankruptcy Petition No. 19-54531 |
| MELINDA J. ADDUCCI, | Hon. Lisa S. Gretchko |
| *Debtor(s).* | Chapter 7 |

| | |
|---|---|
| TEODOR GELOV, | Adv. Pro. No. 20-04172 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

| | |
|---|---|
| THOMAS T. RITTER, | Adv. Pro. No. 20-04381 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCI, | |
| *Defendant.* | |

## AGREEMENT REGARDING E-DISCOVERY PROCESS AND TIMELINE

**THIS AGREEMENT** is entered into by and between THOMAS RITTER and TEODOR

GELOV, Plaintiffs each in the two above referenced adversary proceedings ("Plaintiffs") by and

through their counsel, Defendant, MELINDA J. ADDUCCI ("Defendant"), by and through her

counsel, and VESTIGE LTD, d/b/a "Vestige Digital Investigations", of 23 Public Square Suite 250,

Medina, OH 44256 ("Vestige"), by and though its authorized representative. (Plaintiffs, Defendant,

and Vestige are referred to herein collectively as the "Parties"),

**WHEREAS** on or about December 19, 2023, the Parties entered into an AGREEMENT

REGARDING ELECTRONIC DISCOVERY, which was incorporated into Court order in both

cases, on or about the same date;

**WHEREAS**, the parties have agreed to alter/amend/further-define that process, as set forth

herein;

Page 1 of 6

133641596v2

**WHEREAS**, Vestige has generated several Excel spreadsheets ("Reports") identifying what Vestige asserts is available Content and Artifact Data ("Data") on each laptop;

**WHEREAS**, Defendant has reviewed the Reports, marked each line item for assertions of privilege and/or objections, and redacted accordingly;

**WHEREAS**, Vestige and Plaintiffs confirm that Vestige has not shared with Plaintiffs, or Plaintiff's counsel, any of the unredacted information from said Excel spreadsheets, nor any of the Data.

**WHEREAS**, as a result of Defendant's initial privilege review, a very large percentage of the information from the Reports, and the Available Data from each laptop has been redacted and withheld by Defendant, and not turned over by Vestige to Plaintiffs or Plaintiff's counsel;

**WHEREAS**, rather than engage in debate over the redaction and withholding of the massive amount of information contained in the Reports, and the corresponding Data, much of which is likely not relevant to the instant case, the parties have agreed to a different approach going forward;

**NOW THEREFORE**, the parties hereby agree as follows:

1. The Reports and the Data will continue to be held by Vestige and not turned over to Plaintiff or Plaintiff's counsel.

2. **Step 1 – Keywords Agreement**

   a. Plaintiffs' counsel and Defendant's counsel will mutually develop a list of keywords ("Keyword List") that Vestige will use to search the Reports and Data, and generate a list of results ("Results List"), and a count of the results generated for each keyword searched ("Count List").

---

Page 2 of 6

      i.  Plaintiffs' counsel and Defendant's counsel will finalize the initial keyword list by June 17, 2024.

3.  **Step 2 – Vestige Search & Re-Searches**

    a.  Vestige will use the Keyword List to search the Reports and Data, and generate a list of results ("Results List"), and a count of the results generated for each keyword searched ("Count List").

    b.  Vestige will <u>not</u> turn over the Results List or Data to Plaintiff or Plaintiff's counsel at any time before the time listed below, and will not discuss with Plaintiff or Plaintiff's counsel the contents of the Results List or Data results of the search(es).

    c.  Vestige will produce to Plaintiff's counsel and Defendant's counsel the Count List from the first search by Wednesday June 19, 2024.

    d.  Based on the Count List, Plaintiff's counsel and Defendant's counsel may make revisions to the keywords list (multiple times if needed) until a manageable list Results List and Count List has been obtained.

      i.  The parties hope to have Vestige run the final search by Friday June 21, 2024.

    e.  Once the above search process has been completed, Vestige will turn over, to Defendant's counsel only, the Results List of the final search ("Final Results List"), and all of the corresponding files to each result on the Final Results List ("Files")

      i.  The "Files" do not include any files or information from the Data that was not both listed on the Final Results List and provided to Defendant's counsel.

    f.  Vestige will not inform Plaintiff or Plaintiff's counsel about, nor turn over to Plaintiff or Plaintiff's counsel, the Final Results List, nor any of the intervening

Results List, nor any of the Files, or any other files from the computers, except as set forth below.

