**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and<br>MELINDA J. ADDUCCI,<br>*Debtor(s).* | Bankruptcy Petition No. 19-54531<br>Hon. Lisa S. Gretchko<br>Chapter 7 |
| TEODOR GELOV,<br>*Plaintiff,*<br>v.<br>MELINDA J. ADDUCCI,<br>*Defendant.* | Adv. Pro. No. 20-04172<br>Hon. Lisa S. Gretchko |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OVERRULING RELEVANCY OBJECTION

**NOW COMES** Defendant, Melinda J. Adducci ("Defendant"), by and through her counsel, Patrick A. Foley, who respectfully requests this Honorable Court to reconsider its ruling overruling Defendant's objections based on relevance to the discovery sought by Plaintiff. Defendant asserts that the ruling does not conform to the requirements of Rule 26(b)(1) of the Federal Rules of Civil Procedure and relevant case law governing discovery in federal courts.

## Introduction

1.      Defendant respectfully moves this Court to reconsider its November 22, 2024, *Order Overruling Defendant's Relevancy Objection to Production of Electronically Stored Information Previously Withheld* (ECF No. 254) ("Order").

2.      Defendant brings this Motion for Reconsideration pursuant to Federal

Rule of Civil Procedure 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024.

3.     Defendant asserts that the Order mandates production of documents far exceeding the scope of permissible discovery under Rule 26(b)(1), as adopted through Bankruptcy Rule 7026.

4.     Defendant further contends that the Plaintiff failed to meet their burden of establishing relevance for the documents sought, particularly for documents outside the relevant time frame or unrelated to the claims at issue. The Court's Order risks setting a precedent for discovery that undermines Rule 26's proportionality and relevance requirements.

## **Statement of Facts**

**Background and Protective Order**

5.     This adversary proceeding arises from Plaintiff's allegations that Defendant made material misrepresentations to induce Plaintiff to extend $1.8 million secured by a promissory note. Plaintiff alleges that the note was backed by fraudulent collateral that Defendant never acquired or sold. (ECF No. 241, Plaintiff's Reply Brief as to Relevance, p. 1-2).

6.     On December 21, 2023, the Court entered a *Protective Order Governing the Imaging and Inspection of Defendant's Electronically Stored Information (ESI)*. This order outlined procedures for protecting sensitive

information and established mechanisms for the parties to challenge relevance and privilege. (ECF No. 254, Protective Order).

**Agreement to Search Terms and Subsequent Refinement**

7. The parties agreed to use search terms to identify *potentially* relevant documents from the Defendant's devices. Plaintiff proposed search terms tailored to the alleged fraudulent collateral and related transactions. These terms were finalized on or about June 18, 2024.

8. In an email dated June 17, 2024, Defendant's counsel explicitly stated that agreeing to search terms did not waive Defendant's right to object to relevance later:

9. Specifically, Defendant's counsel stated:

   a. "Kim, *[w]ithout waiving my objections or rights or privileges with respect to the results of the search*, I have no objection to your search terms listed on the attachment here. (I don't think I really have 'objection' grounds to search terms, provided I maintain my rights.)" (italics added for emphasis) (Exhibit 6A, Email from Defendant's Counsel).

**Plaintiff's Acknowledgment of Refinement Process and Stipulation as to Relevancy Objections**

10. Plaintiff's counsel confirmed the above in the *June 26, 2024 Agreement*

*Regarding E-Discovery Process and Timeline* (ECF No. 226), that the search terms were merely a tool to narrow the dataset and would require further refinement, specifically that the June 26, 2024 Order states:

> **"Step 3 – Defendant's Review ...** a. Defendant's counsel will review the Final Results List and Files *for redaction / objection / privilege assertion* on behalf of Melinda Adducci and Joseph DuMouchelle, and will mark up and redact the Final Results List in a similar style as was done to the original Reports."
> (italics added for emphasis) (ECF No. 226, p. 5)

11.     That is, the June 26, 2024 Agreement, via Plaintiff's signature, directly confirms Defendant's position, i.e. that the search terms are not the basis for relevancy, as Defendant did not waive their right to object on the grounds of relevancy. It would be contrary to the function and language of the June 26, 2024 Agreement, as the whole basis was to find *possibly* relevant documents via the search terms. Therefore, the language in the June 26, 2024 Agreement, which is broad ("objection / privilege assertion") is inclusive of relevancy objections.