4.  **Step 3 – Defendants' Review**

    a.  Defendant's counsel will review the Final Results Lists and Files for redaction / objection / privilege assertion on behalf of Melinda Adducci and Joseph DuMouchelle, and will markup and redact the Final Results List in a similar style as was done to the original Reports. ("Response List")

        i.  To the extent that Defendant's counsel determines that any of the Files that are not being withheld (ie: that will be produced to Plaintiff's counsel) require internal redaction, Plaintiff's counsel will redact the contents of said Files themselves. ("Redacted Files")

    b.  Defendant's counsel will produce to Plaintiffs' counsel, by Friday July 12, 2024 (or 21 days after final Results Lists is produced by Vestige to Defendant's counsel), the following:

        i.  the final form of the Response List as redacted by Defendant's counsel

        ii.  any Redacted Files, the production of which, as redacted internally, Defendants are not objecting to; and

        iii.  any other Files to which Defendants do not object to turnover or assert-privilege.

5.  **Step 4 – Plaintiff's Review and Response to Response Lists.**

    a.  Plaintiffs' counsel will have 7 days to review the Response List and Redacted Files produced by Defendant.

---

DocuSign Envelope ID: A5C490BC-E9B7-4BA2-9238-E6AEFFB7D686

b.  Plaintiffs' counsel and Defendants counsel will meet and confer by Friday July 19, 2024 regarding any dispute(s) that Plaintiffs' counsel may have.

6.  **Step 5 – Court Resolution (If Needed)**

    a.  The parties will schedule a status conference with Court on or about Friday, July 26 to resolve any disputes regarding the Response List or the Redacted Files, or the ESI generally.

7.  **Step 6 – Production to Plaintiff.**

    a.  Defendant shall promptly authorize Vestige to produce the following to Plaintiff's counsel, with CC to Defendant's counsel, the following:

        i.  all Files regarding which Defendant has not asserted privileged;

        ii.  all Files regarding which Defendant has not objected;

        iii.  all Files which have been redacted, and to which Defendant does not object to production of, as redacted; and

        iv.  the redacted Response List.

    b.  Vestige will only release Files that are withheld on the grounds of privilege, or that are objected to, that are subject to disagreements between Plaintiff(s) and Defendant upon order of the court directing their production.

8.  **Step 4 - Depositions**

    a.  Defendant's depositions will be scheduled for a Monday in August or September, after the Court has made any necessary rulings, and Plaintiffs have been provided the Response List and non-privileged Files to be produced, including any Redacted Files in lieu of unredacted Files.

---

b. In the event that Defendant's second deposition cannot be completed on the same day, the parties will schedule the next available Monday to finish the time remaining in that deposition.

**TAFT STETTINIUS & HOLLISTER, LLP**

By: _Kim Ross Clayson_
Kimberly Ross Clayson (P69804)
Jay L. Welford (P34471)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff, Teodor Gelov and Plaintiff Thomas T. Ritter*

Dated: _June 26, 2024_

**JOHN R. FOLEY, P.C.**

By: _Patrick Foley_
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
313-274-7377
pafoley@jrfpc.net

*Counsel for Defendant, Melinda J. Adducci*

Dated: _June 26, 2024_

**VESTIGE DIGITAL INVESTIGATIONS**

By: _[signature]_
Greg Kelley
Its: Chief Technology Officer

Dated: _June 26, 2024_

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

Joseph G. DuMouchelle and Melinda
J. Adducci,

            Debtors.

_____/

Teodor Gelov,

            Plaintiff,

v.

Melinda J. Adducci,

            Defendant.

_____/

Chapter 7

Case No. 19-54531

Honorable Lisa Gretchko

Adversary Pro. No. 20-04172

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 26, 2024, I caused to be served a copy of the *Further Agreement Of The Parties Regarding Discovery Of Electronically Stored Information* and this *Certificate of Service* with the Clerk of the Court, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice.

TAFT STETTINIUS & HOLLISTER, LLP

By: /s/Jay L. Welford
Jay L. Welford (P34471)
Kimberly Ross Clayson (P69804)
27777 Franklin, Suite 2500
Southfield, MI 48034
(248) 351-3000
jwelford@taftlaw.com
kclayson@taftlaw.com

*Counsel to Plaintiff, Teodor Gelov*

Dated: June 26, 2024