12.     Further, the parties' original agreement, the *December 19, 2023 Agreement Regarding Discovery* (ECF No. 213, which was entered by the Court on December 21, 2023 – ECF No. 254), explicitly stated that:

> "*Despite and regardless of the terminology used in this Agreement*, nothing in this Agreement shall be deemed a stipulation by Defendant, or by Joseph DuMouchelle, *to the relevance,* discoverability, admissibility, or right to possession of, or information regarding, any data whatsoever obtained from the Electronic Devices, nor a waiver of any rights of either with respect to the data or the Electronic Devices, including, without limitation any claims of privilege."

(italics added for emphasis) (ECF No. 213, p. 8).

13.     The December 19, 2023 Agreement further states that:

"… Defendant or Defendant's counsel will redact the Content report and Artifact Report, prepare a log identifying the items in the Report of Available Content Data and the Report of Relevant Artifact Data, that Defendant or Defendant's counsel has redacted and the grounds therefore (privilege, *relevance*, etc.), and provide a copy of the Redacted Reports to the counsel for Plaintiff."

(italics added for emphasis) (ECF No. 213 – p. 12).

14.     That is, the two agreements, read together, clearly and explicitly do not waive Defendant's relevancy objections, especially as to the usage of the search words/terms. That is, the search terms were specifically utilized to narrow the scope of electronic documents used by the parties, *not* a stipulation as to the relevancy of the results of the search terms.

**Results of Search Terms**

15.     The search terms applied to Defendant's devices yielded approximately 2,600 potentially responsive documents, as identified by Archer Hill, the third-party discovery vendor. Defendant conducted a metadata review and marked certain documents as irrelevant or privileged. (ECF No. 241, Plaintiff's Reply Brief, p. 2-3). In fact, Plaintiff himself explicitly stated that the 2,600 were only potentially responsive:

"Plaintiff reviewed the metadata spreadsheet containing Defendant's Objections and requests Defendant's production of a total of approximately only 110 of the 2600 *potentially responsive* ESI files."

(italics added for emphasis) (ECF No. 241, p. 2-3).

16.    After reviewing the metadata, Plaintiff identified a narrowed subset of 420 documents (310 in Ritter, 110 in Gelov) for production.

17.    Plaintiff argued in their Brief that "[t]he Search Terms are self-evident as relevant to this proceeding…" (ECF No. 241 – p. 3). Plaintiff made similar arguments at hearing.

18.    However, *by the very language of the parties agreements*, this simply cannot be the case, as both agreements specifically preserve Defendant's right to object on relevancy grounds: "[d]espite and regardless of the terminology used in this Agreement…" (ECF No. 213, p. 8)/ "… Defendant's counsel will review the Final Results List and Files for redaction / objection / privilege assertion…" (ECF No. 226, p. 5).

**Defendant's Relevance Objections**

19.    Defendant objected to producing documents outside the relevant time frame of January 1, 2018, to October 11, 2019. Defendant explained that documents prior to January 1, 2018, and after the bankruptcy filing on October 11, 2019, could not reasonably relate to the claims at issue. (ECF No. 240, Defendant's Brief, p. 5).

20.    Defendant further objected to documents containing irrelevant personal information, such as family photos and unrelated business records. These objections were consistent with the protections outlined in the December 19, 2023 Agreement,

as quoted above, Defendant and her counsel were to "… prepare a log identifying the items in the Report of Available Content Data and the Report of Relevant Artifact Data, that Defendant or Defendant's counsel has redacted and the grounds therefore (privilege, relevance, etc.) …" (ECF No. 213, p.12-13).

21.     That is, by the very clear language of the December 19, 2023 Agreement, the "redaction log" contains not just privileged redactions, *but also relevancy objections*.

**Plaintiff's Motion to Compel and Reply Brief**

22.     Plaintiff's Brief argued for the production of all documents identified by the search terms, arguing that agreeing to search terms established their relevance. (ECF No. 241, p. 3).

23.     Plaintiff claimed that documents created outside the agreed-upon time frame could still be relevant, particularly those predating January 1, 2018, under the grounds that the predating emails could be used "… to determine if Fraudulent Collateral descriptions were lifted from prior auction transactions, as part of the fraud." (ECF No. 241, p. 3) Plaintiff provided no explanation for why post-October 2019 documents were relevant.

**Court's Order Overruling Relevance Objections**

24.     During the hearing on November 15, 2024, following the Court's indication of its inclination to overrule the relevancy objections *en masse*,

Defendant's counsel sought clarification, emphasizing the distinction between the 420 documents and the broader dataset, and that Plaintiff's counsel had argued that that very hearing that they had reviewed the log of relevancy objections, and determined that there only 420 documents between the 2 cases (Ritter and Gelov) that they wanted to see.

25.     Plaintiff's counsel, contrary to the arguments made in their brief (that Plaintiff were only seeking 110 documents in Gelov and 310 documents in Ritter), insisted the ruling should encompass *all* search results. The Court sided with Plaintiff, rejecting Defendant's argument that the search terms required refinement or further justification.

26.     On November 22, 2024, the Court issued the *Order*, overruling Defendant's relevance objections. The *Order* directed Archer Hill to produce all documents withheld solely on relevance grounds, without distinguishing between the 420 narrowed documents and the broader dataset of 2,600 files. (ECF No. 254, p. 2).

27.     Defendant moves for reconsideration of the November 22, 2024

## Legal Standard for Reconsideration

28.     Defendant brings this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9024.

29.     A motion for reconsideration is appropriate when there is: (a) a palpable defect by which the court has been misled, and (b) correction of the defect would result in a different disposition of the case. (E.D. Mich. LBR 9024-1(a)(3)).

30.     Federal Rule of Civil Procedure 26(b)(1) limits discovery to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," taking into account factors such as importance, burden, and benefit. Relevance and proportionality must be rigorously observed to prevent fishing expeditions or overbroad discovery.

## Arguments

### I. Discovery Must Be Narrowly Tailored and Relevant

31.     Discovery under Rule 26 is not a tool for unfettered access to irrelevant information. The Supreme Court in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34 (1984), emphasized the need to balance discovery rights with protection against undue invasion of privacy:

> "It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties."

32.     Here, the documents sought by Plaintiff include all files matching broad search terms, encompassing irrelevant and sensitive private information, including documents outside the relevant time period (prior to January 1, 2018, or after October 11, 2019). (ECF No. 240 – Defendant's Brief re Relevance, p. 31).

33. The Agreement regarding ESI explicitly preserved Defendant's right to object based on relevance, underscoring that the inclusion of search terms did not constitute a stipulation of relevance for all results. (ECF No. 213, p. 8, p. 12-13, ECF No. 226, p. 4).

## II. Plaintiff Anticipated and Agreed to Refine Search Terms

34. Plaintiff's counsel acknowledged that initial search terms were a starting point for narrowing down potentially responsive documents: "*If we get too many hits on particular search terms, we can work to find a way to reduce the results with refined searches before final production to your review platform.*" (Exhibit 6B – June 18, 2024, Email from Plaintiff's Counsel).

35. Despite this agreement, Plaintiff subsequently demanded production of all documents matching the terms, contradicting their prior representations. The Court erred in accepting Plaintiff's broad request without enforcing their agreement to refine results (ECF No. 254).

## III. Defendant Reserved Relevance Objections

36. Defendant explicitly reserved objections to the relevance of the search results. (Exhibit 6A, ECF No. 213, p. 8, p. 12-13, ECF No. 226, p. 4).

37. Courts routinely limit discovery to avoid overreach. See Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007) (courts have discretion to prevent "fishing expeditions" and overbroad discovery).

## IV. Plaintiff Bears the Burden of Demonstrating Relevance

38.    Plaintiff failed to establish relevance for documents requested outside the relevant period or unrelated to the claims of fraud involving material misrepresentations inducing Plaintiff to extend funds. Rule 26(b)(1) mandates that Plaintiff justify the relevancy of such documents.

## V. Narrowing Production to 420 Documents Would Comply with Rule 26

39.    At best, the Court should have limited production to the 420 narrowed documents identified by Plaintiff during the meet-and-confer process.

40.    Requiring production of the entire dataset is disproportionate and violates Rule 26's proportionality principle, given the minimal benefit of the additional documents compared to the substantial burden imposed on Defendant.

## Conclusion and Relief Requested

**WHEREFORE** Defendant respectfully requests that this Honorable Court reconsider its November 15, 2024, Order and grant the following relief:

a.  Grant this motion;

b.  Vacate the Court's November 22, 2024, *Order Overruling Defendant's Relevancy Objection to Production of Electronically Stored Information Previously Withheld*

c.  Sustain Defendant's objections as to relevance for documents outside the agreed-upon time period or unrelated to Plaintiff's claims; or, at

least:

d.  Limit the scope of production to the 420 documents identified during the meet-and-confer process;  and

e.  Require Plaintiff to demonstrate the relevance of any additional documents requested beyond the 420;

f.  Defendant further requests that this Court reaffirm the necessity of narrowly tailored discovery, consistent with Rule 26(b)(1), and vacate any broad order mandating wholesale production of irrelevant documents.

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant Melinda Adducci*

By: /s/ Patrick A. Foley
Patrick A. Foley (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

Dated: December 6, 2024

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bankruptcy Petition No. 19-54531 |
| *Debtor(s).* | Hon. Lisa S. Gretchko |
| | Chapter 7 |
| TEODOR GELOV, | Adv. Pro. No. 20-04172 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

## EXHIBITS

Exhibit 6A: June 17, 2024, Email from Defendant's Counsel Regarding Search Terms

Exhibit 6B: June 18, 2024, Email from Plaintiff's Counsel

# Exhibit 1
# Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, *Debtor(s).* | Bankruptcy Petition No. 19-54531 Hon. Lisa S. Gretchko Chapter 7 |
| TEODOR GELOV, *Plaintiff,* v. MELINDA J. ADDUCCI, *Defendant.* | Adv. Pro. No. 20-04172 Hon. Lisa S. Gretchko |

## <u>ORDER GRANDING DEFENDANT'S MOTION FOR RECONSIDERAITON</u>

**THIS MATTER** having come before the Court upon Defendant's December 6, 2024 *Motion for Reconsideration* ("Motion"); the Court having reviewed the same; and the Court being otherwise duly advised in the premises;

**NOW THEREFORE**;

**IT IS HEREBY ORDERED** as follows:

1.      The Motion is Granted.

2.      The November 22, 2024 *Order Overruling Defendant's Relevancy Objection to Production of Electronically Stored Information Previously Withheld* is hereby vacated.

3.      Defendant's objections as to relevance for documents outside the agreed-upon time period or unrelated to Plaintiff's claims are sustained.

4.     The Court hereby reaffirms the necessity of narrowly tailored discovery, consistent with Rule 26(b)(1), and vacate any broad order mandating wholesale production of irrelevant documents.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Debtor(s).*

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

---

TEODOR GELOV,
                    *Plaintiff,*
v.
MELINDA J. ADDUCCI,
                    *Defendant.*

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

## <u>EXHIBITS</u>

Exhibit 01: June 17, 2024, Email from Defendant's Counsel Regarding Search Terms

Exhibit 02: June 18, 2024, Email from Plaintiff's Counsel

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bankruptcy Petition No. 19-54531 |
| *Debtor(s).* | Hon. Lisa S. Gretchko |
| | Chapter 7 |

| | |
|---|---|
| TEODOR GELOV, | Adv. Pro. No. 20-04172 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| MELINDA J. ADDUCCI, | |
| *Defendant.* | |

## CERTIFICATE OF SERVICE

Patrick A. Foley hereby certifies that on December 6, 2024, a copy of the foregoing *Motion for Reconsideration* were served electronically via the Court's CM/ECF system, which cased the same to be sent to counsel for Plaintiff, via email to the address(es) of record in the CM/ECF system, as:

- Jay L. Welford - jwelford@taftlaw.com
- Kimberly Ross Clayson - kclayson@taftlaw.com

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Dr.
Dearborn, MI 48128
pafoley@jrfpc.net

Dated: December 6, 2024

# Exhibit 2
# Notice & Opportunity
# to Respond

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
    *Debtor(s).*

_____

TEODOR GELOV,
    *Plaintiff,*
v.
MELINDA J. ADDUCCI,
    *Defendant.*
_____

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

### NOTICE OF MOTION AND OPPORTUNITY TO RESPOND

  Defendant, by and through her counsel, John R. Foley, P.C., has filed with the Court a motion for reconsideration.

  **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

  If you do not want the court to grant the Motion or if you want the court to consider your views on the Motion, **within 14 days**, you or your attorney must:

1. File with the court a written response or an answer*, explaining your position at:
   - **United States Bankruptcy Court, 211 W. Fort St., 17th Floor, Detroit, MI 48226.**

  If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. You must mail a copy to:
   - **John R. Foley PC, 18572 W. Outer Drive, Dearborn, MI 48128**
   - **Office of the U.S. Trustee, 211 W. Fort St., Suite 700, Detroit, MI 48226**

  2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and locations of the hearing.

  **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

      Respectfully submitted,
      **JOHN R. FOLEY, P.C.**
      *Attorney for Defendant Melinda Adducci*

      By: /s/ Patrick A. Foley
      Patrick A. Foley (P74323)
      18572 W. Outer Drive
      Dearborn, MI 48128
      Phone: (313) 274-7377
      Fax: (313) 274-5946
Date: December 6, 2024   Email: pafoley@jrfpc.net

*Response or answer must comply with FED. R. CIV. P. 8(b), (c) and (e).

# Exhibit 3
# Brief in Support

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**In the matter of:**

| | |
|---|---|
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | Bankruptcy Petition No. 19-54531 |
| *Debtor(s)* | Hon. Lisa S. Gretchko |
| | Chapter 7 |
| TEODOR GELOV, | Adv. Pro. No. 20-04172 |
| *Plaintiff,* | Hon. Lisa S. Gretchko |
| v. | |
| JOSEPH G. DUMOUCHELLE, and MELINDA J. ADDUCCI, | |
| *Defendant(s)* | |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER OVERRULING RELEVANCY OBJECTION

**NOW COMES** the Defendant MELINDA J. ADDUCCI, by and through their counsel, JOHN R. FOLEY, P.C., and in support of her *Motion for Reconsideration*, hereby states as follows:

1. Defendant relies on the law, rules, facts, and arguments as set forth in the action Motion for Reconsideration, and incorporates the same herein, as though fully set forth herein.

**WHEREFORE** Defendant respectfully requests that this Honorable Court reconsider its November 15, 2024, Order and grant the following relief:

a. Grant this motion;

b. Vacate the Court's November 22, 2024, *Order Overruling Defendant's*

*Relevancy Objection to Production of Electronically Stored Information Previously Withheld*

c.  Sustain Defendant's objections as to relevance for documents outside the agreed-upon time period or unrelated to Plaintiff's claims; or, at least:

d.  Limit the scope of production to the 420 documents identified during the meet-and-confer process;  and

e.  Require Plaintiff to demonstrate the relevance of any additional documents requested beyond the 420;

f.  Defendant further requests that this Court reaffirm the necessity of narrowly tailored discovery, consistent with Rule 26(b)(1), and vacate any broad order mandating wholesale production of irrelevant documents.

<div style="margin-left:40%">

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Melinda Adducci*

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Drive
Dearborn, MI 48128
Phone: (313) 274-7377
Email: pafoley@jrfpc.net

</div>

Date: December 6, 2024

# Exhibit 4
# Proof of Service

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**In the matter of:**

JOSEPH G. DUMOUCHELLE, and
MELINDA J. ADDUCCI,
                    *Debtor(s).*

Bankruptcy Petition No. 19-54531
Hon. Lisa S. Gretchko
Chapter 7

_____

TEODOR GELOV,
                    *Plaintiff,*
v.
MELINDA J. ADDUCCI,
                    *Defendant.*

Adv. Pro. No. 20-04172
Hon. Lisa S. Gretchko

_____

## CERTIFICATE OF SERVICE

Patrick A. Foley hereby certifies that on December 6, 2024, a copy of the foregoing *Motion for Reconsideration* was served electronically via the Court's CM/ECF system, which cased the same to be sent to counsel for Plaintiff, via email to the address(es) of record in the CM/ECF system, as:

- Jay L. Welford - jwelford@taftlaw.com
- Kimberly Ross Clayson - kclayson@taftlaw.com

Respectfully submitted,
**JOHN R. FOLEY, P.C.**
*Counsel for Defendant*

By: /s/ Patrick A. Foley
Patrick A. Foley, Esq. (P74323)
18572 W. Outer Dr.
Dearborn, MI 48128
pafoley@jrfpc.net

Dated: December 6, 2024

# Exhibit 5
# Affidavits

## *(None by Defendant)*

# Exhibit 6
# Documentary Exhibits

# Exhibit 6a

| | |
|---|---|
| **From:** | Patrick Foley |
| **Sent:** | Monday, June 17, 2024 4:12 PM |
| **To:** | Clayson, Kim Ross; Welford, Jay |
| **Cc:** | Clint Westbrook; Tessa Muir; Olivia Taylor; Ryan Glavin |
| **Subject:** | RE: ESI Search Terms |
| **Attachments:** | Ritter Gelov Search Terms.docx-133387920-v2.docx |

Kim,

Without waiving my objections or rights or privileges with respect to the results of the search, I have no objection to your search terms listed on the attachment here. (I don't think I really have 'objection' grounds to search terms, provided I maintain my rights.)

Please let me know with respect to the timeline on getting the stipulation/agreement that I just sent back to you, signed.

Thanks.

Sincerely,
Patrick A. Foley
*Attorney*
JOHN R. FOLEY, P.C.
18572 W. Outer Dr.
Dearborn, MI 48128
Phone: (313) 274-7377
Fax: (313) 274-5946
Email: pafoley@jrfpc.net

# Exhibit 6b

| | |
|---|---|
| **From:** | Clayson, Kim Ross <kclayson@taftlaw.com> |
| **Sent:** | Tuesday, June 18, 2024 4:48 PM |
| **To:** | Greg Kelley |
| **Cc:** | Patrick Foley; Welford, Jay; Norton, Julie |
| **Subject:** | Gelov/DuMouchelle Search Terms |
| **Attachments:** | GELOV List of Laptop Search Terms-Proposed Final.xlsx-133555343-v1.xlsx; Defendant's Laptop Search Terms.xlsx-133551866-v1.xlsx |

Hi Greg,

Please find attached search terms the GELOV list contains two lists one for Ritter and one for Gelov the search results need to be separated by each list and we also need a folder for each laptop for Gelov and Ritter . The second attachment is Patrick Foley's search terms, these need to be searched after results documents are promoted to your document review system in order to distill a list of privilege review documents for him. As previously communicated and agreed, the results need to go Patrick first and then following his authorization to Vestige that Vestige can release the documents results to us subject to withholding documents based on any assertions of privilege and redactions, they can then be released to us. If we get too many hits on particular search terms, we can work to find a way to reduce the results with refined searches before final production to your review platform.

Can you let us know if you can get the first run done before analyzing for hit counts this week?

Meanwhile, Patrick and I have been working toward entering an amended agreement covering this next phase of discovery that Patrick will want you to sign as well. That will be circulated as soon as it is finalized. The court wants to see a timeline from us for this next phase and it has been worked into this new agreement.

Thank you,

Kim



**Kimberly Ross Clayson**
Senior Counsel
she/her/hers
kclayson@taftlaw.com
Dir: 248.727.1635
Tel: 248.351.3000
27777 Franklin Rd
Suite 2500
Southfield, Michigan 48034

**Taft Bio**
**Download vCard**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.